Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:     (916) 443-6911
Facsimile:     (916) 447-8336
E-Mail:        mark@markmerin.com
               paul@markmerin.com

Attorneys for Plaintiffs
ESTATE OF XANDER MANN,
AMY PICKERING, and JUSTIN MANN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| ESTATE OF XANDER MANN, AMY PICKERING, and JUSTIN MANN, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, GERARDO ZAZUETA, and DOE 1 to 20, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS** <br><br> **DEMAND FOR JURY TRIAL** |

## **INTRODUCTION**

This action arises from the officer-involved shooting of 16-year-old XANDER MANN by Deputy GERARDO ZAZUETA, who recklessly fired gunshots into a vehicle filled with teenagers, striking three persons and killing XANDER MANN. Deputy GERARDO ZAZUETA is and was employed by the COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and Sheriff JEFF DIRKSE, who immediately came to the defense of Deputy GERARDO ZAZUETA and attempted to influence the public's perception of the shooting in favor of law enforcement by releasing incomplete and misleading circumstances of the shooting, and downplaying or ignoring the several violations of policy committed by Deputy GERARDO ZAZUETA during the course of the incident.

1

## JURISDICTION & VENUE

1.      This Court has original jurisdiction of the federal claims under 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367.

2.      Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3.      Intradistrict venue is proper in the Fresno Division of the Eastern District of California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Stanislaus, California.

## EXHAUSTION

4.      ESTATE OF XANDER MANN, AMY PICKERING, and JUSTIN MANN submitted government claims to COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT concerning the claims alleged in this action on June 4, 2021, pursuant to Cal. Gov. Code § 910 *et seq*. COUNTY OF STANISLAUS mailed notices of rejection of the government claims on July 15, 2021, pursuant to Cal. Gov. Code § 913.

## PARTIES

5.      Plaintiff ESTATE OF XANDER MANN appears by and through real-parties-in-interest Plaintiff AMY PICKERING, the mother of XANDER MANN, and Plaintiff JUSTIN MANN, the father of XANDER MANN, who bring this action pursuant to Cal. Code Civ. Proc. § 377.30. Plaintiffs AMY PICKERING and JUSTIN MANN bring this action as successors-in-interest on behalf of the decedent XANDER MANN. Plaintiffs AMY PICKERING and JUSTIN MANN's declarations regarding their status as XANDER MANN's successors-in-interest are attached, pursuant to Cal. Code Civ. Proc. § 377.32.

6.      Plaintiff AMY PICKERING is a resident of the County of Stanislaus, California. Plaintiff AMY PICKERING brings this action: (a) in her representative capacity, as a successor-in-interest on

2

behalf of the decedent XANDER MANN; and (b) in her individual capacity, on behalf of herself.

7.      Plaintiff JUSTIN MANN is a resident of the County of Lassen, California. Plaintiff JUSTIN MANN brings this action: (a) in his representative capacity, as a successor-in-interest on behalf of the decedent XANDER MANN; and (b) in his individual capacity, on behalf of himself.

8.      Defendant COUNTY OF STANISLAUS is a "public entity" within the definition of Cal. Gov. Code § 811.2. Defendant COUNTY OF STANISLAUS is located in the County of Stanislaus, California.

9.      Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT is a "public entity" within the definition of Cal. Gov. Code § 811.2. Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT is located in the County of Stanislaus, California.

10.      Defendant JEFF DIRKSE is, and at all times material herein was, a law enforcement officer and the Sheriff of Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT, acting within the scope of that employment. Defendant JEFF DIRKSE is sued in his individual capacity.

11.      Defendant GERARDO ZAZUETA is, at all times material herein was, a law enforcement officer employed by Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT, acting within the scope of that employment. Defendant GERARDO ZAZUETA is sued in his individual capacity.

12.      Defendants DOE 1 to 20 are and/or were agents or employees of Defendants COUNTY OF STANISLAUS and/or STANISLAUS COUNTY SHERIFF'S DEPARTMENT, acting within the scope of that employment and under color of state law. Defendants DOE 1 to 20's true and correct names and identities are not currently known. Defendants DOE 1 to 20 are sued by their fictitious names and their true and correct names and identities will be substituted when ascertained.

## GENERAL ALLEGATIONS

13.      At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

### The Vehicle Pursuit and PIT Maneuvers

14.      On May 18, 2021, around 2:00 a.m., 16-year-old XANDER MANN was driving his

3

vehicle, in which his friends were passengers, including 14-year-old V.K. in the front passenger seat; 18-year-old Rhiannon Taylor in the rear passenger seat behind the driver-seat; 15-year-old L.V. in the rear-center passenger seat; and 17-year-old H.D. in the rear passenger seat behind the front-seat passenger.

15.     The vehicle driven by XANDER MANN was pulled-over near North Carpenter Road and Torrid Avenue in Modesto, California, by a Stanislaus County Sheriff's Department patrol vehicle driven by Deputy Jesse Tovar and occupied by Deputy Brandon Stanley, a field training officer.

16.     XANDER MANN was pulled-over by Deputy Jesse Tovar for a minor traffic offense.

17.     Deputy Jesse Tovar approached the driver-side of XANDER MANN's vehicle and observed that the vehicle was occupied by five teenage persons.

18.     Deputy Jesse Tovar commanded XANDER MANN to roll-down his window.

19.     XANDER MANN rolled the driver-side window half-way down.

20.     Deputy Jesse Tovar commanded XANDER MANN to turn off his vehicle's engine.

21.     XANDER MANN drove his vehicle away from the scene of the traffic stop, instead of complying with Deputy Jesse Tovar's direction.

22.     Deputy Jesse Tovar returned to his patrol vehicle, reported that a suspect's vehicle had fled, and initiated a dangerous vehicle pursuit.

23.     The vehicle pursuit lasted approximately 20 minutes and the vehicle driven by XANDER MANN was pursued for approximately 15 miles by Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT's personnel in patrol vehicles.

24.     Defendant STANSILAUS COUNTY SHERIFF'S DEPARTMENT's personnel, including Defendant DOE 1 to 10, utilized Pursuit Intervention Technique ("PIT") maneuvers against the vehicle driven by XANDER MANN on at least two occasions.

25.     Defendants DOE 1 to 10 utilized the PIT maneuvers, with knowledge that the vehicle being pursued was filled with teenagers.

26.     Defendants DOE 1 to 10's utilization of PIT maneuvers against the vehicle driven by XANDER MANN was inconsistent with California Peace Officer Standards and Training ("POST") domains and violated Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT's policies, including Policy 314 ("Vehicle Pursuits") and Policy 314.7 ("Pursuit Intervention").

4

27. On the second occasion that Defendants DOE 1 to 10 utilized a PIT maneuver against the vehicle driven by XANDER MANN, the vehicle spun-out near Finch Road and McClure Road in an unincorporated area located in the County of Stanislaus, California.

28. Deputy Jesse Tovar expressed his concern, while witnessing the policy-violating PIT maneuver. Deputy Jesse Tovar recognized that Defendant DOE 1 to 10's utilization of the PIT maneuver placed fellow deputies and the teenage passengers at risk, when he stated: "Watch out! Watch out! Watch out for your partner! Watch out for your partner! There's kids in there!"

29. XANDER MANN drove his vehicle in reverse and came to stop on a curb, after the spin-out caused by Defendants DOE 1 to 10's utilization of the second PIT maneuver.

**The Officer-Involved Shooting**

30. XANDER MANN and his fellow teenage passengers agreed that it was time for the vehicle pursuit to end and for XANDER MANN to surrender.

31. XANDER MANN slowly moved his vehicle forward from the curb.

32. Defendants DOE 1 to 10 moved their patrol vehicles around XANDER MANN's vehicle, in an attempt to "box-in" XANDER MANN's vehicle.

33. Defendants DOE 1 to 10 parked their vehicles in such a manner that it forced XANDER MANN to maneuver the direction of his vehicle away from patrol vehicles, in order to avoid colliding with patrol vehicles.

34. XANDER MANN drove his vehicle slowly forward, between a gap created by two patrol vehicles, and reached for the key to ignition to turn his vehicle's engine off.

35. XANDER MANN drove his vehicle away from any patrol vehicles, in order to avoid a collision.

36. Defendant GERARDO ZAZUETA, a field training officer, brought his patrol vehicle to a stop while facing the vehicle driven by XANDER MANN.

37. Defendant GERARDO ZAZUETA failed to activate his body-worn camera at any time during his pursuit of the vehicle driven by XANDER MANN or thereafter, even with several opportunities to do so.

38. Defendant GERARDO ZAZUETA's failure to activate his body-worn camera violated

5

1   Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT's policies, including Policy 445

2   ("Body Worn Camera Policy").

3        39.    XANDER MANN's vehicle moved slowly in the opposite direction passed the patrol

4   vehicle stopped by Defendant GERARDO ZAZUETA.

5        40.    Defendant GERARDO ZAZUETA quickly exited his patrol vehicle on the driver-side,

6   drew his pistol, and pointed it at the vehicle driven by XANDER MANN, as it slowly moved passed

7   Defendant GERARDO ZAZUETA and his patrol vehicle.

8        41.    Defendant GERARDO ZAZUETA was never in the path of the vehicle driven by

9   XANDER MANN and was never in danger of being struck by the vehicle.

10        42.    XANDER MANN never drove his vehicle in a manner that posed a threat to Defendant

11   GERARDO ZAZUETA or to anyone else, when XANDER MANN slowly moved the vehicle forward

12   while attempting to remove the key from the vehicle's ignition.

13        43.    Defendant GERARDO ZAZUETA approached the driver-side of the vehicle driven by

14   XANDER MANN and fired his pistol at least three times through the vehicle's driver-side window and

15   into the passenger compartment occupied by XANDER MANN, V.K., Rhiannon Taylor, L.V., and H.D.

16        44.    Defendant GERARDO ZAZUETA's gunshots struck three passengers in the vehicle.

17        45.    Defendant GERARDO ZAZUETA shot XANDER MANN on the left side of his head,

18   causing an injury that left XANDER MANN braindead.

19        46.    One of Defendant GERARDO ZAZUETA's shots grazed V.K.'s neck.

20        47.    Another one of Defendant GERARDO ZAZUETA's shots grazed H.D.'s head.

21        48.    One of Defendant GERARDO ZAZUETA's shots narrowly missed L.V., where she

22   ducked-down and avoided being struck by a bullet.

23        49.    Defendant GERARDO ZAZUETA's discharge of his pistol was inconsistent with

24   California POST domains and violated Defendant STANSILAUS COUNTY SHERIFF'S

25   DEPARTMENT's policies, including Policy 300 ("Use of Force"), Policy 300.4.1 ("Shooting At or

26   From Moving Vehicles"), and Policy 314.7.3 ("Use of Firearms").

27        50.    XANDER MANN immediately lost consciousness, after Defendant GERARDO

28   ZAZUETA shot him in the head.

6

51.     XANDER MANN's body fell, limp in the driver-seat of the vehicle, and his foot depressed the vehicle's accelerator.

52.     The vehicle rapidly accelerated forward several yards, arcing to the left, before crashing head-on into a utility pole.

**The Post-Shooting Arrests**

53.     Defendants GERARDO ZAZUETA and DOE 1 to 10 approached the crashed vehicle with guns drawn and pointed at XANDER MANN, V.K., Rhiannon Taylor, L.V., and H.D.

54.     Defendants GERARDO ZAZUETA and DOE 1 to 10 commanded that the crashed vehicle's passengers put their hands up.

55.     XANDER MANN had clearly suffered a catastrophic gunshot wound to his head and was unconscious and unable to comply.

56.     Defendants GERARDO ZAZUETA and DOE 1 to 10 opened the driver-side door of the crashed vehicle, grabbed hold of XANDER MANN's left arm, and dragged his limp body from the vehicle.

57.     Defendants GERARDO ZAZUETA and DOE 1 to 10 dropped XANDER MANN's body head-first onto the ground.

58.     XANDER MANN was later transported to a hospital, where he was pronounced braindead. XANDER MANN was removed from life-support days later, after his organs were harvested for donation.

59.     V.K., Rhiannon Taylor, L.V., and H.D. were detained by Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT's personnel, without cause.

60.     V.K., Rhiannon Taylor, L.V., and H.D. were subject to interrogation by Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT's personnel.

61.     V.K. was bleeding and required medical care for the gunshot-graze wound on her neck.

62.     Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT's personnel refused to provide V.K. with medical care and accused her of lying about the cause of her wound.

63.     V.K. was forced to obtain medical treatment on her own, after Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT's personnel interrogated and released her from custody.

64.     H.D. required approximately 48 stitches/staples to close the gash created by the gunshot wound he sustained on his head.

**The Sheriff's Department's "Critical Incident Video"**

65.     On May 29, 2021, Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and JEFF DIRKSE published a highly edited "Critical Incident Video" concerning the officer-involved death of XANDER MANN. (<https://youtu.be/J__3KqnjffU>.)

66.     Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and JEFF DIRKSE were obligated to release video footage of the officer-involved shooting, pursuant to Cal. Pen. Code § 832.7(b).

67.     Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and JEFF DIRKSE did not release video footage of the shooting because Defendant GERARDO ZAZUETA failed to activate his body-worn camera, in violation of Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT's Policy 445 ("Body Worn Camera Policy").

68.     Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and JEFF DIRKSE's "Critical Incident Video" presentation provided incomplete and false information concerning the killing of XANDER MANN. For example:

a.     Defendant JEFF DIRKSE stated: "Shortly after the first PIT maneuver was attempted, Mann drove his vehicle directly towards one of the deputies. The deputy was able to conduct a rapid evasive maneuver and was narrowly missed." Defendant JEFF DIRKSE provided no information or footage to corroborate these false accusations.

b.     Defendant JEFF DIRKSE stated: "The car hit a curb and then immediately accelerated forward, towards field training officer Zazueta, who had just exited his patrol car. Deputy Zazueta discharged his firearm, striking the driver." Defendant JEFF DIRKSE provided no information or footage to corroborate these false accusations, and omitted that Defendant GERARDO ZAZUETA's gunfire struck two additional passengers in the vehicle, V.K. and H.D., in addition to the driver, XANDER MANN.

c.     Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and JEFF DIRKSE "Critical Incident Video" narrated: "During the video, FTO Stanley

8

can be heard saying 'shots fired' as the driver of the car sped forward narrowly missing Deputy Zazueta who was outside of his patrol car. [¶] Deputy Zazueta discharged his service weapon." Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and JEFF DIRKSE provided no information or footage to corroborate these false accusations.

       d.     Defendant JEFF DIRKSE stated: "As Deputy Zazueta exited his patrol car, he was immediately confronted with a vehicle driving directly towards him. Deputy Zazueta had no time nor place to retreat." Defendant JEFF DIRKSE provided no information or footage to corroborate these false accusations.

       e.     Defendant JEFF DIRKSE stated: "Due to the rapid nature of how this critical incident unfolded, Deputy Zazueta did not activate his body-worn camera." Defendant JEFF DIRKSE provided no information to corroborate these false accusations.

## POLICY AND CUSTOM ALLEGATIONS

69.    Defendant JEFF DIRKSE is and was a final policymaking authority for Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT, at all times material herein. *See* Cal. Const., art. XI, § 1(b); Cal. Gov. Code § 26600; <http://www.stancounty.com/ceo/pdf/orgchart.pdf>; Stanislaus County Sheriff's Department's Policy 200 ("Organizational Structure and Responsibility"), <https://www.scsdonline.com/admin-forms.html?download=76:department-policy>. Defendant JEFF DIRKSE has been employed by Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT as a law enforcement officers since 2007, as a sergeant since 2013, as a lieutenant since 2015, and as sheriff-coroner since January 2019.

70.    Defendants DOE 11 to 20 are/were final policymaking authorities for Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT, based on a delegation of authority from Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and/or JEFF DIRKSE.

### Excessive Force

71.    Defendants GERARDO ZAZUETA and DOE 1 to 10's use of unreasonable and excessive force against XANDER MANN, V.K., Rhiannon Taylor, L.V., and H.D. resulted from the existence of a

9

policy or custom maintained by Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, and DOE 11 to 20; namely, a policy or custom of action or inaction Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, and DOE 11 to 20 knowingly participated in, acquiesced to, and/or were deliberately indifferent to, to wit, the creation and maintenance of a culture permitting or encouraging personnel's use of unreasonable and excessive force, including:

  a. Use of deadly force against non-threatening persons;

  b. Providing inadequate training with respect to the use of force;

  c. Employing and retaining and inadequately supervising, training, controlling, assigning, and disciplining personnel, such as Defendants GERARDO ZAZUETA and DOE 1 to 10, who Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, and DOE 11 to 20 knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

  d. Maintaining inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by personnel;

  e. Failing adequately to discipline personnel, including imposing discipline that is disproportional to the magnitude of the misconduct and fails to discourage future misconduct or is tantamount to encouraging misconduct—*e.g.*, "slaps on the wrist."

  f. Announcing that unjustified uses of force are "within policy," including incidents that were later determined in court or implied through settlement to be non-compliant with policy or unlawful;

  g. Refusing to discipline, terminate, or retrain personnel, where uses of force are determined in court or implied through settlement to be non-compliant with policy or unlawful;

  h. Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which personnel do not report errors, misconduct, or crimes and, if questioned about an incident of misconduct involving another officer, claim ignorance of misconduct; and

  i. Maintaining a policy of inaction and an attitude of indifference towards ongoing

10

law enforcement use of force incidents, including by failing to discipline, retrain, investigate, terminate, and recommend personnel for criminal prosecution who participate in unlawful uses of force.

72.     Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, and DOE 11 to 20's insufficient training, supervision, or control of their personnel, including Defendants GERARDO ZAZUETA and DOE 1 to 10, was a moving force behind and contributed to the use of unreasonable and excessive force against XANDER MANN, V.K., Rhiannon Taylor, L.V., and H.D., resulting in injuries. Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, and DOE 11 to 20 knew or should have known that personnel under their command, including Defendants GERARDO ZAZUETA and DOE 1 to 10, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy or custom, or the result of the lack of policy.

73.     Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, and DOE 11 to 20's policy or custom permitting unreasonable and excessive force is demonstrated by the conduct of Defendants GERARDO ZAZUETA and DOE 1 to 10 against XANDER MANN, V.K., Rhiannon Taylor, L.V., and H.D. which gives rise to this action, including:

a.     Defendants GERARDO ZAZUETA and DOE 1 to 10's conduct consisting of multiple harms committed by multiple officers during a single incident, including utilization of PIT maneuvers, the officer-involved shooting of three persons, and the post-shooting incidents, including excessive force, false arrest, interrogation, and failure to provide medical care.

b.     Defendants GERARDO ZAZUETA and DOE 1 to 10's violation of multiple California POST domains and Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT's policies, including Policy 300 ("Use of Force"), Policy 300.4.1 ("Shooting At or From Moving Vehicles"), Policy 314 ("Vehicle Pursuits"), Policy 314.7 ("Pursuit Intervention"), Policy 314.7.3 ("Use of Firearms"), and Policy 445 ("Body Worn Camera Policy").

c.     Defendants GERARDO ZAZUETA and DOE 1 to 10's open and cavalier misconduct occurring in a public place, without concern that the conduct could be observed by others.

d.     Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S

11

1  DEPARTMENT, JEFF DIRKSE, and DOE 11 to 20's subsequent acceptance of Defendants GERARDO

2  ZAZUETA and DOE 1 to 10's dangerous recklessness, implying the existence of a preexisting policy or

3  custom.

4      74.      Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S

5  DEPARTMENT, JEFF DIRKSE, and DOE 11 to 20's policy or custom is further demonstrated by

6  numerous other incidents where excessive force was utilized by their personnel. For example:

7          a.      On February 26, 2017, Evin Olsen Yadegar was killed in an officer-involved

8  shooting by Stanislaus County Sheriff's Department's Deputy Justin Wall. Ms. Yadegar led police on

9  vehicle pursuit from Salida to Ripon before stopping her vehicle. Ms. Yadegar's vehicle was surrounded

10  by officers from the Stanislaus County Sheriff's Department and Ripon Police Department. Ms. Yadegar

11  backed-up the vehicle, and then accelerated her vehicle forward. Ms. Yadegar's acceleration of the

12  vehicle forward caused several officers and deputies to step back. Deputy Wall stepped forward, towards

13  Ms. Yadegar's vehicle, and fired his pistol four times into the driver-side window of Ms. Yadegar's

14  vehicle. Deputy Wall struck Ms. Yadegar with his gunshots, causing Ms. Yadegar to lose consciousness

15  and to depress her vehicle's accelerator. Ms. Yadegar's vehicle crashed into a nearby residence. Ms.

16  Yadegar was removed from the vehicle and transported to a hospital where she was pronounced dead. A

17  civil rights lawsuit was filed. (*Yadegar v. County of Stanislaus*, Superior Court of California, San Joaquin

18  County, Case No. STK-CV-UNPI-2017-0011432.) The case was settled by the County of Stanislaus

19  before trial for $7,000,000.

20          b.      On November 5, 2017, Alex Barbour was severely injured in an officer-involved

21  shooting by Stanislaus County Sheriff's Department's Deputy Christopher Hendee. Mr. Barbour left his

22  home, after a disturbance at the home had been reported to law enforcement. Mr. Barbour sat in his

23  vehicle, a short distance from his home. Mr. Barbour began to exit his vehicle, in order to speak with the

24  arriving deputies. Mr. Barbour was unarmed and non-threatening. Deputy Hendee fired a gunshot at Mr.

25  Barbour, striking him in the chest, without warning or justification. Deputy Hendee's missed Mr.

26  Barbour's heart by inches and broke two ribs. A civil rights lawsuit was filed. (*Barbour v. County of

27  Stanislaus*, U.S. District Court, Eastern District of California, Case No. 1:18-cv-01702-DAD-EPG.) The

28  case was settled by the County of Stanislaus before trial.

c.      On November 10, 2017, an unsheltered man was beaten in an officer-involved incident by Stanislaus County Sheriff's Department's Deputy Taylor Knight. The man was reportedly intoxicated, acting bizarrely, and running into traffic, when deputies were dispatched to his location. Several law enforcement officers from the Stanislaus County Sheriff's Department and Modesto Police Department were present. The officers worked to secure the man's hands behind his back. Deputy Knight punched the man in the back and head at least eight times during the struggle. None of the other officers present intervened or prevented Deputy Knight from continuing to beat the defenseless man. The Stanislaus County Sheriff's Department only began to investigate the incident when a video of the beating was posted on YouTube two days after the incident. *See* The Modesto Bee, *Stanislaus County deputy recorded hitting suspect. Now he's under investigation.* (Nov. 16, 2017) <https://www.modbee.com/news/local/crime/article185122188.html>.

d.      On March 4, 2018, 17-year-old Jedidiah Morelos was severely injured in an officer-involved incident by Stanislaus County Sheriff's Department's Deputies Chad Lewis, Brent Slayer, and Derek Crowley. Mr. Morelos became distressed in his home after ingesting a psychedelic drug. Deputies Lewis, Slayer, and Crowley were dispatched to the scene. Mr. Morelos was confronted in his bedroom, where he held a pencil to his chest and threatening to stab himself. Deputies Salyer and Lewis deployed pepper spray and Deputy Crowley fired a beanbag gun at Mr. Morelos six times. Deputies Lewis, Slayer, and Crowley then beat Mr. Morelos with batons after he emerged from his bedroom, causing Mr. Morelos to retreat back into his bedroom. The deputies eventually left the home and ordered on-scene emergency medical personnel to leave, forcing Mr. Morelos' parents to rush Mr. Morelos to the hospital for medical treatment caused by the injuries. A civil rights lawsuit was filed. (*Morelos v. County of Stanislaus*, U.S. District Court, Eastern District of California, Case No. 1:18-cv-01034-DAD-SAB.) The case was settled by the County of Stanislaus before trial for $237,500.

e.      On May 5, 2018, Alejandro Sanchez was killed in an officer-involved incident by Stanislaus County Sheriff's Department's Deputies Shane Rohn, Bret Babbitt, Eugene Day, Justin Camara, Joseph Knittel, Zebedee Poust, and Hector Longoria. Mr. Sanchez waved-down deputies in a truck stop parking lot to report a theft. The deputies recognized that Mr. Sanchez exhibited symptoms of mental illness and decided to detain him on a mental health hold. The deputies tackled Mr. Sanchez to

13

the ground in a prone (face and chest down) position and pressed their body-weight, estimated to be between 550-to-600 pounds, onto Mr. Sanchez for approximately 10 minutes. Mr. Sanchez cried out that the deputies were killing him and displayed signs of respiratory distressing, including frothing at the mouth. The deputies applied to handcuffs to Mr. Sanchez's arms and applied a broken "WRAP" restraint device to Mr. Sanchez's body in a makeshift, non-approved manner—despite access to a non-broken, functioning version of the same device. Mr. Sanchez became non-responsive with the deputies on top of him. The supervisor on scene called-off an ambulance which was en route and ordered deputies to transport Mr. Sanchez to the hospital. Mr. Sanchez was pronounced dead on arrival at the hospital. A civil rights lawsuit was filed. (*Estate of Sanchez v. County of Stanislaus*, U.S. District Court, Eastern District of California, Case No. 1:18-cv-00977-DAD-BAM.) The case remains pending.

f.      On May 29, 2018, Armando Osuna was killed in an officer-involved shooting by Stanislaus County Sheriff's Department's Deputies Brandon Silva and Randon Kirkbride. Mr. Osuna had gone to property from which he and his wife had been evicted to collect his belongings. The landlord called law enforcement to remove Mr. Osuna from the property. Deputies Silva and Kirkbride located Mr. Osuna outside of the property. Deputies Silva and Kirkbride confronted Mr. Osuna and forced an encounter where Mr. Osuna was shot and, after being transported to a hospital, subsequently died. A civil rights lawsuit was filed. (*Estate of Osuna v. County of Stanislaus*, U.S. District Court, Eastern District of California, Case No. 1:18-cv-01240-DAD-SAB.) The case was settled by the County of Stanislaus before trial.

g.      On September 27, 2018, Ricardo Vasquez and his seven-year-old son, J.V., were injured in an officer-involved incident by Stanislaus County Sheriff's Department's Deputy Chad Lewis and other deputies. Mr. Vasquez was pulled-over by Deputy Lewis, en route to his minor son's football practice. Deputy Lewis pointed a large rifle at Mr. Vasquez and J.V. Several more deputies arrived at the scene and also pointed large rifles, including an AR-15, at Mr. Vasquez and his son. Mr. Vasquez complied with commands to exit his vehicle and was immediately grabbed, slammed headfirst to the ground, and arrested for failing to stop at a stop sign and resisting arrest. The district attorney declined to file charges against Mr. Vasquez. A civil rights lawsuit was filed. (*Vasquez v. County of Stanislaus*, E.D. Cal. Case No. 1:19-cv-01610-AWI-SAB.) The case was settled by the County of Stanislaus before trial

14

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Mann v. County of Stanislaus*, United States District Court, Eastern District of California, Case No. _____

1    for $50,000.

2            h.      On December 30, 2018, Andrew Haro was severely injured in an officer-involved

3 shooting by Stanislaus County Sheriff's Department's deputies. Mr. Haro was experiencing an episode of

4 mental illness when he barricaded himself in a bedroom in his grandmother's house and threatened to kill

5 himself. Deputies were dispatched to the scene, immediately broke into the bedroom, and shot Mr. Haro

6 six times in the abdomen, arm, and leg, while he was lying down. A civil rights lawsuit was filed. (*Haro*

7 *v. County of Stanislaus*, U.S. District Court, Eastern District of California, Case No. 1:20-cv-00095-

8 NONE-EPG.) The case was settled, before trial.

9            i.      On February 2, 2019, Donnie Woodral was severely injured in an officer-involved

10 incident by Stanislaus County Sheriff's Department's Deputy Nathan Crain. Mr. Woodral was pulled-

11 over by a patrol vehicle driven by Deputy Crain. Mr. Woodral exited his vehicle and ran into a nearby

12 almond orchard, because he has experienced prior encounters with abusive Stanislaus County Sheriff's

13 Department deputies. Deputy Crain released his canine and commanded the dog to attack Mr. Woodral,

14 who was unarmed and non-threatening. The canine attacked Mr. Woodral and continued to do so, even

15 after Mr. Woodral has surrendered. Deputy Crain permitted the canine to bite-off and sever Mr.

16 Woodral's thumb. A civil rights lawsuit was filed. (*Woodral v. County of Stanislaus*, U.S. District Court,

17 Eastern District of California, Case No. 1:20-cv-00372-NONE-BAM.) The case remains pending.

18            j.      On July 16, 2019, Rudy Santillan was killed in an officer-involved incident by

19 Stanislaus County Sheriff's Department's Deputies Danny Anderson, Miguel Garcia, Eric Torres, Dustin

20 Willey, Alberto Navarro, Eric Garcia, Benjamin Carnes, Barry Balance, Morin Yom, Colton Hughes, and

21 Robert Domingos. Mr. Santillan was displaying signs of mental illness, when deputies located him in a

22 vacant lot. Mr. Santillan attempted to run from deputies but was tased, knocked to the ground, and

23 subdued. The deputies used their body weight to hold Mr. Santillan down on the ground in a prone (face

24 and chest down) position for a significant period of time. Mr. Santillan was bitten by a police canine

25 while being held to the ground by the deputies. Mr. Santillan became unresponsive with the deputies on

26 top of him and subsequently died. A civil rights lawsuit was filed. (*R.S. v. County of Stanislaus*, U.S.

27 District Court, Eastern District of California, Case No. 1:20-cv-01170-DAD-SKO.) The case remains

28 pending.

k.      On September 27, 2020, Eloy Gonzalez Jr. was killed in an officer-involved incident by Stanislaus County Sheriff's Department's Deputies Chad Lewis and Brandon Silva. Mr. Gonzalez, an unsheltered person, was confronted by deputies in some bushes outside of a building in an industrial area. Mr. Gonzalez complied with commands to raise his hands, which were empty. Mr. Gonzalez refused to comply with commands to leave the bushes and approach the deputies; instead, he sat down on the ground. The deputies threatened to sic a police canine on Mr. Gonzalez, if he did not comply. As many as nine deputies arrived at the scene and pointed a taser, a shotgun, and pistols at Mr. Gonzalez and continued to threaten to release a police canine. Mr. Gonzalez was shot with a taser, beanbag shotgun, and a police canine was released and attacked Mr. Gonzalez. Mr. Gonzalez pulled a hatchet from his nearby belongings. Deputies Chad Lewis and Brandon Silva opened fire on Mr. Gonzalez, shooting him, and causing his death. A civil rights lawsuit was filed. (*Gonzalez v. County of Stanislaus*, U.S. District Court, Eastern District of California, Case No. 1:21-cv-01091-DAD-HBK.) The case remains pending.

l.      Multiple jury verdicts, judgments, and/or settlements. *See*, *e.g.*, The Modesto Bee, *SPECIAL REPORT: Taxpayers on hook for nearly $10 million in lawsuits filed since Christianson elected* (Sep. 21, 2013) <http://www.modbee.com/news/politics-government/election/article3154321.html> ("Lawsuits against the Stanislaus County Sheriff's Department have cost taxpayers $9.4 million during Sheriff Adam Christianson's tenure" and, of "41 cases … lodged against the department since Christianson took office in July 2006[,] . . . [h]alf of those who sued, or 16, ended up with money" with "[t]he average payout: $369,403," or "$472,443" when "[c]ombined with fees paid to outside attorneys defending the county").

75.      On information and belief: Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, and DOE 11 to 20 were aware of numerous incidents of personnel's use of unreasonable and excessive force, including those incidents identified above, but repeatedly refused or failed to take appropriate corrective action, including discipline, re-training, and/or changes to policies or procedures. Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, and DOE 11 to 20 expressly and impliedly condoned the use of unreasonable and excessive force, emboldening their personnel,

16

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Mann v. County of Stanislaus*, United States District Court, Eastern District of California, Case No. _____

including Defendants GERARDO ZAZUETA and DOE 1 to 10's, to continue to employ unreasonable and excessive force Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, and DOE 11 to 20 perpetuated the problem by knowingly turning a blind eye to the abuses, ignoring or refusing to investigate complaints of personnel's misconduct, acquiescing in and implicitly condoning the misconduct by perpetuating a culture of impunity, failing meaningfully to discipline, re-train, or otherwise penalize personnel's misconduct, failing to hold personnel accountable for violations of law or policies, and creating or fostering an environment where subordinates believed they could act with impunity and "get away with anything."

**Ratification**

76.     On information and belief: Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, and DOE 11 to 20 have failed to review or to consider the propriety of the officer-involved shooting of XANDER MANN.

77.     Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and JEFF DIRKSE's "Critical Incident Video" presentation provided incomplete and false information concerning the killing of XANDER MANN, in response to Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, and DOE 11 to 20's receipt of information that Defendants GERARDO ZAZUETA and DOE 1 to 10 violated Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT's policies and that Defendant GERARDO ZAZUETA was not justified in shooting XANDER MANN, V.K., and H.D.

78.     Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, and DOE 11 to 20 frequently leave allegations of excessive force incidents concerning their personnel unresolved for significant periods of time. Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, and DOE 11 to 20 actions and inactions reduce or negate any deterrence or accountability that could result from a complete and timely review of excessive force incidents and deprives police violence victims of the ability to learn about the factual details of excessive force incidents. For example:

a.     On May 5, 2018, Alejandro Sanchez was killed in an officer-involved incident by Stanislaus County Sheriff's Department's Deputies Shane Rohn, Bret Babbitt, Eugene Day, Justin

Camara, Joseph Knittel, Zebedee Poust, and Hector Longoria. On December 4, 2018, Mr. Sanchez's family submitted a citizen complaint to Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT alleging "[u]nnecessary and excessive force was used" by the deputies against Mr. Sanchez, causing his death. No action was taken on the complaint, in violation of Cal. Pen. Code § 832.5(a)(1) and Defendant STANISLAUS COUNTY SHERIFF'S DEPARTMENT's Policy 340.4, which states, "[r]egardless of the source of an allegation of misconduct, all such matters will be investigated in accordance with the Personnel Complaint Procedure <u>Policy Manual</u> § 1020." On January 6, 2020, Mr. Sanchez's family, through their attorney, sent a correspondence to Defendants STANISLAUS COUNTY SHERIFF'S DEPARTMENT and JEFF DIRKE requesting an update on the status of the investigation. On January 8, 2020, Defendant JEFF DIRKE, through his attorney, sent an email falsely accusing Mr. Sanchez's family's attorneys of "violation of the California Rules of Professional Conduct" and concluded: "The Sheriff will not be responding to your letter or email…" None of the deputies was disciplined or retrained as a result of Mr. Sanchez's in-custody death. (*Estate of Sanchez v. County of Stanislaus*, U.S. District Court, Eastern District of California, Case No. 1:18-cv-00977-DAD-BAM.)

b.      On November 5, 2017, Alex Barbour was severely injured in an officer-involved shooting by Stanislaus County Sheriff's Department's Deputy Christopher Hendee. Deputy Hendee was involved in two officer-involved shootings within three months, with another shooting occurring on August 5, 2017. Deputy Hendee was not placed on administrative leave after either of the officer-involved shootings. On November 8, 2017, then-Sheriff Adam Christianson gave a news media interview at which he ratified and approved of Deputy Hendee's officer-involved shooting of Mr. Barbour, before any investigation of the officer-involved shooting had been completed. Sheriff Christianson stated that his department would make information related to the officer-involved shooting available to the public when complete but later refused to do so. (*Barbour v. County of Stanislaus*, U.S. District Court, Eastern District of California, Case No. 1:18-cv-01702-DAD-EPG.)

\ \ \

\ \ \

\ \ \

# FIRST CLAIM

## Excessive Force

### (U.S. Const., Amend. IV; 42 U.S.C. § 1983)

79.     Plaintiff ESTATE OF XANDER MANN (pursuant to Cal. Code Civ. Proc. § 377.30) asserts this Claim against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, GERARDO ZAZUETA, and DOE 1 to 20.

80.     The allegations of the preceding paragraphs 1 to 78 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

81.     Defendants GERARDO ZAZUETA and DOE 1 to 10, acting or purporting to act in the performance of their official duties as law enforcement officers, used unreasonable and excessive force against XANDER MANN, in violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

82.     Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, and DOE 11 to 20, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in harm to XANDER MANN, in violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

83.     Defendants JEFF DIRKSE, GERARDO ZAZUETA, and DOE 1 to 20's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

84.     XANDER MANN was injured as a direct and proximate result of Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, GERARDO ZAZUETA, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF XANDER MANN to receive compensatory damages against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, GERARDO ZAZUETA, and DOE 1 to 20; and punitive damages against Defendants JEFF DIRKSE, GERARDO ZAZUETA, and DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF XANDER MANN prays for relief as hereunder appears.

19

## SECOND CLAIM

### Unwarranted Interference with Familial Association

### (U.S. Const., Amend. XIV; 42 U.S.C. § 1983)

85.     Plaintiffs AMY PICKERING and JUSTIN MANN assert this Claim against Defendants GERARDO ZAZUETA and DOE 1 to 10.

86.     The allegations of the preceding paragraphs 1 to 68 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

87.     Plaintiffs AMY PICKERING and JUSTIN MANN shared a shared a close relationship and special bond with their biological son, XANDER MANN, which, prior to his death, included deep attachments, commitments, and distinctively personal aspects of their lives and was typical of a loving parent-child relationship. Defendants GERARDO ZAZUETA and DOE 1 to 10, acting or purporting to act in the performance of their official duties as law enforcement officers, used unreasonable and excessive force against XANDER MANN, terminating and interfering with Plaintiffs AMY PICKERING and JUSTIN MANN's familial relationship with XANDER MANN, in the violation of constitutional rights protected by the Fourteenth Amendment to the U.S. Constitution.

88.     Defendants GERARDO ZAZUETA and DOE 1 to 10's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

89.     Plaintiffs AMY PICKERING and JUSTIN MANN were injured as a direct and proximate result of Defendants GERARDO ZAZUETA and DOE 1 to 10's actions and inactions, entitling them to receive compensatory and punitive damages against Defendants GERARDO ZAZUETA and DOE 1 to 10.

WHEREFORE, Plaintiffs AMY PICKERING and JUSTIN MANN pray for relief as hereunder appears.

## THIRD CLAIM

### Unwarranted Interference with Familial Association

### (U.S. Const., Amend. I; 42 U.S.C. § 1983)

90.     Plaintiffs AMY PICKERING and JUSTIN MANN assert this Claim against Defendants

20

1  GERARDO ZAZUETA and DOE 1 to 10.

2      91.     The allegations of the preceding paragraphs 1 to 68 are realleged and incorporated, to the

3  extent relevant and as if fully set forth in this Claim.

4      92.     Plaintiffs AMY PICKERING and JUSTIN MANN shared a shared a close relationship

5  and special bond with their biological son, XANDER MANN, which, prior to his death, included deep

6  attachments, commitments, and distinctively personal aspects of their lives and was typical of a loving

7  parent-child relationship. Defendants GERARDO ZAZUETA and DOE 1 to 10, acting or purporting to

8  act in the performance of their official duties as law enforcement officers, used unreasonable and

9  excessive force against KIM JACKSON, terminating and interfering with Plaintiffs AMY PICKERING

10  and JUSTIN MANN's familial relationship with KIM JACKSON, in the violation of constitutional rights

11  protected by the First Amendment (as incorporated through the Fourteenth Amendment) to the U.S.

12  Constitution.

13      93.     Defendants GERARDO ZAZUETA and DOE 1 to 10's actions and inactions were

14  motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or

15  were wantonly or oppressively done.

16      94.     Plaintiffs AMY PICKERING and JUSTIN MANN were injured as a direct and proximate

17  result of Defendants GERARDO ZAZUETA and DOE 1 to 10's actions and inactions, entitling them to

18  receive compensatory and punitive damages against Defendants GERARDO ZAZUETA and DOE 1 to

19  10.

20      WHEREFORE, Plaintiffs AMY PICKERING and JUSTIN MANN pray for relief as hereunder

21  appears.

22                              **FOURTH CLAIM**

23                              **Excessive Force**

24                         **(Cal. Const., Art. I, § 13)**

25      95.     Plaintiff ESTATE OF XANDER MANN (pursuant to Cal. Code Civ. Proc. § 377.30)

26  asserts this Claim against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY

27  SHERIFF'S DEPARTMENT, JEFF DIRKSE, GERARDO ZAZUETA, and DOE 1 to 20.

28      96.     The allegations of the preceding paragraphs 1 to 78 are realleged and incorporated, to the

extent relevant and as if fully set forth in this Claim.

97.     Defendants GERARDO ZAZUETA and DOE 1 to 10, acting or purporting to act in the performance of their official duties as law enforcement officers, used unreasonable and excessive force against XANDER MANN, in violation of Article I, Section 13 of the California Constitution.

98.     Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, and DOE 11 to 20, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in harm to XANDER MANN, in violation of Article I, Section 13 of the California Constitution.

99.     Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants JEFF DIRKSE, GERARDO ZAZUETA, and DOE 1 to 20.

100.    Defendants JEFF DIRKSE, GERARDO ZAZUETA, and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

101.    XANDER MANN was injured as a direct and proximate result of Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, GERARDO ZAZUETA, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF XANDER MANN to receive compensatory damages against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, GERARDO ZAZUETA, and DOE 1 to 20; and punitive damages against Defendants JEFF DIRKSE, GERARDO ZAZUETA, and DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF XANDER MANN prays for relief as hereunder appears.

## FIFTH CLAIM

### Tom Bane Civil Rights Act

### (Cal. Civ. Code § 52.1)

102.    Plaintiffs ESTATE OF XANDER MANN (pursuant to Cal. Code Civ. Proc. § 377.30), AMY PICKERING, and JUSTIN MANN asserts this Claim against Defendants COUNTY OF

22

1 | STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, GERARDO
2 | ZAZUETA, and DOE 1 to 20.

3 |     103.    The allegations of the preceding paragraphs 1 to 78 are realleged and incorporated, to the
4 | extent relevant and as if fully set forth in this Claim.

5 | Excessive Force

6 |     104.    Defendants GERARDO ZAZUETA and DOE 1 to 10, acting or purporting to act in the
7 | performance of their official duties as law enforcement officers, used unreasonable and excessive force
8 | against XANDER MANN, with deliberate indifference or reckless disregard of rights protected by the
9 | Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution and
10 | Article I, Section 13 of the California Constitution.

11 |     105.    Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S
12 | DEPARTMENT, JEFF DIRKSE, and DOE 11 to 20, acting or purporting to act under color of state law
13 | and as policymaking authorities, maintained policies or customs of action and inaction which resulted in
14 | harm to XANDER MANN, with deliberate indifference or reckless disregard of rights protected by the
15 | Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution and
16 | Article I, Section 13 of the California Constitution.

17 | Unwarranted Interference with Familial Association

18 |     106.    Plaintiffs AMY PICKERING and JUSTIN MANN shared a shared a close relationship
19 | and special bond with their biological son, XANDER MANN, which, prior to his death, included deep
20 | attachments, commitments, and distinctively personal aspects of their lives and was typical of a loving
21 | parent-child relationship. Defendants GERARDO ZAZUETA and DOE 1 to 10, acting or purporting to
22 | act in the performance of their official duties as law enforcement officers, used unreasonable and
23 | excessive force against XANDER MANN, terminating and interfering with Plaintiffs AMY
24 | PICKERING and JUSTIN MANN's familial relationship with XANDER MANN, with deliberate
25 | indifference or reckless disregard of rights protected by the Fourteenth Amendment to the U.S.
26 | Constitution and Article I, Section 7(a) of the California Constitution.

27 | Common Allegations

28 |     107.    Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S

23

DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants JEFF DIRKSE, GERARDO ZAZUETA, and DOE 1 to 20.

108.    Defendants JEFF DIRKSE, GERARDO ZAZUETA, and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

109.    XANDER MANN and Plaintiffs AMY PICKERING and JUSTIN MANN were injured as a direct and proximate result of Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, GERARDO ZAZUETA, and DOE 1 to 20's actions and inactions, entitling Plaintiffs ESTATE OF XANDER MANN, AMY PICKERING, and JUSTIN MANN to receive compensatory and treble damages and civil penalties against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, GERARDO ZAZUETA, and DOE 1 to 20; and punitive damages against Defendants JEFF DIRKSE, GERARDO ZAZUETA, and DOE 1 to 20.

WHEREFORE, Plaintiffs ESTATE OF XANDER MANN, AMY PICKERING, and JUSTIN MANN pray for relief as hereunder appears.

## SIXTH CLAIM

### Assault / Battery

110.    Plaintiff ESTATE OF XANDER MANN (pursuant to Cal. Code Civ. Proc. § 377.30) asserts this Claim against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, GERARDO ZAZUETA, and DOE 1 to 20.

111.    The allegations of the preceding paragraphs 1 to 78 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

112.    Defendants GERARDO ZAZUETA and DOE 1 to 10, acting or purporting to act in the performance of their official duties as law enforcement officers, used unreasonable and excessive force against XANDER MANN.

113.    Defendants JEFF DIRKSE and DOE 11 to 20, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction which

24

1  resulted in harm to XANDER MANN.

2      114.    Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S

3  DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to

4  Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their

5  employees acting within the scope of their employment, including Defendants JEFF DIRKSE,

6  GERARDO ZAZUETA, and DOE 1 to 20.

7      115.    Defendants JEFF DIRKSE, GERARDO ZAZUETA, and DOE 1 to 20's actions and

8  inactions constituted oppression, fraud, and/or malice resulting in great harm.

9      116.    XANDER MANN was injured as a direct and proximate result of Defendants JEFF

10  DIRKSE, GERARDO ZAZUETA, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE

11  OF XANDER MANN to receive compensatory damages against Defendants COUNTY OF

12  STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, GERARDO

13  ZAZUETA, and DOE 1 to 20; and punitive damages against Defendants JEFF DIRKSE, GERARDO

14  ZAZUETA, and DOE 1 to 20.

15      WHEREFORE, Plaintiff ESTATE OF XANDER MANN prays for relief as hereunder appears.

16  **SEVENTH CLAIM**

17  **Negligence**

18      117.    Plaintiff ESTATE OF XANDER MANN (pursuant to Cal. Code Civ. Proc. § 377.30)

19  asserts this Claim against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY

20  SHERIFF'S DEPARTMENT, JEFF DIRKSE, GERARDO ZAZUETA, and DOE 1 to 20.

21      118.    The allegations of the preceding paragraphs 1 to 78 are realleged and incorporated, to the

22  extent relevant and as if fully set forth in this Claim.

23      119.    Defendants GERARDO ZAZUETA and DOE 1 to 10, acting or purporting to act in the

24  performance of their official duties as law enforcement officers, owed XANDER MANN duties of care

25  and breached those duties, including by employing improper tactical conduct and decisions preceding the

26  use of deadly force and using excessive and unreasonable force.

27      120.    Defendants JEFF DIRKSE and DOE 11 to 20, acting or purporting to act under color of

28  state law and as policymaking authorities, maintained policies or customs of action and inaction which

25

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Mann v. County of Stanislaus*, United States District Court, Eastern District of California, Case No. _____

resulted in harm to XANDER MANN.

121.    Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants JEFF DIRKSE, GERARDO ZAZUETA, and DOE 1 to 20.

122.    Defendants JEFF DIRKSE, GERARDO ZAZUETA, and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

123.    XANDER MANN was injured as a direct and proximate result of Defendants JEFF DIRKSE, GERARDO ZAZUETA, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF XANDER MANN to receive survival damages against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, GERARDO ZAZUETA, and DOE 1 to 20; and punitive damages against Defendants JEFF DIRKSE, GERARDO ZAZUETA, and DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF XANDER MANN prays for relief as hereunder appears.

## EIGHTH CLAIM

### Wrongful Death

### (Cal. Code Civ. Proc. § 377.60)

124.    Plaintiffs AMY PICKERING and JUSTIN MANN asserts this Claim against Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, GERARDO ZAZUETA, and DOE 1 to 20.

125.    The allegations of the preceding paragraphs 1 to 78 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

126.    Defendants GERARDO ZAZUETA and DOE 1 to 10, acting or purporting to act in the performance of their official duties as law enforcement officers, caused XANDER MANN's death by wrongful act and neglect, including by employing improper tactical conduct and decisions preceding the use of deadly force and using excessive and unreasonable force.

127.    Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S

26

1 DEPARTMENT, JEFF DIRKSE, and DOE 11 to 20, acting or purporting to act under color of state law

2 and as policymaking authorities, maintained policies or customs of action and inaction which caused

3 XANDER MANN's death by wrongful act and neglect.

4       128.    Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S

5 DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to

6 Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their

7 employees acting within the scope of their employment, including Defendants JEFF DIRKSE,

8 GERARDO ZAZUETA, and DOE 1 to 20.

9       129.    Defendants JEFF DIRKSE, GERARDO ZAZUETA, and DOE 1 to 20's actions and

10 inactions constituted oppression, fraud, and/or malice resulting in great harm.

11       130.    XANDER MANN died as a direct and proximate result of Defendants COUNTY OF

12 STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, GERARDO

13 ZAZUETA, and DOE 1 to 20's actions and inactions, entitling Plaintiffs AMY PICKERING and

14 JUSTIN MANN to receive wrongful death damages and expenses against Defendants COUNTY OF

15 STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, GERARDO

16 ZAZUETA, and DOE 1 to 20; and punitive damages against Defendants JEFF DIRKSE, GERARDO

17 ZAZUETA, and DOE 1 to 20.

18      WHEREFORE, Plaintiffs AMY PICKERING and JUSTIN MANN pray for relief as hereunder

19 appears.

20 **PRAYER FOR RELIEF**

21      WHEREFORE, Plaintiffs ESTATE OF XANDER MANN, AMY PICKERING, and JUSTIN

22 MANN seek Judgment as follows:

23       1.    For an award of compensatory, general, special, and nominal damages (including survival

24 damages and wrongful death damages under federal and state law) against Defendants COUNTY OF

25 STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, GERARDO

26 ZAZUETA, and DOE 1 to 20, in excess of $30,000,000, according to proof at trial;

27       2.    For an award of exemplary/punitive damages against Defendants JEFF DIRKSE,

28 GERARDO ZAZUETA, and DOE 1 to 20, in an amount sufficient to deter and to make an example of

1  them, because their actions and inactions were motivated by evil motive or intent, or involved reckless or

2  callous indifference to constitutional rights;

3        3.      For funeral and burial expenses;

4        4.      For an award of actual damages, treble damages, punitive damages, civil penalties, and

5  any other available relief Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY

6  SHERIFF'S DEPARTMENT, JEFF DIRKSE, GERARDO ZAZUETA, and DOE 1 to 20, pursuant to

7  Cal. Civ. Code §§ 52, 52.1, and any other statute as may be applicable (except that no punitive damages

8  are sought against Defendants COUNTY OF STANISLAUS and STANISLAUS COUNTY SHERIFF'S

9  DEPARTMENT, pursuant to Cal. Civ. Code § 818);

10        5.      For interest;

11        6.      For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, Cal.

12  Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

13        7.      For an award of any other further relief, as the Court deems fair, just, and equitable.

14  Dated: July 19, 2021                           Respectfully Submitted,

By: _____

          Mark E. Merin
          Paul H. Masuhara
          LAW OFFICE OF MARK E. MERIN
          1010 F Street, Suite 300
          Sacramento, California 95814
          Telephone: (916) 443-6911
          Facsimile: (916) 447-8336

          Attorneys for Plaintiffs
          ESTATE OF XANDER MANN,
          AMY PICKERING, and JUSTIN MANN

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED on behalf of Plaintiffs ESTATE OF XANDER MANN, AMY PICKERING, and JUSTIN MANN.

Dated: July 19, 2021                                        Respectfully Submitted,

By: _____
    Mark E. Merin
    Paul H. Masuhara
    LAW OFFICE OF MARK E. MERIN
    1010 F Street, Suite 300
    Sacramento, California 95814
    Telephone: (916) 443-6911
    Facsimile: (916) 447-8336

    Attorneys for Plaintiffs
    ESTATE OF XANDER MANN,
    AMY PICKERING, and JUSTIN MANN

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Mann v. County of Stanislaus*, United States District Court, Eastern District of California, Case No. _____