PORTER | SCOTT
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN213301
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant GERARDO ZAZUETA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ESTATE OF XANDER MANN, AMY PICKERING, and JUSTIN MANN,

Plaintiffs,

v.

COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, GERARDO ZAZUETA, and DOE 1 to 20,

Defendants.
____________________________________/

CASE NO. 1:21-CV-01098-AWI-SKO

DEFENDANT ZAZUETA'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

Complaint Filed: 7/19/21

Defendant GERARDO ZAZUETA hereby submits the following in Answer to Plaintiffs' Complaint.

## INTRODUCTION

Answering the unnumbered section entitled "Introduction," this answering Defendant generally and specifically denies the allegations contained in said paragraph/section.

## JURISDICTION & VENUE

1. Answering paragraphs 1, 2 and 3, this answering Defendant contends said paragraphs contain conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant lacks sufficient information or knowledge to



PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

enable him to answer the allegations contained in these paragraphs, and basing his denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

**EXHAUSTION**

2. Answering paragraph 4, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations contained in this paragraph, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph.

**PARTIES**

3. Answering paragraphs 5, 6, and 7, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations contained in these paragraphs, and basing his denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

4. Answering paragraph 8, this answering Defendant admits the County of Stanislaus is a public entity within California. Answering the remaining allegations in said paragraph, this answering Defendant contends such contains conclusions of law and not averments of facts for which an answer is not required.

5. Answering paragraph 10, this answering Defendant admits Jeff Dirkse was the Sheriff of the Stanislaus County Sheriff's Department. Answering the remaining allegations in said paragraph, this answering Defendant contends said remaining allegations contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, lacks sufficient information or knowledge to enable him to answer the remaining allegations in this paragraph, and basing his denial on this ground, generally and specifically denies all remaining allegations contained in this paragraph.

6. Answering paragraph 11, this answering Defendant admits he was employed with the County as a law enforcement officer. Answering the remaining allegations in said paragraph, this answering Defendant contends said remaining allegations contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, lacks sufficient information or knowledge to enable him to answer the remaining allegations in this paragraph, and basing his denial on this ground, generally and specifically denies all remaining allegations contained in this paragraph.

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

7. Answering paragraph 12, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations contained in this paragraph, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph.

**GENERAL ALLEGATIONS**

8. Answering paragraph 13, this answering Defendant contends this paragraph contains conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in these paragraphs, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph.

9. Answering paragraphs 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 26, 27, 28, 29, 30, 31, 32, 33, 34, and 35, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations contained in these paragraphs, and basing his denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

10. Answering paragraphs 36, 37, 39, 40, 41, 42, and 43, this answering Defendant generally and specifically denies all allegations contained in these paragraphs.

11. Answering paragraphs 38 and 49, this answering Defendant contends these paragraphs contains conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in these paragraphs, and basing his denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

12. Answering paragraphs 44, 45, 46, 47, 48, 50, 51, and 52, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in these paragraphs, and basing his denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

13. Answering paragraphs 53, 54, 56, and 57, this answering Defendant generally and specifically denies all allegations contained in these paragraphs.

14. Answering paragraphs 55, 58, 59, 60, 61, 62, 63, and 64, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in these

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

paragraphs, and basing his denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

15. Answering paragraphs 65, 66, and 67, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in these paragraphs, and basing his denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

16. Answering paragraph 68, including subparagraphs (a-e), this answering Defendant contends these paragraphs contain incomplete references, argument or conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in these paragraphs, and basing his denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

**POLICE AND CUSTOM ALLEGATIONS**

17. Answering paragraphs 69 and 70, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in these paragraphs, and basing his denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

18. Answering paragraph 71 including subparagraphs (a-h), 72, and 73 including subparagraphs (a-d), this answering Defendant generally and specifically denies all allegations contained in this paragraph and/or subparagraphs.

19. Answering paragraphs 74 including subparagraphs (a-l), this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations contained in these paragraphs, and basing his denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

20. Answering paragraphs 75, 76, 77, 78 including subparagraphs (a-b), this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in these paragraphs, and basing his denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

**FIRST CLAIM FOR RELIEF**

**Excessive Force**
**(U.S. Const., Amend. IV; 42 U.S.C. § 1983)**

21. Answering paragraph 79, this answering Defendant contends this paragraph contains conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in these paragraphs, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph.

22. Answering paragraph 80, this answering Defendant incorporates by reference all responses to paragraphs 1 to 78, to the extent relevant, as if fully set forth herein.

23. Answering paragraphs 81 and 84, this answering Defendant generally and specifically denies all allegations contained in these paragraphs.

24. Answering paragraphs 82 and 83, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in these paragraphs, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph.

**SECOND CLAIM**
**Unwarranted Interference with Familial Association**
**(U.S. Const., Amend. XIV; 42 U.S.C. § 1983)**

25. Answering paragraph 85, this answering Defendant contends this paragraph contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in this paragraph, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph.

26. Answering paragraph 86, this answering Defendant incorporates by reference all responses to paragraphs 1 to 68, to the extent relevant, as if fully set forth herein.

27. Answering paragraphs 87, this answering Defendant lacks sufficient information or knowledge to enable him to answer the first sentence of the allegations in this paragraph, and basing his denial on this ground, generally and specifically denies all allegations contained in this

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

paragraph. Answering the remaining allegations, this answering Defendant generally and specifically denies all remaining allegations contained in this paragraph.

28. Answering paragraphs 88 and 89, this answering Defendant generally and specifically denies all allegations contained in these paragraphs.

**THIRD CLAIM**

**Unwarranted Interference with Familial Association**
**(U.S. Const., Amend. I; 42 U.S.C. § 1983)**

29. Answering paragraph 90, this answering Defendant contends this paragraph contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in this paragraph, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph.

30. Answering paragraph 91, this answering Defendant incorporates by reference all responses to paragraphs 1 to 68, to the extent relevant, as if fully set forth herein.

31. Answering paragraphs 92, this answering Defendant lacks sufficient information or knowledge to enable him to answer the first sentence of the allegations in this paragraph, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph. Answering the remaining allegations, this answering Defendant generally and specifically denies all remaining allegations contained in this paragraph.

32. Answering paragraphs 93 and 94, this answering Defendant generally and specifically denies all allegations contained in these paragraphs.

**FOURTH CLAIM**

**Excessive Force**
**(Cal. Const., Art. I, § 13)**

33. Answering paragraphs 95, and 99 this answering Defendant contends these paragraphs contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in these paragraphs, and basing his denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

34. Answering paragraph 96, this answering Defendant incorporate by reference all responses to paragraphs 1 to 78, to the extent relevant, as if fully set forth herein.

35. Answering paragraphs 97, 100, and 101, this answering Defendant generally and specifically denies all allegations contained in these paragraphs.

36. Answering paragraph 98, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in this paragraph, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph.

**FIFTH CLAIM**
**Tom Bane Civil Rights Act**
**(Cal. Civ. Code 52.1)**

37. Answering paragraph 102, this answering Defendant contends this paragraph contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in this paragraph, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph.

38. Answering paragraph 103, this answering Defendant incorporate by reference all responses to paragraphs 1 to 78, to the extent relevant, as if fully set forth herein.

39. Answering paragraph 104, this answering Defendant generally and specifically denies all allegations contained in this paragraph.

40. Answering paragraph 105, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in this paragraph, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph.

41. Answering paragraphs 106, this answering Defendant lacks sufficient information or knowledge to enable him to answer the first sentence of the allegations in this paragraph, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph. Answering the remaining allegations, this answering Defendant generally and specifically denies all remaining allegations contained in this paragraph.

42. Answering paragraphs 107, this answering Defendant contends this paragraph contains conclusions of law and not averments of fact to which a response is required, but insofar

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

as a response is required, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in this paragraph, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph.

43. Answering paragraphs 108 and 109, this answering Defendant generally and specifically denies all allegations contained in these paragraphs.

**SIXTH CLAIM**
**Assault/Battery**

44. Answering paragraph 110, this answering Defendant contends this paragraph contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in this paragraph, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph.

45. Answering paragraph 111, this answering Defendant incorporate by reference all responses to paragraphs 1 to 78, to the extent relevant, as if fully set forth herein.

46. Answering paragraphs 112, 115, and 116, this answering Defendant generally and specifically denies all allegations contained in these paragraphs.

47. Answering paragraph 113, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in this paragraph, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph.

48. Answering paragraph 114, this answering Defendant contends this paragraph contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in this paragraph, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph.

**SEVENTH CLAIM**

**Negligence**

49. Answering paragraph 117, this answering Defendant contends this paragraph contain conclusions of law and not averments of fact to which a response is required, but insofar

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

as a response is required, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in this paragraph, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph.

50. Answering paragraph 118, this answering Defendant incorporate by reference all responses to paragraphs 1 to 78, to the extent relevant, as if fully set forth herein.

51. Answering paragraphs 119, 122, and 123, this answering Defendant generally and specifically denies all allegations contained in these paragraphs.

52. Answering paragraph 120, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in this paragraph, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph.

53. Answering paragraph 121, this answering Defendant contends this paragraph contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in this paragraph, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph.

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

**EIGHTH CLAIM**
**Wrongful Death**
**(Cal. Code Civ. Proc. 377.60)**

54. Answering paragraph 124, this answering Defendant contends this paragraph contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in this paragraph, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph.

55. Answering paragraph 125, this answering Defendant incorporate by reference all responses to paragraphs 1 to 78, to the extent relevant, as if fully set forth herein.

56. Answering paragraphs 126, 129 and 130, this answering Defendant generally and specifically denies all allegations contained in these paragraphs.

57. Answering paragraph 127, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in this paragraph, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph.

58. Answering paragraph 128, this answering Defendant contends this paragraph contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in this paragraph, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph.

**I.**

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

Based on information and belief, at all times mentioned in the Complaint, Defendant was acting in good faith and is entitled to qualified immunity for the claims asserted pursuant to 42 U.S.C section 1983.

SECOND AFFIRMATIVE DEFENSE

Based on information and belief, as applicable to state claims, Defendant allege that decedent had a duty to exercise due care but failed to do so by his conduct, including but not limited to, failing to comply with lawful orders and/or engaging in conduct by operation of his vehicle with employees of the County and/or the individual Defendant and based thereon, Defendant allege that decedent was himself guilty of comparative negligence or fault due to his failures.

THIRD AFFIRMATIVE DEFENSE

As to each state law claim for relief, Defendant allege, based on information and belief, that all acts and omissions alleged in the Complaint fall within the immunities and defenses and all rights granted to him and each of him by virtue of provisions of the California Government Code Sections 810-996.6. Defendant relies on Vargas v. Cty. of Yolo, 2016 WL 3916329, at *6 (E.D. Cal. July 20, 2016) for the language herein to preserve these defenses.

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

FOURTH AFFIRMATIVE DEFENSE

Based on information and belief, Defendant allege that third persons other than the answering Defendant, including but not limited to the passengers in the vehicle with decedent, which proximately caused and/or contributed to the damages, if any, suffered by decedent and/or Plaintiffs. Accordingly, Plaintiffs' recovery is barred or reduced proportionately by the careless, negligence and willful conduct of the decedent and/or third parties, which proximately caused any damage claimed in this action. This defense is interposed only in the alternative and does not admit any of the allegations of the Complaint.

FIFTH AFFIRMATIVE DEFENSE

Damages for non-economic losses cannot exceed the amount specified in Civil Code section 3333.2.

SIXTH AFFIRMATIVE DEFENSE

Plaintiffs and/or decedent, failed to exercise reasonable diligence so as to mitigate the damages, if any, alleged in the Complaint and the resultant damages, if any, were directly and proximately caused by the failure, neglect, and refusal of Plaintiffs to exercise reasonable diligence and effort to mitigate the damages alleged.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs and/or decedent freely and voluntarily assumed the risk of injury and damage alleged in this action with full knowledge and appreciation of the magnitude thereof.

EIGHTH AFFIRMATIVE DEFENSE

Decedent wrongfully, unlawfully and maliciously made and threatened an assault and battery upon others and provoked the alleged affray, and individual Defendant used no more than reasonable and necessary force in defense of himself, his person, others, or property.

NINTH AFFIRMATIVE DEFENSE

As to each state law claim for relief, Decedent's (and/or the Estate's) claims, and each of him, are barred by the provisions of California Penal Code sections 834(a), 835, 835(a), 836 and 836.5.

///

TENTH AFFIRMATIVE DEFENSE

Based on information and belief, not all potential beneficiaries of the decedent's estate are parties to the action, and thus any survivor action and/or wrongful death action lacks sufficient standing without all heirs, who are necessary parties.

ELEVENTH AFFIRMATIVE DEFENSE

As to all state law claims for relief, based on information and belief, Plaintiffs and/or all successors-in-interest to decedent's estate, have failed to comply with the requirements of California Government Code section 900 et seq., i.e. the California Government Tort Claims Act.

TWELFTH AFFIRMATIVE DEFENSE

As to all state law claims for relief, based on information and belief, Defendant alleges that Plaintiffs' Complaint is barred by the doctrine of unclean hands in that decedent Xander Mann created or exacerbated the incidents about which Plaintiffs complain of in the Complaint in the manner and method of operation of his vehicle including decedent's ingestion of drugs prior thereto.

**II.**

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs' action be dismissed;
2. That Plaintiffs take nothing by way of his Complaint;
3. That Defendant be awarded his costs of suit, including attorney's fees; and
4. For such other relief as the Court deems proper.

Date: October 11, 2021

Respectfully submitted,

PORTER SCOTT
A PROFESSIONAL CORPORATION

By: */s/ John R. Whitefleet*
John R. Whitefleet
Attorneys for Defendant

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury in the above-entitled action as provided by the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

Dated: October 11, 2021

PORTER SCOTT
A PROFESSIONAL CORPORATION

By: */s/ John R. Whitefleet*
John R. Whitefleet
Attorneys for Defendant