# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF XANDER MANN, et al., | Case No. 1:21-cv-01098-AWI-SKO |
| Plaintiffs, | **ORDER DENYING WITHOUT PREJUDICE MOTIONS TO COMPEL** |
| v. | (Docs. 22 & 23) |
| COUNTY OF STANISLAUS, et al., | |
| Defendants. | |

## I. INTRODUCTION

This matter is before the Court on Plaintiff Estate of Xander Mann's motions to compel responses to requests for production (Doc. 22) and to compel responses to interrogatories (Doc. 23), filed January 26, 2022 (the "Motions to Compel"). Plaintiff and Defendant County of Stanislaus filed their joint statements directed to the Motions to Compel, as required by this Court's Local Rule 251, on February 9, 2022 (the "Joint Statements"). (Docs. 24 & 25.) For the reasons set forth below, the Court DENIES *without prejudice* the Motions to Compel.

## II. DISCUSSION

This case arises from the officer-involved shooting and death of Xander Mann by Stanislaus County Sheriff's Department Deputy Gerardo Zazueta, and alleges claims under 42 U.S.C. § 1983 and related state law. (Doc. 1.) During discovery, Plaintiff served requests for production and interrogatories seeking documents and information pertaining to, *inter alia*, investigative documents, personnel files, psychiatric evaluations, and internal affairs records. (*See* Docs. 24 & 25.) Defendant's responses to the discovery requests included objections based on a lack of protective order in place. (*See id.*)

During the meet-and-confer process, a dispute arose regarding the need for and scope of a protective order, which is detailed in the parties' Joint Statements. (*See, e.g.*, Doc. 24 at 3–4; Doc.

25 at 3–4.) It appears these discussions have stalled pending Plaintiff's Motions to Compel. The Court finds that resolution of the parties' dispute concerning entry of a protective order is necessary before the Motions to Compel are ripe for consideration.

Federal Rule of Civil Procedure 26(c), setting forth the grounds for protective orders, "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required . . . [because the] trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Blanket protective orders are routinely approved for use in civil cases and consistent with the mandate that courts provide "just, speedy, and inexpensive" resolution in every action and proceeding. *Van v. Wal-Mart Stores, Inc.*, C 08-5296 PSG, 2011 WL 62499, at *2 (N.D. Cal. Jan. 7, 2011) ("Blanket protective orders serve the interests of a 'just, speedy, and inexpensive' determination of cases by avoiding the undue cost and delay that would ensue if courts had to make a good cause determination on a document-by-document basis for all documents exchanged in discovery that a party wished to protect."). The Ninth Circuit implicitly acknowledged that the use of blanket protective orders conserves judicial resources—and taxpayer money—by eliminating the requirement that a party move for a protective order every time that party produces information they contend is confidential. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (noting that use of a blanket protective order was "understandable for the unfiled documents given the onerous burden document review entails").

Balancing the interests of the parties, and given the nature of the information requested, the Court finds that a blanket protective order is appropriate in this case.[1] *See* Fed. R. Civ. P. 26(c); *Kelly v. City of San Jose*, 114 F.R.D. 653, 671 (N.D. Cal. 1987).

Plaintiff's Motions to Compel will therefore be denied without prejudice. While entry of

---

[1] Plaintiff asserts that a protective order must be sought and obtained before the date set for production. (*See, e.g.*, Doc. 24 at 11–12.) Rule 26(c), however, provides no time constraints for a request, and presumes that a request will not arise until discovery is pending. Fed. R. Civ. P. 26(c) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending."). Plaintiff cites to an out-of-circuit case, *United States v. IBM Corp.*, 79 F.R.D. 412, 414 (S.D.N.Y. 1978), in support of its argument, but courts within this Circuit hold otherwise where, as here, the responding party indicated that production would occur subject to a protective order. *See, e.g.,DeHate v. Lowe's Home Centers, LLC,* No. ED CV 19-2505-JGB (SPx), 2020 WL 7084551, at *3 (C.D. Cal. Oct. 8, 2020); *Henry v. Ocwen Loan Servicing, LLC*, No. 3:17-CV-688-JM-NLS, 2018 WL 1638255, at *3 (S.D. Cal. Apr. 5, 2018).

the protective order may not obviate the need for a renewal of Plaintiff's Motions, it is clear from the Joint Statements that it will narrow the scope of the parties' discovery dispute from its current posture.

### III.     CONCLUSION AND ORDER

The parties are therefore ORDERED to meet and confer to reach agreement as to the terms of a stipulated protective order pursuant to the foregoing case authority and in accordance with this Court's Local Rule 141.1  Such stipulated protective order SHALL be filed **by no later than March 2, 2022.**

In the unlikely event the parties are unable to agree on the terms of a blanket protective order, Defendant County of Stanislaus shall file a motion under Local Rule 251 or, alternatively, the parties may agree to proceed with an informal telephonic conference outside the formal procedures of the Local Rules, pursuant to the process set forth at: https://www.caed.uscourts.gov/caednew/assets/File/SKO%20Web%20Info_revised_3_16_2020.pdf.  Defendant SHALL file such motion or request for informal conference by no later than **by no later than March 2, 2022.**

Plaintiff's Motions to Compel (Docs. 22 & 23) are DENIED without prejudice, subject to being renewed at the appropriate time following entry of the protective order.  The hearing on the Motions set for February 16, 2022, is VACATED.

IT IS SO ORDERED.

Dated:   **February 11, 2022**                             /s/ *Sheila K. Oberto*
                                                                              UNITED STATES MAGISTRATE JUDGE

3