Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:     (916) 443-6911
Facsimile:     (916) 447-8336
E-Mail:        mark@markmerin.com
               paul@markmerin.com

   Attorneys for Plaintiffs
   ESTATE OF XANDER MANN,
   AMY PICKERING, and JUSTIN MANN

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Ste. 160
Gold River, California 95670
Tel: 916-922-1200
Fax: 916-922-1303
Shanan L. Hewitt (SBN 200168)
shewitt@rhplawyers.com
Jill B. Nathan (SBN 186136)
jnathan@rhplawyers.com
Wendy Motooka (SBN 233589)
wmotooka@rhplawyers.com

   Attorneys for Defendants
   COUNTY OF STANISLAUS,
   STANISLAUS COUNTY SHERIFF'S
   DEPARTMENT, and JEFF DIRKSE

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| ESTATE OF XANDER MANN, AMY PICKERING, and JUSTIN MANN, | Case No. 1:21-cv-01098-AWI-SKO |
| Plaintiffs, | **JOINT STATEMENT RE: DISCOVERY DISAGREEMENT** |
| vs. | Date:        July 6, 2022 |
| COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, GERARDO ZAZUETA, and DOE 1 to 20, | Time:        9:30 a.m.<br>Location:    Robert E. Coyle U.S. Courthouse<br>             2500 Tulare Street<br>             Fresno, CA  93721<br><br>Courtroom:   7 (6th Floor) |
| Defendants. | Magistrate Judge:   Hon. Sheila K. Oberto |

Pursuant to the E.D. Cal. L.R. 251(c), Plaintiff Estate of Xander Mann and Defendant County of Stanislaus submit the following Joint Statement Re: Discovery Disagreement, in connection with the pending motions to compel and for expenses (ECF No. 45).

## I.   STATEMENT OF THE ACTION AND RELEVANT DISPUTES

### A.   ESTATE'S POSITION

This action arises from the officer-involved shooting and death of 16-year-old Xander Mann by Stanislaus County Sheriff's Deputy Gerardo Zazueta on May 18, 2021. Generally, through this action, Plaintiffs allege that Deputy Zazueta used excessive force when he fired several gunshots into a vehicle occupied by five minors, as the vehicle was driven away from Deputy Zazueta in a non-threatening manner. The instant dispute concerns a motion to compel documents related to the County's investigation of a pre-litigation government claim related to the officer-involved shooting incident.

Prior to the filing of this action, on June 4, 2021, Plaintiffs submitted a government claim to the County, wherein Plaintiffs' alleged the liability of the County, Sheriff's Department, and their employees. (Declaration of Mark E. Merin ("Merin Decl.") Exhibit ("Ex.") A.) On July 5, 2021, Stanislaus County Sheriff's Department Lieutenant Lloyd MacKinnon sent a "County Claim Investigation Report" to Lieutenant Jose Perez, which included the following sections: "Synopsis"; "Allegations"; "Attached Documents"; "Persons Contacted"; "Narrative"; "Statements"; and "Findings/Conclusions." (*Id*. Ex. B.) On July 15, 2021, the County sent Plaintiffs notices stating that the government claim was "rejected on its merit on July 15, 2021." (*Id*. Ex. C.)

On July 19, 2021, Plaintiffs initiated this action by filing the Complaint. (ECF No. 1.) At the beginning of discovery, on November 9, 2021, Plaintiffs requested: "All DOCUMENTS relating to the investigation of the Estate of Xander Mann, Amy Pickering, and Justin Mann's government claim dated June 4, 2021, concerning the officer-involved death of Xander Mann—including: interviews conducted, statements, correspondence, video/audio recordings, reports, and memos." (Merin Decl. Ex. D at 3.) Thereafter, over the course of several months, Defendants served various "amended" responses which produced some responsive documents, withheld some responsive documents, failed to identify withheld responsive documents, and asserted unsupported boilerplate objections. (*Id*. Ex. E at 2; *id*. Ex. F at 2; *id*. Ex. H at 3–6; *id*. Ex. K at 6–7; *id*. Ex. P at 2.)

After several meet-and-confer efforts, and months after responsive documents were due, Plaintiffs' counsel observed that Defendants failed to produce the "County Claim Investigation Report." (*Id*. Ex. N.) In response, Defendants' counsel emailed (but did not formally produce) a highly-redacted copy of the "County Claim Investigation Report." (*Id*. Ex. O.) Defendants refuse to produce an un-redacted copy of the report because "it was identified as confidential and privileged when it was created…" (*Id*.) But these claim review documents "were created in the ordinary course of the County's business" and, thus, are not protected or privileged. *See, e.g.*, *Mollica v. County of Sacramento*, 2022 U.S. Dist. LEXIS 19384, at *14 (E.D. Cal. Feb. 1, 2022); *Sanchez v. County of Sacramento*, 2022 U.S. Dist. LEXIS 52782, at *13–14 (E.D. Cal. Mar. 22, 2022) ("[T]hese documents were made in response to and during the investigation of Plaintiff's government claim and … were made before that claim had been denied or Plaintiff filed this lawsuit."). Accordingly, Plaintiffs move to compel production of an un-redacted copy of the report, as well as any other improperly withheld documents related to the government claim.

**B.      COUNTY'S POSITION**

This officer-involved shooting occurred on May 18, 2021. Plaintiffs filed a government claim on or about two weeks after the incident, on June 4, 2021, and filed this lawsuit shortly thereafter. The shooting spurred two investigations, one by the Stanislaus County District Attorney, and an Internal Affairs investigation. These two investigations have only just recently concluded.

Plaintiffs have propounded 90 requests for documents to the County of Stanislaus to date – the requests largely fail to set any parameters on departments or personnel within the County (which employs over 1,000 people). While Plaintiffs' overbroad requests along with the open status of investigations have presented obstacles in producing documents, all videos related to the incident and most reports have been provided except for the IA report as that investigation has only very recently closed and counsel anticipates receipt of the file for review by counsel within the week. The County has cooperated in Plaintiffs' numerous meet and confer efforts in this matter, which has resulted in further production of records. Regarding the Investigative Report, Defendant County produced this Sheriff's Department document on May 20, 2022 with redactions in light of the report heading stating "Attorney Work Product – Prepared in Anticipation of Litigation." Plaintiffs failed to request an unredacted version

2

of the report until filing this motion to compel on June 8, 2022. Defendant County anticipates that a mutually agreeable solution to this record can be reached with the need for judicial intervention.

## II.    DETAILS OF THE PARTIES' CONFERENCES

On June 4, 2021, Plaintiffs Estate of Xander Mann, Amy Pickering, and Justin Mann (collectively, "Plaintiffs") submitted a government claim to Defendant County of Stanislaus ("County"). (Merin Decl. Ex. A.)

On July 5, 2021, Stanislaus County Sheriff's Department Lieutenant Lloyd MacKinnon sent a "County Claim Investigation Report" to Lieutenant Jose Perez. (*Id*. Ex. B.)

On July 15, 2021, the County sent Plaintiffs notices which stated that the government claim was "rejected on its merit on July 15, 2021." (*Id*. Ex. C.)

On July 19, 2021, Plaintiffs initiated this action by filing the Complaint. (ECF No. 1.)

On November 9, 2021, Plaintiff Estate of Xander Mann ("Estate") propounded requests for production, set one, on the County:

> REQUEST FOR PRODUCTION NO. 1:
> All DOCUMENTS relating to the investigation of the Estate of Xander Mann, Amy Pickering, and Justin Mann's government claim dated June 4, 2021, concerning the officer-involved death of Xander Mann—including: interviews conducted, statements, correspondence, video/audio recordings, reports, and memos.

(Merin Decl. Ex. D at 3.)

On January 4, 2022, the County served a response and objections.

> RESPONSE TO REQUEST FOR PRODUCTION NO. 1:
> Based on current circumstances, responding party cannot produce requested records without a protective order while the District Attorney is investigating.
> Responding party asserts the following objections: The request calls for information protected from disclosure by a federally recognized constitutional right of privacy, where no protective order is in place. See *Dowell v. Griffin*, 275 F.R.D. 613, 617 (S.D. Cal. 2011). Further, the request calls for disclosure of autopsy photos which are protected from disclosure pursuant to California Code of Civil Procedure § 129. Responding party further objects that the request calls for disclosure of materials protected under the work product doctrine. See *Admiral Ins. Co. v. United States Dist. Court for Dist. of Arizona*, 881 F.2d 1486, 1494 (9th Cir. 1989).
> Responding party objects that the request calls for disclosure of confidential information protected by the federal common law official information privilege and state law official information privilege pursuant to California Evidence Code § 1040. See *Sanchez v. Cty of L.A.*, no. 2:20-cv-01146, 2020 WL 6682665 (C.D. Cal. Nov. 12, 2020).
> Subject to and without waiving the foregoing objections, responding party produces non-privileged responsive documents relating to the investigation of the officer-involved

3

death of Xander Mann. See non-privileged responsive documents Bates: <u>StanCo_1955-Stanco_2048</u>.

(*Id*. Ex. E at 2.)

On January 11, 2022, the County served "amended" responses and objections:

<u>AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 1</u>:

Based on current circumstances, responding party cannot produce requested records without a protective order while the District Attorney is investigating.

Responding party asserts the following objections: The request calls for information protected from disclosure by a federally recognized constitutional right of privacy, where no protective order is in place. See *Dowell v. Griffin*, 275 F.R.D. 613, 617 (S.D. Cal. 2011). Further, the request calls for disclosure of autopsy photos which are protected from disclosure pursuant to California Code of Civil Procedure § 129. Responding party further objects that the request calls for disclosure of materials protected under the work product doctrine, and attorney client privileges. See *Admiral Ins. Co. v. United States Dist. Court for Dist. of Arizona*, 881 F.2d 1486, 1494 (9th Cir. 1989).

Responding party objects that the request calls for disclosure of confidential information protected by the federal common law official information privilege and state law official information privilege pursuant to California Evidence Code § 1040. See *Sanchez v. Cty of L.A.*, no. 2:20-cv-01146, 2020 WL 6682665 (C.D. Cal. Nov. 12, 2020). Responding party objects that the request calls for production of records protected by the law enforcement investigatory privilege. See *United States v. Winner*, 641 F.2d 825,831 (10th Cir. 1981). See attached Privilege Log.

Subject to and without waiving the foregoing objections, responding party produces non-privileged responsive documents relating to the investigation of the officer-involved death of Xander Mann. Non-privileged responsive documents previously produced. Bates: <u>StanCo_1955-Stanco_2048</u>.

(*Id*. Ex. F at 2.)

On January 21, 2022, the parties' counsel met-and-conferred by telephone. (*Id*. ¶ 10; *id*. Ex. G.)

On March 11, 2022, the County served "2nd amended" responses and objections:

<u>SECOND AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 1</u>:

Subject to and without waiving the prior objections, responding party produces the following documents relating to the investigation of the officer involved shooting of Xander Mann:

| | |
|---|---|
| ICJIS Reports | StanCo_0001-0249 |
| X-RAY IMAGES of XANDER MANN | StanCo_0251-0267 |
| VALERIE (AKA VALLORIE) KENNEDY INTERVIEWS (2) | StanCo_0268-0269 |
| HECTOR DEL ALTO INTERVIEWS (2) | StanCo_0270-0271 |
| LORALYE VANN AT DMC | StanCo_0272 |
| RHIANNON TAYLOR (3) | StanCo_0273-0275 |
| OIS Photos | StanCo_0276-094l |

4

| | |
|---|---|
| DJI Drone photos | StanCo_0942-1375 |
| Investigation Photos | StanCo_1376-1744 |
| M41_AXON_Body_ Video 2021-05-l8-0154 | StanCo_1745 |
| MPD _AXON_Body_3_Video 2021-05-18 0156 | StanCo_1746 |
| MPD_AXON_Body_3_Video 2021-05-18-0203 | StanCo_1747 |
| MPD_AXON_Body_3_Video 2021-05-18_0211 | StanCo_1748 |
| MPD_AXON_Body_3_Video 2021-05-18_0211-2 | StanCo_1749 |
| MPD_AXON_Body_3_Video 2021-05-18 0212 | StanCo_1750 |
| Axon Body 2_video Dep. Varni | StanCo_1751 |
| Axon_Body_2 video_ 2021-05-18_0211 | StanCo_1752 |
| Axon_Body_2_video_ 2021-05-18_0211-2 | StanCo_1753 |
| Axon_Body_2 video_ 2021-05-18_0150 | StanCo_1754 |
| Axon_Body_2_video 2021-05-18_0151 | StanCo_1755 |
| Axon_Body_2_video_ 2021-05-18_0212 | StanCo_1756 |
| Axon_Body_2_video 2021-05-18_0212-2 | StanCo_1757 |
| Axon_Body_2_video 2021-05-18_0214 | StanCo_1758 |
| Axon_Body_2_video 2021-05-18_0226 | StanCo_1759 |
| Axon_Body_2_video 2021-05-18_0229 | StanCo_1760 |
| Axon_Body_2_video 2021-05-18_0602 | StanCo_1761 |
| Axon_Body_2_video 2021-05-18_0610 | StanCo_1762 |
| Axon_Body_3_video 2021-05-18_0153 | StanCo_1763 |
| Axon_Body_3_video 2021-05-18_0208 | StanCo_1764 |
| Axon_Body_3_video 2021-05-18_0211 | StanCo_1765 |
| Axon_Body_3_video 2021-05-18_0218 | StanCo_1766 |
| Axon_Body_3_video 2021-05-18_0226 | StanCo_1767 |
| Axon_Body_3_video 2021-05-18_0337 1768 | StanCo_1768 |
| Axon_Body_3_video 2021-05-18_0154-2 | StanCo_1769 |
| 05-18-2021_01.50.08.3a (Radio) | StanCo_1770 |
| 05-18-2021_01.51.13.2a (Radio) | StanCo_1771 |
| MP4 FTO Stanley bodycam | StanCo_1773 |
| Audio, phone calls, dispatch | StanCo_1775-1933 |
| Axon_Body_2 Video_2021-05-18_0211 | StanCo_1936 |
| Axon_Body_2 Video_2021-05-18_211-2 | StanCo_1937 |
| Axon_Body_2 Video_2021-05-18_0214 | StanCo_1938 |
| Axon_Body_2 Video_2021-05-18_0429 | StanCo_1939 |
| Axon_Body_2 Video_2021-05-18_0602 | StanCo_1940 |
| Axon_Body_2 Video_2021-05-18_0610 | StanCo_1941 |
| Axon_Body_3 Video_2021-05-18_0154 HARMON | StanCo_1942 |
| Axon_Body_3 Video_2021-05-18_0154 VANDERTUIG | StanCo_1943 |
| Axon_Body_3 Video_2021-05-18_0156 WEBER | StanCo_1944 |
| Axon_Body_3 Video_2021-05-18_0203 JONES | StanCo_1945 |
| Axon_Body_3 Video_2021-05-18_0211 HARMON | StanCo_1946 |
| Axon_Body_3 Video_2021-05-18_0211 WEBER | StanCo_1947 |
| Axon_Body_3 Video_2021-05-18_0211 | StanCo_1948 |
| Axon_Body_3 Video_2021-05-18_0212 JONES | StanCo_1949 |
| Axon_Body_3 Video_2021-05-18_0218 | StanCo_1950 |
| Axon_Body_3 Video_2021-05-18_0226 | StanCo_1951 |

5

| | |
|---|---|
| Crime Scene Analyst Mapping | StanCo_2052-2053 |
| Evidence List | StanCo_2054-2056 |
| CAD; Stanley-Tovar SP21018395 | StanCo_2057-2079 |
| CAD; Knee; Wilson; Warren MCS21219084 | StanCo_2080-2084 |
| CAD_Abstract_Detail_Jul05 18_12_51_980; David-Hickman | StanCo_2085-2130 |
| Dalton Gonzalez Report | StanCo_2131-2148 |
| 42.pdf S. Valdez report | StanCo_2149-2152 |
| 43.pdf Craig Valera Report | StanCo_2153-2156 |
| Dalton Gonzalez Report | StanCo_2157-2168 |
| 45.pdf, Report V. Esquivez | StanCo_2169-2174 |
| 46.pdf, report data extraction B. Blodgett | StanCo_2175-2179 |
| 47.pdf, report data extraction S. Kampf | StanCo_2180-2183 |
| IA#21-1 9 MPD Reports | StanCo_2184-2196 |
| CORONER'S REPORTS | StanCo_2197-2214 |
| X-RAY NOTES | StanCo_2221-2236 |
| AUDIO 2021-05-21 113042_S01158 Det. Gonzalez interview of Zazueta pt 1 | StanCo_2237 |
| AUDIO 2021-05-21 113042_S01158 Det. Gonzalez interview of Zazueta pt 2 | StanCo_2238 |
| AUDIO 2021-05-21 113042_S01158 Det. Gonzalez interview of Zazueta pt 3 | StanCo_2239 |
| Zazueta Interview | StanCo_2240 |
| Sgt. Hatfield interview | StanCo_2367 |
| Sgt. Barringer interview | StanCo_2368 |
| Sgt. Ruelas interview | StanCo_2369 |
| Dep. Tovar Drawings | StanCo_2440-2442 |
| 20210607151547451: Emails re traffic cams of pursuit | StanCo_2443-2454 |
| 7-13-21 Memo re "Vehicle Pursuit" | StanCo_2438-2439 |
| Claims filed by Plaintiffs Mann citizen complaint | StanCo_2458-2466 |
| Claim of Estate of Mann | StanCo_2467-2474 |
| Emails and Texts | StanCo_2505-2511 |

(*Id.* Ex. H at 3–6.)

On March 16, 2022, the Estate's counsel sent a letter to the County's counsel. (*Id.* Ex. I at 2–6.)

On March 31, 2022, the parties' counsel again met-and-conferred by telephone. (*Id.* ¶ 8; *id.* Ex. J.)

On May 6, 2022, the County served "3rd amended" responses:

THIRD AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 1: Responding party amends prior responses regarding this investigation to include the following:

| | |
|---|---|
| Report results of Stanislaus Sheriff's Department Email Correspondence, 5/18/21-6/4/21, for search terms: "S21018395" or "S21-018395" or "Xander" or "Mann" and dates. | StanCo_2614-2633 |

Deputy Zazueta Email Correspondence, 5/18/21-6/4/21,          StanCo_2634-2635
for search terms: "S21018395" or "S21-018395" or
"Xander" or "Mann" and dates.

Responding party will not disclose those documents which are protected by attorney client
privilege under Fed. R. Civ. P. 26(b)(3)(A). No further correspondence will be produced
absent a significant narrowing of the overbroad and burdensome request.

(*Id*. Ex. K at 6–7.)

On May 10, 2022, the Estate's counsel sent an email to the County's counsel. (*Id*. Ex. L.)

On May 13, 2022, the parties' counsel again met-and-conferred by telephone. (*Id*. ¶ 16; *id*. Ex. M.)

On May 17, 2022, the Estate's counsel sent an email to the County's counsel. (*Id*. Ex. N.)

On May 20, 2022, the County's counsel sent an email to the Estate's counsel. (*Id*. Ex. O.)
Therein, a heavily redacted copy of the "County Claim Investigation Report" was provided. (*Id*.)

Later, on May 20, 2021, the County served "supplemental" responses:

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:
Responding party supplements the previous responses with all non-privileged and non-
confidential Stanislaus County Sheriff's Department personnel emails from 880 mailboxes
for the dates May 18, 2021 through June 4, 2021, contained on a flash drive marked
**StanCo_4232**. Emails protected from disclosure by attorney-client privilege and emails
containing confidential juvenile records will be identified in a privilege log to follow.

(*Id*. Ex. P at 2.)

On June 8, 2022, the Estate filed the instant motion. (ECF No. 45.)

## III.   **THE PARTIES' CONTENTIONS**

### A.   **MOTION TO COMPEL**

"A party seeking discovery may move for an order compelling … production," where "a party fails to produce documents … as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). "When a party resists discovery, he has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *See, e.g.*, *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 498 (E.D. Cal. 2012); *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1033 (E.D. Cal. 2010); *EEOC v. ABM Indus.*, 261 F.R.D. 503, 506 (E.D. Cal. 2009).

#### 1.   **Boilerplate Objections**

<u>Estate's Position</u>: "[B]oilerplate objections are presumptively insufficient." *Burlington N. &*

7

**JOINT STATEMENT RE: DISCOVERY DISAGREEMENT**
*Estate of Mann v. County of Stanislaus*, United States District Court, Eastern District of California, Case No. 1:21-cv-01098-AWI-SKO

*Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005). Rather, the responding party must assert particularized and specific objections, Fed. R. Civ. P. 34(b)(2)(B), "includ[ing] a statement of reasons and, if appropriate, citation to relevant authority, " E.D. Cal. L.R. 250.3(b). "If there is *no* legitimate basis to resist discovery, the attempt to evade disclosure through reliance on boilerplate objections is an abuse of the discovery process." *See*, *e.g.*, *Marti v. Baires*, 2012 U.S. Dist. LEXIS 77962, at *19 (E.D. Cal. June 5, 2012); *Mort v. Brennan*, 2020 U.S. Dist. LEXIS 175924, at *11 (E.D. Cal. Sep. 24, 2020). The County's objections asserted in response to the Estate's requests are non-specific, unsupported boilerplate and, thus, an abuse of the discovery process. (*See* Merin Decl. Ex. E at 2; *id.* Ex. F at 2; *id.* Ex. H at 3–6; *id.* Ex. K at 6–7; *id.* Ex. P at 2.)

County's Position:  Plaintiffs propounded 90 requests for documents to the County of Stanislaus to date – the request in question seeks numerous categories of documents without any parameters as to departments or employees of the County. Plaintiffs' overbroad requests along with the open status of investigations have presented obstacles in producing documents, yet all videos related to the incident and most reports have been provided except for the IA report as that investigation has only very recently closed. The County has cooperated in Plaintiffs' *numerous* meet and confer efforts in this matter, resulting in further production of records. If this motion to compel seeks an unredacted version of the Investigative Report produced on May 20, 2022, Defendant County fails to ascertain any legitimate discovery dispute, as Plaintiffs failed to request an unredacted version of the report until filing this motion to compel. Defendant County anticipates that a mutually agreeable solution to this record can be reached with the need for judicial intervention.

Estate's Reply: The County's position is non-responsive. In fact, the County does not appear to dispute that its objections are improper boilerplate. This dispute relates to only *one* discovery request, RFP No. 1. The County's reference to "overbroad requests" is unsupported and waived, where the County never objected to RFP No. 1 on the basis that it was not relevant or "overbroad." *See*, *e.g.*, *Thomas*, 715 F. Supp. 2d at 1032 ("A party opposing discovery on the basis that the request is overbroad bears the burden of showing why discovery should be denied.").

## 2.    Failure to Produce Privilege Log/Waiver

Estate's Position: "Refusal to produce discovery based on a blanket assertion of privilege and

without a proper privilege log is clearly not an appropriate response to the discovery request." *Johnson v. Runnels*, 2009 U.S. Dist. LEXIS 34086, at \*17–18 (E.D. Cal. Mar. 31, 2009). "When a party asserts a privilege it has the burden of making a prima facie showing that the privilege protects the information that the party intends to withhold." *Estate of Thomas v. County of Sacramento*, 2021 U.S. Dist. LEXIS 239058, at \*4 (E.D. Cal. Dec. 13, 2021) (internal citations omitted); *see*, *e.g.*, *Miller v. Pancucci*, 141 F.R.D. 292, 302 (C.D. Cal. 1992) (identify "list of items [] sufficient to sustain the burden"). "Privilege logs are due at the time a discovery response is made." *Brinckerhoff v. Town of Paradise*, 2010 U.S. Dist. LEXIS 126895, at \*21 (E.D. Cal. Nov. 18, 2010); *Sanchez v. County of Sacramento*, 2020 U.S. Dist. LEXIS 114327, at \*5 (E.D. Cal. June 29, 2020). The County's objections asserted in response to the Estate's request are unsupported by any privilege log. (*See* Merin Decl. Ex. E at 2; *id*. Ex. F at 2; *id*. Ex. H at 3–6; *id*. Ex. K at 6–7; *id*. Ex. P at 2.)

"[A]n untimely privilege log[] may (but do not necessarily) result in waiver." *Sanchez*, 2020 U.S. Dist. LEXIS 114327, at \*5. "[U]sing the 30-day period as a default guideline, a district court should make a case-by-case determination…" *Burlington N. & Santa Fe Ry.*, 408 F.3d at 1149. In this case, the Estate originally served its requests on November 9, 2021, and now, <u>more than seven months later</u>, the County has not produced a sufficient privilege log—or any privilege log whatsoever. A delay this substantial results in waiver. *See*, *e.g.*, *Burlington N. & Santa Fe Ry.*, 408 F.3d at 1149–50 ("five months later"); *Loop AI Labs Inc. v. Gatti*, 2016 U.S. Dist. LEXIS 64348, at \*9 (N.D. Cal. May 13, 2016) (privilege log served "seven months after [] initial production" was "grossly late").

<u>County's Position</u>: A privilege log for 300-plus pages of communications between Defendants and counsel will be provided prior to the July 6, 2022 hearing date on this motion to compel. Non-privileged email communications responsive to Request Number 1, 4 and 10 have been produced; non-privileged email communications responsive to Request Number 9 (regarding "creation of the Critical Incident Video") have been identified and reviewed by counsel and will be produced prior to the July 6, 2022 hearing date on this motion. Defendant's privileged communications with counsel which occurred after this officer involved shooting incident are not relevant to Plaintiffs' federal and state causes of action, and nor are they proportional to the needs of the case - and are thus not discoverable under Rule 26(b) guidelines. Should the Court order production of the email records with counsel, however,

Defendant respectfully requests an in-camera review of the materials prior to turning the records over to Plaintiffs.

Estate's Reply: The County concedes that it has failed timely to produce a privilege log—and that it has not produced a privilege log, to date. Additionally, the County fails to address the relevant factors which are "applied in the context of a holistic reasonableness analysis" related to waiver/forfeiture for failure to produce a privilege log. *See Burlington N. & Santa Fe Ry.*, 408 F.3d at 1149. Further, the County's request for "an in-camera review of the materials prior to turning the records over to Plaintiffs" is an improper request for the Court to carry the County's burden. "In camera review should not replace the effective adversarial testing of the claimed privileges and protections." *Estate of Thomas v. County of Sacramento*, 2022 U.S. Dist. LEXIS 9067, at *7 (E.D. Cal. Jan. 18, 2022) (citation omitted). Indeed, the Court would be in no better a position to evaluate the withheld documents than Plaintiffs, without the County's requisite privilege log or any support for the asserted privilege.

### 3.        Attorney-Client Privilege

Estate's Position: "Attorney-client privilege applies when (1) legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived. The burden is on the party asserting the privilege to show that the privilege applies." *Sanchez v. County of Sacramento*, 2021 U.S. Dist. LEXIS 105549, at *8 (E.D. Cal. June 3, 2021) (citations omitted).

Procedurally, the County failed to raise the attorney-client privilege until it produced an incomplete "supplemental" response on May 20, 2021—*months* after responsive documents were due. (*See* Merin Decl. Ex. P at 2.) "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). "It is also true that potential objections not contained within a timely response are waived, meaning that new objections raised in an untimely supplemental response will not be considered." *Cal. Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 2014 U.S. Dist. LEXIS 144173, at *11 (E.D. Cal. Oct. 9, 2014); *see also Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 409–10 (C.D. Cal. 2005) ("A party who fails to file timely objections waives all objections, including

1 | those based on privilege or work product.").

2 | Substantively, the County's unsupported assertion of the attorney-client privilege is insufficient,

3 | where it fails to identify *which* privileged documents were withheld and on *what* basis. *See*, *e.g.*, *Estate*

4 | *of Thomas*, 2021 U.S. Dist. LEXIS 239058, at *4 ("[T]he proponent must provide the court with enough

5 | information to enable the court to determine privilege, and the proponent must show by affidavit that

6 | precise facts exist to support the claim of privilege." (citation omitted)). The attorney-client privilege

7 | does not apply to investigations of officer-involved incidents. *See*, *e.g.*, *Hermosillo v. County of San*

8 | *Bernardino*, 2016 U.S. Dist. LEXIS 192690, at *5–9 (C.D. Cal. Oct. 11, 2016); *Anderson v. Marsh*, 312

9 | F.R.D. 584, 591–92 (E.D. Cal. 2015); *Myles v. County of San Diego*, 2016 U.S. Dist. LEXIS 59452, at

10 | *26 (S.D. Cal. May 4, 2016); *Medina v. County of San Diego*, 2014 U.S. Dist. LEXIS 135672, at *40–41

11 | (S.D. Cal. Sep. 25, 2014); *Jackson v. County of Sacramento*, 175 F.R.D. 653, 657 (E.D. Cal. 1997);

12 | *Griffith v. Davis*, 161 F.R.D. 687, 694–97 (C.D. Cal. 1995); *Gonzales v. Mun. Court*, 67 Cal. App. 3d

13 | 111, 120 (Cal. Ct. App. 1977). Specifically, investigations of a pre-litigation government claim are not

14 | protected. *See*, *e.g.*, *Sanchez*, 2022 U.S. Dist. LEXIS 52782, at *10–14; *Mollica*, 2022 U.S. Dist. LEXIS

15 | 19384, at *13–16.

16 | County's Position: A privilege log for 300-plus pages of communications between Defendants

17 | and counsel will be provided prior to the July 6, 2022 hearing date on this motion to compel. Non-

18 | privileged email communications responsive to Request Number 1, 4 and 10 have been produced; non-

19 | privileged email communications responsive to Request Number 9 (regarding "creation of the Critical

20 | Incident Video") have been identified and reviewed by counsel and will be produced prior to the July 6,

21 | 2022 hearing date on this motion. Defendant's privileged communications with counsel which occurred

22 | after this officer involved shooting incident are not relevant to Plaintiffs' federal and state causes of

23 | action, and nor are they proportional to the needs of the case - and are thus not discoverable under Rule

24 | 26(b) guidelines. Should the Court order production of the email records with counsel, however,

25 | Defendant respectfully requests an in-camera review of the materials prior to turning the records over to

26 | Plaintiffs.

27 | Estate's Reply: The County's position is non-responsive. In fact, the County does not appear to

28 | dispute that it fails adequately to assert the attorney-client privilege. This dispute relates to only *one*

discovery request, RFP No. 1. The County's reference to communications which are "not relevant" or "proportional to the needs of the case" is unsupported and waived, where the County never objected to RFP No. 1 on the basis that it was "not relevant." *See*, *e.g.*, *Mollica v. County of Sacramento*, 2021 U.S. Dist. LEXIS 111271, at *2 (E.D. Cal. June 14, 2021) ("Objections not raised in a written response to discovery may not be raised for the first time in a discovery motion." (citation omitted)). In any event, the County's untimely relevance-based objection is unexplained and unsupported, *See*, *e.g.*, *Gen. Elec. Co. v. Wilkins*, 2012 U.S. Dist. LEXIS 87094, at *26 (E.D. Cal. June 22, 2012) (if the objecting party "does not explain why the request is not relevant," then its "general objection based upon relevance[] amounts to a waiver of the objection.").

### 4.    Work Product Doctrine

Estate's Position: "The party asserting [work product] protection bears the burden of proving the doctrine applies demonstrating that the materials are: (1) documents and tangible things; (2) prepared in anticipation of litigation or for trial; and, (3) the documents or tangible things were prepared by or for the party or the attorney asserting the privilege." *Sanchez*, 2021 U.S. Dist. LEXIS 105549, at *10–11. "[T]he work product doctrine does not protect materials that are prepared in the ordinary course of business." *Anderson*, 312 F.R.D. at 593.

The County's counsel argued in an email—but not in any discovery response signed pursuant to Fed. R. Civ. P. 26(g)—that the "County Claim Investigation Report" prepared by Sheriff's Department personnel should be protected because "it was identified as confidential and privileged when it was created…" (*See* Merin Decl. Ex. O.) But the manner in which a document is labeled is not dispositive. S*ee Tri-State Generation & Transmission Ass'n v. Mitsubishi Int'l Corp.*, 2016 U.S. Dist. LEXIS 92126, at *8 (D. Ariz. July 15, 2016) ("[T]he [r]eport was commissioned by legal counsel, was kept private, and was labeled as confidential 'Attorney Work Product.' While these facts may suggest litigation was anticipated, they are not dispositive."). Rather, "[t]o be protected by the doctrine, the primary motivating purpose behind the creation of the materials must be to aid in possible future litigation." *Anderson*, 312 F.R.D. at 593. "A more or less routine investigation of a possibly resistible claim is not sufficient to immunize under the work product rule an investigative report developed in the ordinary course of business." *Garcia v. City of El Centro*, 214 F.R.D. 587, 593 (S.D. Cal. 2003) (citation & alterations

12

omitted). Accordingly, the County's investigation of Plaintiffs' government claim does not constitute

protectable work product because "the documents were created in the ordinary course of the County's

business." *See*, *e.g.*, *Mollica*, 2022 U.S. Dist. LEXIS 19384, at *14; *Sanchez*, 2022 U.S. Dist. LEXIS

52782, at *10–14; *Anderson*, 312 F.R.D. at 593; *Myles*, 2016 U.S. Dist. LEXIS 59452, at *31–34;

*Griffith*, 161 F.R.D. at 699; *Miller*, 141 F.R.D. at 303; *Kelly v. City of San Jose*, 114 F.R.D. 653, 659

(N.D. Cal. 1987).

The following is timeline of the County's investigation of the government claim in this case:

| Date | Event | Source |
|------|-------|--------|
| 06/07/21 | Plaintiffs' government claim is received by the County | Merin Decl. Ex. A |
| 07/05/21 | Sheriff's Department personnel prepared the "County Claim Investigation Report" | Merin Decl. Ex. B |
| 07/15/21 | County rejected Plaintiffs' government claim | Merin Decl. Ex. C |
| 07/19/21 | Plaintiffs initiated a federal civil rights action | ECF No. 1 |

As the above timeline demonstrates, at the time that the Sheriff's Department issued the "County Claim

Investigation Report" on July 5, 2021, the government claim had not yet been rejected and litigation had

not yet been filed. (*Compare* Merin Decl. Ex. B *with id.* Ex. C; ECF No. 1.) "[N]o evidence shows the

County had decided to accept or reject [Plaintiffs'] claim when its representatives were preparing the

[investigation] documents. Nor had the County's insurance adjuster made any decision. No attorney was

involved in their preparation at all; the County had not yet retained counsel or issued a litigation hold. By

all appearances, the documents were created in the ordinary course of the County's business." *Mollica*,

2022 U.S. Dist. LEXIS 19384, at *14 (internal citation omitted).

County's Position:   Regarding the Investigative Report, Defendant County produced this

Sheriff's Department document on May 20, 2022 with redactions in light of the report heading stating

"Attorney Work Product – Prepared in Anticipation of Litigation." **Plaintiffs failed to request an

unredacted version of the report until filing this motion to compel on June 8, 2022.** Defendant

County anticipates that a mutually agreeable solution to this record can be reached with the need for

judicial intervention.

Estate's Reply: Substantively, the County appears to concede that the withholding of the "County

Claim Investigation Report" was improper and "anticipates" production of the document—though it has

not yet done so, and has failed to identify *when* it will do so. *See*, *e.g.*, *Mason v. Martinez*, 2016 U.S.

Dist. LEXIS 40634, at *22 (E.D. Cal. Mar. 25, 2016) ("Responding that documents will be provided at a later date does not give a party leave to produce the documents whenever they want or to unnecessarily delay their production.").

Procedurally, the County's argument that "Plaintiffs failed to request an unredacted version of the report until filing this motion to compel on June 8, 2022," is a blatant misrepresentation unsupported by the record. RFP No. 1 was an unambiguous request for "All DOCUMENTS relating to the investigation of the … government claim … including: … <u>reports</u>, and <u>memos</u>." (Merin Decl. Ex. D at 3 (emphasis added).) In response, the County <u>never</u> produced the responsive report—or even identified that it was withheld from production. (*See id.* Ex. E at 2; *id.* Ex. F at 2; *id.* Ex. H at 3–6; *id.* Ex. K at 6–7; *id.* Ex. P at 2.) The parties met-and-confer concerning RFP No. 1 on multiple occasions, during which the County's counsel <u>never</u> identified the responsive report. (*See id.* ¶ 8; *id.* Ex. G; *id.* Ex. I at 2–6; *id.* ¶ 12; *id.* Ex. J; *id.* Ex. L; *id.* ¶ 16; *id.* Ex. M.) The Estate's counsel independently discovered that the County improperly withheld the responsive report—and provided the County's counsel will directly-relevant authority demonstrating that the report was subject to disclosure. (*See id.* Ex. N.) Nonetheless, the County's counsel continued to withhold the responsive report, explaining she would do so "unless our client indicates otherwise." (*See id.* Ex. O.) Accordingly, the County's argument that it did not know production of the complete report was required is disingenuous.

## 5.    Reasonable Inquiry

<u>Estate's Position</u>: "[A] party has an obligation to conduct a reasonable inquiry into the factual basis of his responses to discovery. Based on that inquiry, a party responding to a request for production is under an affirmative duty to seek that information reasonably available to it and make an appropriate production of responsive documents." *Perkins v. City of Modesto*, 2020 U.S. Dist. LEXIS 50028, at *7–8 (E.D. Cal. Mar. 20, 2020) (citation omitted). "The responding party cannot furnish only that information within his immediate knowledge or possession; he is under an affirmative duty to seek that information reasonably available to him from his employees, agents, or others subject to his control." *Id.*, at *8 (citation omitted). "The [responding party] is charged with knowledge of what documents it possesses." *Tarlton v. Cumberland Cty. Corr. Facility*, 192 F.R.D. 165, 170 (D.N.J. 2000).

Similarly, an attorney must conduct a "reasonable inquiry" prior to serving a discovery response.

*See* Fed. R. Civ. P. 26(g)(1). A "reasonable inquiry" requires, "at a minimum, a reasonable procedure to distribute discovery requests to all employees and agents of the defendant potentially possessing responsive information, and to account for the collection and subsequent production of the information to plaintiffs." *Nat'l Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 556 (N.D. Cal. 1987); *Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 680 (C.D. Cal. 2009). "Counsel ha[s] a duty to explain to their client what types of information would be relevant and responsive to discovery requests and ask how and where relevant documents may be maintained." *Tarlton*, 192 F.R.D. at 170. "Rule 26(g) requires counsel to be proactive in ensuring that his clients are conducting thorough and appropriate document searches, especially in light of obvious gaps and underproduction." *Perkins*, 2020 U.S. Dist. LEXIS 50028, at *11 (citation omitted).

The County and its counsel did not conduct the requisite "reasonable inquiry," as confirmed by the County's counsel's belated and unofficial production of the "County Claim Investigation Report." (*See* Merin Decl. Ex. N; *id.* Ex. O.) This document is obviously responsive to RFP No. 1—yet, the County <u>never</u> produced the document, until the Estate's counsel discovered that the document was missing and had not been produced by the County. (*Id.*) *See Tarlton*, 192 F.R.D. at 170 ("It was not [defendants'] option to simply react to plaintiff's fortuitous discovery of the existence of relevant documents by making disjointed searches, each time coming up with a few more documents, and each time representing that that was all they had.").

Based on the County's improper withholding, Plaintiffs have reason to be suspicious that there are additional documents responsive to RFP No. 1, at least, which have not been identified or produced by the County. "[I]t is appropriate to require Defendants to double-check for responsive information in its possession, custody, or control, and provide a verification that both explains the steps taken to conduct the double-check and certifies that all responsive documents have been provided," in "circumstances" where "Defendants have failed to provide adequate certification that [their] discovery responses were complete and correct as of the time made and … Defendants have failed to provide discovery in a timely manner and have later located information Defendants initially indicated was not available." *Perkins*, 2020 U.S. Dist. LEXIS 50028, at *18 (citing *Duenez v. City of Manteca*, 2013 U.S. Dist. LEXIS 24954, at *23–24 (E.D. Cal. Feb. 22, 2013)).

County's Position:  Regarding the Investigative Report, Defendant County produced this Sheriff's Department document on May 20, 2022 with redactions. **Plaintiffs failed to request an unredacted version of the report until filing this motion to compel on June 8, 2022.** Defendant County anticipates that a mutually agreeable solution to this record can be reached with the need for judicial intervention. Plaintiffs commenced this lawsuit shortly after the incident; the shooting spurred two investigations, one by the Stanislaus County District Attorney, and an Internal Affairs investigation. These two investigations have only just recently concluded. Plaintiffs' overbroad requests along with the open status of these investigations created obstacles and delays for document production. The County fully cooperated in Plaintiffs' numerous meet and confer efforts in this matter, resulting in further production of records. The IA investigation has concluded and will be produced as noted. Without further specific information, it is unclear what relevant records are believed by Plaintiffs to be in existence but not produced.

Estate's Reply: The County's position is non-responsive. In fact, the County does not appear to dispute that it failed adequately to search for and locate responsive documents. The County suggests that "it is unclear what relevant records are believed by Plaintiffs to be in existence but not produced." But that is not true, where the Estate has specifically requested: "All DOCUMENTS relating to the investigation of the Estate of Xander Mann, Amy Pickering, and Justin Mann's government claim dated June 4, 2021, concerning the officer-involved death of Xander Mann—including: interviews conducted, statements, correspondence, video/audio recordings, reports, and memos." (Merin Decl. Ex. D at 3.) The County has not searched for or produced *all* these documents and "the burden does not fall on plaintiff to learn whether, how and where defendant keeps relevant documents." *See Tarlton*, 192 F.R.D. at 170.

## B.   MOTION FOR EXPENSES

### 1.   Plaintiff's Position

"If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). "But the court must not order this payment if: (i) the movant filed the motion before

16

attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id*. The Estate seeks $5,475.00 in expenses for time spent preparing this motion. (Merin Decl. ¶¶ 23–25.)

"The test for substantial justification is one of reasonableness." *United States v. First Nat'l Bank of Circle*, 732 F.2d 1444, 1447 (9th Cir. 1984). "A request for discovery is 'substantially justified' under Rule 37 if reasonable people could differ on the matter in dispute." *United States EEOC v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 435 (D. Nev. 2006) (citing *Reygo Pacific Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982)). The "losing party" bears the burden of demonstrating that its conduct was substantially justified. *Aevoe Corp. v. AE Tech Co., LTD*, 2013 U.S. Dist. LEXIS 135755, at *7 (D. Nev. Sep. 20, 2013); *see also R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012). "[E]xpenses should ordinarily be awarded unless a court finds that the losing party acted justifiably in carrying this point to court." Fed. R. Civ. P. 37(a), Advisory Committee Notes to 1970 Amendments.

<u>Boilerplate Objections</u>: As discussed above, the County objected and withheld responsive documents to the Estate's requests based only on unsupported boilerplate objections. (*See* Merin Decl. Ex. E at 2; *id*. Ex. F at 2; *id*. Ex. H at 3–6; *id*. Ex. K at 6–7.) The Estate's counsel explained to County's counsel that the objections were insufficient during several meet-and-confer efforts. (*Id*. ¶¶ 8, 12, 16; *id*. Ex. G; *id*. Ex. I at 2–6; *id*. Ex. J; *id*. Ex. L; *id*. Ex. M; *id*. Ex. N.) Nonetheless, the County opted to stand on its insufficient objections and continues to withhold response documents, including a heavily-redacted "County Claim Review Investigation." (*Id*. Ex. O; *id*. Ex. P at 2.) "If there is *no* legitimate basis to resist discovery, the attempt to evade disclosure through reliance on boilerplate objections is an abuse of the discovery process." *Marti*, 2012 U.S. Dist. LEXIS 77962, at *19. Objections which are "boilerplate and devoid of any meaningful response" are "impermissible" and subject a party to expenses or sanctions. *Collins v. Landry's Inc.*, 2014 U.S. Dist. LEXIS 83003, at *11 (D. Nev. June 17, 2014).

<u>Unauthorized "Rolling" Production</u>: As discussed above, the County withheld responsive documents (and continues to withhold responsive documents) for several months after responsive documents were due. (*See* Merin Decl. Ex. E at 2; *id*. Ex. F at 2; *id*. Ex. H at 3–6; *id*. Ex. K at 6–7; *id*. Ex. O; *id*. Ex. P at 2.) The Rules require that, upon receipt of a request, "[t]he production must then be

1    completed no later than the time for inspection specified in the request or another reasonable time

2    specified in the response." Fed. R. Civ. P. 34(b)(2)(B). The County failed to produce responsive

3    documents *and* failed to specify a reasonable time that responses would be provided. Instead, the County

4    unilaterally granted itself unauthorized extensions of time, without complying with E.D. Cal. L.R.

5    144(a). *See, e.g., Lava Trading, Inc. v. Hartford Fire Ins. Co.*, 2005 U.S. Dist. LEXIS 2866, at *26-28

6    (S.D.N.Y. Feb. 24, 2005); *Novelty, Inc. v. Mt. View Mktg.*, 265 F.R.D. 370, 376 (S.D. Ind. 2009); *Kinetic*

7    *Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 240-41 (M.D.N.C. 2010); *Mason v. Martinez*, 2016

8    U.S. Dist. LEXIS 40634, at *22 (E.D. Cal. Mar. 25, 2016) ("Responding that documents will be provided

9    at a later date does not give a party leave to produce the documents whenever they want or to

10   unnecessarily delay their production.").

11           <u>Withholding Discovery Without A Privilege Log</u>: As discussed above, the County withheld

12   responsive documents (and continues to withhold responsive documents) for several months, without

13   producing a privilege log. (*See* Merin Decl. Ex. E at 2; *id.* Ex. F at 2; *id.* Ex. H at 3–6; *id.* Ex. K at 6–7;

14   *id.* Ex. O; *id.* Ex. P at 2.) But the Rules expressly required production of a privilege log under Fed. R.

15   Civ. P. 26(b)(5)(A), and "[r]efusal to produce discovery based on a blanket assertion of privilege and

16   without a proper privilege log is clearly not an appropriate response to the discovery request," *Johnson*,

17   2009 U.S. Dist. LEXIS 34086, at *17–18.

18           **2.      County's Position**

19           Defendant has fully cooperated in Plaintiffs' extensive discovery demands, despite the

20   burdensome and borderline frivolous requests, such as all communications from every County employee,

21   and despite challenges with two ongoing investigations. Plaintiffs failed to request an unredacted version

22   of the Investigative Report until filing this motion to compel, there is no legitimate discovery dispute and

23   they are not entitled to attorney's fees for pursuing this frivolous motion, pursuant to Fed. R. Civ. P.

24   37(a)(5)(A).

25           **3.      Estate's Reply**

26           The County's position is non-responsive. In fact, the County does not appear to dispute that it

27   asserted boilerplate objections, untimely produced documents without authorization to do so, and

28   continues to withhold responsive documents without a privilege log. Additionally, the County's portion

of this statement raises additional bases for an award of expenses.

<u>Production After Motion Filed</u>: "[I]f the disclosure or requested discovery is provided after the motion was filed[ ]the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The County's statement partially concedes that it will produce some withheld discovery (the "County Claim Investigation Report") and an adequate privilege log at some time in the future. Accordingly, because "[t]he records at issue are clearly relevant to this case and appropriate for discovery" but the County nonetheless withheld them from discovery, the Rules "specifically authorize fees in such circumstances." *See*, *e.g.*, *Libby v. City of Gridley*, 2021 U.S. Dist. LEXIS 145340, at *5–6 (E.D. Cal. Aug. 2, 2021); *Webb v. County of Stanislaus*, 2022 U.S. Dist. LEXIS 26568, at *14 (E.D. Cal. Feb. 11, 2022) (awarding fees where "the County provided the requested discovery and a privilege log . . . after the motion was filed").

<u>Untimely Participation in the Drafting of the Joint Statement</u>: The Estate's counsel provided the County's counsel with a complete draft of the Estate's portion of the joint statement on June 8, 2022. (Merin Decl. Ex. Q.) Therein, the Estate's counsel stated:

> "The Joint Statement is meant to be a collaborative product between both sides, not simply two separate briefs stapled to each other. The intent of the Local Rule is for the parties to meet and confer and collaborate on drafting a document which sets forth the facts and legal issues which are agreed upon by the parties and which facts and legal issues are disputed." *Estate of Crawley v. Kings County*, 2015 U.S. Dist. LEXIS 59439, at *13–14 (E.D. Cal. May 6, 2015). The parties may not hide their portions of the joint statement until the date when it is due to be filed, "in the hopes that it w[ill] be filed as-is," without the opposing party's opportunity to respond. *See id.*, at *15.

> Accordingly, please provide us with the date by when we will receive the County's further drafts of the Joint Statements, with sufficient time for the Estate to incorporate a response, if necessary. We look forward to working cooperatively with you to prepare and finalize these Joint Statements for filing with the Court.

(*Id.*) But the County's counsel never responded to the Estate's counsel. Instead, one day before this joint statement was due to be filed, on June 20, 2022, at 7:16 p.m., the County's counsel provided a draft of the County's portion of the statement and stated "I will be out of the office tomorrow…" (*Id.* Ex. R.) The County's counsel's conduct violates the "collaborative" purpose of the joint statement process and

19

**JOINT STATEMENT RE: DISCOVERY DISAGREEMENT**
*Estate of Mann v. County of Stanislaus*, United States District Court, Eastern District of California, Case No. 1:21-cv-01098-AWI-SKO

1   "treated the Joint Statement as a creature of their sole control and creation…" *See Estate of Crawley*,

2   2015 U.S. Dist. LEXIS 59439, at *13. Further, this is not the County's counsel's first offense, where

3   counsel withheld the County's portions of draft joint statements until days before the filing date in two

4   prior disputes in this case. (*See* ECF No. 24, 25.) This type of discovery gamesmanship should not be

5   encouraged or allowed to continue.

6   Dated: June 22, 2022                                    Respectfully Submitted,

7                                                           LAW OFFICE OF MARK E. MERIN

8                                                               */s/ Mark E. Merin*

9                                                           By: _____

10                                                              Mark E. Merin
                                                               Paul H. Masuhara

11                                                              Attorneys for Plaintiffs
                                                               ESTATE OF XANDER MANN,
12                                                             AMY PICKERING, and JUSTIN MANN

13  Dated: June 22, 2022                                    Respectfully Submitted,

14                                                          RIVERA HEWITT PAUL LLP

15                                                              */s/ Jill B. Nathan*
                                                               (as authorized on June 22, 2022)
16                                                          By: _____

17                                                              Shanan L. Hewitt
                                                               Jill B. Nathan
18                                                             Wendy Motooka

19                                                              Attorneys for Defendants
                                                               COUNTY OF STANISLAUS,
20                                                             STANISLAUS COUNTY SHERIFF'S
                                                               DEPARTMENT, and JEFF DIRKSE

21

22

23

24

25

26

27

28