Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:      (916) 443-6911
Facsimile:      (916) 447-8336
E-Mail:          mark@markmerin.com
                 paul@markmerin.com

   Attorneys for Plaintiffs
   ESTATE OF XANDER MANN,
   AMY PICKERING, and JUSTIN MANN

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Ste. 160
Gold River, California 95670
Tel: 916-922-1200
Fax: 916-922-1303
Shanan L. Hewitt (SBN 200168)
shewitt@rhplawyers.com
Jill B. Nathan (SBN 186136)
jnathan@rhplawyers.com
Wendy Motooka (SBN 233589)
wmotooka@rhplawyers.com

   Attorneys for Defendants
   COUNTY OF STANISLAUS,
   STANISLAUS COUNTY SHERIFF'S
   DEPARTMENT, and JEFF DIRKSE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| ESTATE OF XANDER MANN, AMY PICKERING, and JUSTIN MANN,<br><br>                    Plaintiffs,<br><br>vs.<br><br>COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, GERARDO ZAZUETA, and DOE 1 to 20,<br><br>                    Defendants. | Case No. 1:21-cv-01098-AWI-SKO<br><br>**JOINT STATEMENT RE: DISCOVERY DISAGREEMENT**<br><br>Date:          July 6, 2022<br>Time:          9:30 a.m.<br>Location:      Robert E. Coyle U.S. Courthouse<br>                2500 Tulare Street<br>                Fresno, CA 93721<br>Courtroom:    7 (6th Floor)<br>Magistrate Judge:    Hon. Sheila K. Oberto |

Pursuant to the E.D. Cal. L.R. 251(c), Plaintiff Estate of Xander Mann and Defendant County of Stanislaus submit the following Joint Statement Re: Discovery Disagreement, in connection with the pending motions to compel and for expenses (ECF No. 46).

## I.   STATEMENT OF THE ACTION AND RELEVANT DISPUTES

### A.   ESTATE'S POSITION

This action arises from the officer-involved shooting and death of 16-year-old Xander Mann on May 18, 2021. Generally, Plaintiffs allege that Stanislaus County Sheriff's Deputy Gerardo Zazueta used excessive force when he fired several gunshots into a vehicle occupied by five minors, as the vehicle was driven away from Deputy Zazueta in a non-threatening manner. The instant dispute concerns a motion to compel correspondence related to the County's investigation of the officer-involved shooting incident.

At the beginning of discovery, on November 9, 2021, Plaintiffs requested Defendants to produce: "All correspondence sent and received by Stanislaus County Sheriff's Department personnel relating to the officer-involved death of Xander Mann, from May 18, 2021, to present…" (Declaration of Mark E. Merin ("Merin Decl.") Exhibit ("Ex.") A at 3.) In January 2022, in response, Defendants objected and refused to produce *any* documents. (*Id*. Ex. B at 4.) On March 11, 2022, Defendants amended the response and produced police reports and a few emails and text messages—but did not state or identify any withheld correspondence. (*Id*. Ex. C at 4–5.)

On March 31, 2022, during a telephonic conference, Defendants' counsel acknowledged that there were approximately 1,000 emails that had not been produced—or identified—in response to Plaintiffs' discovery requests. (*Id*. ¶ 9; *id*. Ex. G.) Defendants' counsel admitted that she obtained these documents from her client *before* discovery requests were propounded but had not produced them because she was unable to access the files without the assistance of her client. (*Id*.) Defendants' counsel stated that she would review the documents, produce some of the correspondence, and produce a privilege log identifying the remaining correspondence which were withheld by April 15, 2022. (*Id*.) But Defendants' counsel failed to so.

On May 20, 2022, Defendants produced "supplemental" responses which consisted of additional email correspondence. (*Id*. Ex. L at 3.) The production stated that it was incomplete, that unidentified emails were being withheld, and that "privilege log to follow." (*Id*.) To date, Defendants continue to

withhold unidentified responsive documents, without a privilege log or explanation. Accordingly, Plaintiffs move to compel production.

**B.    COUNTY'S POSITION**

A privilege log for 300-plus pages of communications between Defendants and counsel will be provided prior to the July 6, 2022 hearing date on this motion to compel. Non-privileged email communications responsive to request number 4 have been produced; non-privileged email communications responsive to request number 9 (regarding "creation of the Critical Incident Video") have been identified and reviewed by counsel and will be produced prior to the July 6, 2022 hearing date on this motion. Defendant's privileged communications with counsel which occurred after this officer involved shooting incident are not relevant to Plaintiffs' federal and state causes of action, and nor are they proportional to the needs of the case - and are thus not discoverable under Rule 26(b) guidelines. Should the Court order production of the email records with counsel, however, Defendant respectfully requests an in-camera review of the materials prior to turning the records over to Plaintiffs.

## II.    <u>DETAILS OF THE PARTIES' CONFERENCES</u>

On November 9, 2021, Plaintiff Estate of Xander Mann ("Estate") propounded requests for production, set one, on Defendant County of Stanislaus ("County"), including:

REQUEST FOR PRODUCTION NO. 4:
All correspondence sent and received by Stanislaus County Sheriff's Department personnel relating to the officer-involved death of Xander Mann, from May 18, 2021, to present— including: statements, memos, reports, e-mails, text messages/short message service ("SMS") messages, and mobile data terminal ("MDT") messages.

(Merin Decl. Ex. A at 3.)

On January 4, 2022, the County served a response and objections, including:

RESPONSE TO REQUEST FOR PRODUCTION NO. 4:
Based on current circumstances, responding party cannot produce requested records without a protective order while the District Attorney is investigating.
Objection. Responding party objects to the request on the basis that it is overbroad, burdensome, compound, and beyond the scope of discovery permitted under Federal Rule of Civil Procedure 26 as the request is not relevant to claims or defenses and is not proportional to the needs of the case as required under Rule 26(b)(1). Responding party further objects that the request calls for disclosure of confidential information protected by the federal common law official information privilege and state law official information privilege pursuant to California Evidence Code § 1040. See *Sanchez v. Cty of L.A.,* no. 2:20-cv-01146, 2020 WL 6682665 (C.D. Cal. Nov. 12, 2020).

2

(*Id*. Ex. B at 4.)

On January 11, 2022, the County served "amended" responses and objections, including:

AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 4:
  Based on current circumstances, responding party cannot produce requested records without a protective order while the District Attorney is investigating.
  Objection. Responding party objects to the request on the basis that it is overbroad, burdensome, compound, and beyond the scope of discovery permitted under Federal Rule of Civil Procedure 26 as the request is not relevant to claims or defenses and is not proportional to the needs of the case as required under Rule 26(6)(1). Responding party further objects that the request calls for disclosure of confidential information protected by the federal common law official information privilege and state law official information privilege pursuant to California Evidence Code § 1040. See *Sanchez v. Cty of L.A.*, no. 2:20-cv-01146, 2020 WL 6682665 (C.D. Cal. Nov. 12, 2020). Responding party objects that the request calls for production of records protected by the law enforcement investigatory privilege. See *United States v. Winner*, 641 F.2d 825, 831 (10th Cir. 1981).

(*Id*. Ex. C at 4–5.)

On January 21, 2022, the parties' counsel met-and-conferred by telephone. (*Id*. ¶ 5; *id*. Ex. D.)

On March 11, 2022, the County served "2nd amended" responses and objections, including:

SECOND AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 4:
Subject to and without waiving the prior objections, responding party produces the following documents in response to Request for Production No. 4:
StanCo_0001-0249 [ICJIS Reports]
StanCo_1955-1973 [Sutter Health Records]
StanCo_2052-2053 [Crime Scene Analyst Mapping]
StanCo_2057-2214 [CAD; Stanley-Tovar SP21018395]
StanCo_2437-2439 [Vehicle Pursuit S21018395]
StanCo_2443-2454 [Emails]
StanCo_2505-2516 [Text Messages]

(*Id*. Ex. E at 9.)

On March 16, 2022, the Estate's counsel sent a letter to the County's counsel. (*Id*. Ex. F at 9–11.)

On March 31, 2022, the parties' counsel again met-and-conferred by telephone. (*Id*. ¶ 9; *id*. Ex. G.)

On May 6, 2022, the County served "3rd amended" responses:

THIRD AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 4:
  Responding party amends prior responses regarding this investigation to include the following:

Report results of Stanislaus Sheriff's Department Email          StanCo_2614-2633
Correspondence, 5/18/21-6/4/21, for search terms:
"S21018395" or "S21-018395" or "Xander" or "Mann" and
dates.

3

**JOINT STATEMENT RE: DISCOVERY DISAGEEMENT**
*Estate of Mann v. County of Stanislaus*, United States District Court, Eastern District of California, Case No. 1:21-cv-01098-AWI-SKO

Deputy Zazueta Email Correspondence, 5/18/21-6/4/21, for          StanCo_2634-2635
search terms: "S21018395" or "S21-018395" or "Xander" or
"Mann" and dates.

> Responding party will not disclose those documents which are protected by attorney client privilege under Fed. R. Civ. P. 26(b)(3)(A). No further correspondence will be produced absent a significant narrowing of the overbroad and burdensome request.

(*Id.* Ex. H at 18.)

On May 10, 2022, the Estate's counsel sent an email to the County's counsel. (*Id.* Ex. I.)

On May 13, 2022, the parties' counsel again met-and-conferred by telephone. (*Id.* ¶ 13; *id.* Ex. J.)

On May 20, 2022, the County's counsel sent an email to the County's counsel. (*Id.* Ex. K.)

Later, on May 20, 2021, the County served "supplemental" responses:

> SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:
> Responding party supplements the previous responses with all non-privileged and non-confidential Stanislaus County Sheriff's Department personnel emails from 880 mailboxes for the dates May 18, 2021 through June 4, 2021, contained on a flash drive marked **StanCo_4232**. Emails protected from disclosure by attorney-client privilege and emails containing confidential juvenile records will be identified in a privilege log to follow.

(*Id.* Ex. L at 3.)

On June 8, 2022, the Estate filed the instant motion. (ECF No. 46.)

## III.   THE PARTIES' CONTENTIONS

### A.   MOTION TO COMPEL

"A party seeking discovery may move for an order compelling … production," where "a party fails to produce documents … as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). "When a party resists discovery, he has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *See, e.g.*, *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 498 (E.D. Cal. 2012); *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1033 (E.D. Cal. 2010); *EEOC v. ABM Indus.*, 261 F.R.D. 503, 506 (E.D. Cal. 2009).

### 1.   Boilerplate Objections

Estate's Position: "[B]oilerplate objections are presumptively insufficient." *Burlington N. & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005). Rather, the responding party must assert particularized and specific objections, Fed. R. Civ. P. 34(b)(2)(B), "includ[ing] a statement of reasons and, if appropriate, citation to relevant authority, " E.D. Cal. L.R. 250.3(b). "If there

is *no* legitimate basis to resist discovery, the attempt to evade disclosure through reliance on boilerplate objections is an abuse of the discovery process." *See*, *e.g.*, *Marti v. Baires*, 2012 U.S. Dist. LEXIS 77962, at *19 (E.D. Cal. June 5, 2012); *Mort v. Brennan*, 2020 U.S. Dist. LEXIS 175924, at *11 (E.D. Cal. Sep. 24, 2020). The County's objections asserted in response to the Estate's request are non-specific, unsupported boilerplate and, thus, an abuse of the discovery process. (*See* Merin Decl. Ex. B at 4; *id*. Ex. C at 4–5; *id*. Ex. E at 9; *id*. Ex. H at 18; *id*. Ex. L at 3.)

County's Position: This officer-involved shooting occurred on May 18, 2021. Plaintiffs submitted a government claim approximately two weeks after the incident, on June 4, 2021, and filed the lawsuit shortly thereafter. The shooting spurred two investigations, one by the Stanislaus County District Attorney, and a Sheriff's Department Internal Affairs investigation. These two investigations have only just recently concluded, yet Plaintiffs have propounded 90 requests for documents to the County of Stanislaus to date. Plaintiffs' request number 4 seeks "all correspondence sent and received by Stanislaus County Sheriff's Department personnel relating to the officer-involved death of Xander Mann, from May 18, 2021, to present…" The request to the County is overbroad in terms of scope of personnel and time, it encompasses one-way and all third party communications and privileged communications, and as a result the request is burdensome. For example, a search of Sheriff's Department personnel's emails for the two-week period after the incident resulted in over 3000 emails – many of which were not proportional to the needs of the case. Defendant County's initial objections to production of Sheriff's Department emails were based upon a good faith belief initially, as the details in support of the objections cannot be logically determined without first reviewing and assessing the emails; the existence of privileged attorney communications cannot be determined without first reviewing and assessing the emails; the existence of confidential juvenile information cannot be determined without first reviewing and assessing the emails.

Estate's Reply: The County concedes that it asserted boilerplate objections because it had not yet "review[ed] and assess[ed] the emails." Essentially, the County admits that its counsel violated Fed. R. Civ. P. 26(g), which requires that an attorney must conduct a "reasonable inquiry" *prior* to serving a discovery response. *See Perkins v. City of Modesto*, 2020 U.S. Dist. LEXIS 50028, at *7–8 (E.D. Cal. Mar. 20, 2020). The County has failed to cite *any* authority for the proposition that, if a responding

party's "review and assessment" of responsive documents is incomplete at the time production is due, it may simply refuse to respond and assert boilerplate objections. It may not. *See*, *e.g.*, *Novelty, Inc. v. Mt. View Mktg.*, 265 F.R.D. 370, 376 (S.D. Ind. 2009). Rather, if the County was unable to review and produce responsive documents within the time required by Rule, it was the County's obligation to seek and obtain an appropriate extension of time. *See id.*; *see also* E.D. Cal. L.R. 144(a). The County's assertion of boilerplate objections was clearly prohibited by Ninth Circuit authority. *See Burlington N. & Santa Fe Ry.*, 408 F.3d at 1149.

### 2.      Failure to Produce Privilege Log/Waiver

<u>Estate's Position</u>: "Refusal to produce discovery based on a blanket assertion of privilege and without a proper privilege log is clearly not an appropriate response to the discovery request." *Johnson v. Runnels*, 2009 U.S. Dist. LEXIS 34086, at *17–18 (E.D. Cal. Mar. 31, 2009). "When a party asserts a privilege it has the burden of making a prima facie showing that the privilege protects the information that the party intends to withhold." *Estate of Thomas v. County of Sacramento*, 2021 U.S. Dist. LEXIS 239058, at *4 (E.D. Cal. Dec. 13, 2021) (internal citations omitted); *see*, *e.g.*, *Miller v. Pancucci*, 141 F.R.D. 292, 302 (C.D. Cal. 1992) (identify "list of items [] sufficient to sustain the burden"). "Privilege logs are due at the time a discovery response is made." *Brinckerhoff v. Town of Paradise*, 2010 U.S. Dist. LEXIS 126895, at *21 (E.D. Cal. Nov. 18, 2010); *Sanchez v. County of Sacramento*, 2020 U.S. Dist. LEXIS 114327, at *5 (E.D. Cal. June 29, 2020). The County's objections asserted in response to the Estate's request are unsupported by any privilege log. (*See* Merin Decl. Ex. B at 4; *id.* Ex. C at 4–5; *id.* Ex. E at 9; *id.* Ex. H at 18; *id.* Ex. L at 3.)

"[A]n untimely privilege log[] may (but do not necessarily) result in waiver." *Sanchez*, 2020 U.S. Dist. LEXIS 114327, at *5. "[U]sing the 30-day period as a default guideline, a district court should make a case-by-case determination…" *Burlington N. & Santa Fe Ry.*, 408 F.3d at 1149. In this case, the Estate originally served its requests on November 9, 2021, and now, <u>more than seven months later</u>, the County has not produced a sufficient privilege log—or any privilege log whatsoever. A delay this substantial results in waiver. *See*, *e.g.*, *Burlington N. & Santa Fe Ry.*, 408 F.3d at 1149–50 ("five months later"); *Loop AI Labs Inc. v. Gatti*, 2016 U.S. Dist. LEXIS 64348, at *9 (N.D. Cal. May 13, 2016) (privilege log served "seven months after [] initial production" was "grossly late").

County's Position: A privilege log for 300-plus pages of communications between Defendants and counsel will be provided prior to the July 6, 2022 hearing date on this motion to compel. Non-privileged email communications responsive to Request Numbers 1, 4 and 10 have been produced; non-privileged email communications responsive to Request Number 9 (regarding "creation of the Critical Incident Video") have been identified and reviewed by counsel and will be produced prior to the July 6, 2022 hearing date on this motion. Defendant's privileged communications with counsel which occurred after this officer involved shooting incident are not relevant to Plaintiffs' federal and state causes of action, and nor are they proportional to the needs of the case - and are thus not discoverable under Rule 26(b) guidelines. Should the Court order production of the email records with counsel, however, Defendant respectfully requests an in-camera review of the materials prior to turning the records over to Plaintiffs.

Estate's Reply: The County concedes that it has failed timely to produce a privilege log—and that it has not produced a privilege log, to date. Additionally, the County fails to address the relevant factors which are "applied in the context of a holistic reasonableness analysis" related to waiver/forfeiture for failure to produce a privilege log. *See Burlington N. & Santa Fe Ry.*, 408 F.3d at 1149. Further, the County's request for "an in-camera review of the materials prior to turning the records over to Plaintiffs" is an improper request for the Court to carry the County's burden. "In camera review should not replace the effective adversarial testing of the claimed privileges and protections." *Estate of Thomas v. County of Sacramento*, 2022 U.S. Dist. LEXIS 9067, at *7 (E.D. Cal. Jan. 18, 2022) (citation omitted). Indeed, the Court would be in no better a position to evaluate the withheld documents than Plaintiffs, without the County's requisite privilege log or any support for the asserted privilege.

### 3. Untimely Production

Estate's Position: "The party to whom the request is directed must respond in writing within 30 days after being served…" Fed. R. Civ. P. 34(b)(2)(A). "The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." Fed. R. Civ. P. 34(b)(2)(B). The County has failed timely to produce responsive documents and has not specified when responsive documents will be produced. (*See* Merin Decl. Ex. B at 4; *id*. Ex. C at 4–5; *id*. Ex. E at 9; *id*. Ex. H at 18; *id*. Ex. L at 3.)

Local Rules require that any extension of time "to respond to … requests for production of documents" which is "more than twenty-eight (28) days" "must be approved by the Court," and "[n]o open extensions of time … will be recognized." E.D. Cal. L.R. 144(a); *see also McNeil v. LVN Hayes*, 2013 U.S. Dist. LEXIS 160723, at *8–9 (E.D. Cal. Nov. 7, 2013). The County has not sought—or obtained—*any* extension of time to response from Plaintiffs or the Court. Yet, the County has failed to produce responsive documents. "[A] discovery response which merely promises to produce the requested information at some unidentified time in the future, without offering a specific time, place and manner is treated as a failure to answer or respond." *United States v. Reeves*, 2013 U.S. Dist. LEXIS 146671, at *3 (D. Nev. Oct. 3, 2013) (citation omitted); *see also Lava Trading, Inc. v. Hartford Fire Ins. Co.*, 2005 U.S. Dist. LEXIS 2866, at *26–28 (S.D.N.Y. Feb. 24, 2005); *Novelty, Inc. v. Mt. View Mktg.*, 265 F.R.D. 370, 376 (S.D. Ind. 2009); *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 240–41 (M.D.N.C. 2010); *Mason v. Martinez*, 2016 U.S. Dist. LEXIS 40634, at *22 (E.D. Cal. Mar. 25, 2016) ("Responding that documents will be provided at a later date does not give a party leave to produce the documents whenever they want or to unnecessarily delay their production.").

Estate's Rely: The County fails to acknowledge or respond to this argument. "In litigation, silence by counsel is treated as non-opposition or acquiescence…" *See*, *e.g.*, *Halcomb v. City of Sacramento*, 2015 U.S. Dist. LEXIS 171918, at *3 (E.D. Cal. Dec. 22, 2015) (citation omitted); *Butcher v. City of Marysville*, 398 F. Supp. 3d 715, 731 (E.D. Cal. 2019); *Ramirez v. Ghilotti Bros.*, 941 F. Supp. 2d 1197, 1210 n.8 (N.D. Cal. 2013) (collecting cases).

### 4.  Attorney-Client Privilege

Estate's Position: "Attorney-client privilege applies when (1) legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived. The burden is on the party asserting the privilege to show that the privilege applies." *Sanchez v. County of Sacramento*, 2021 U.S. Dist. LEXIS 105549, at *8 (E.D. Cal. June 3, 2021) (citations omitted).

Procedurally, the County failed to raise the attorney-client privilege until it produced an incomplete "supplemental" response on May 20, 2021—*months* after responsive documents were due.

8

(*See* Merin Decl. Ex. L at 3.) "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). "It is also true that potential objections not contained within a timely response are waived, meaning that new objections raised in an untimely supplemental response will not be considered." *Cal. Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 2014 U.S. Dist. LEXIS 144173, at *11 (E.D. Cal. Oct. 9, 2014); *see also Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 409–10 (C.D. Cal. 2005) ("A party who fails to file timely objections waives all objections, including those based on privilege or work product.").

Substantively, the County's unsupported assertion of the attorney-client privilege is insufficient, where it fails to identify *which* documents were withheld and on *what* basis. *See*, *e.g.*, *Estate of Thomas*, 2021 U.S. Dist. LEXIS 239058, at *4 ("[T]he proponent must provide the court with enough information to enable the court to determine privilege, and the proponent must show by affidavit that precise facts exist to support the claim of privilege." (citation omitted)). Significantly, the attorney-client privilege does not apply to investigations of officer-involved incidents. *See*, *e.g.*, *Hermosillo v. County of San Bernardino*, 2016 U.S. Dist. LEXIS 192690, at *5–9 (C.D. Cal. Oct. 11, 2016); *Anderson v. Marsh*, 312 F.R.D. 584, 591–92 (E.D. Cal. 2015); *Myles v. County of San Diego*, 2016 U.S. Dist. LEXIS 59452, at *26 (S.D. Cal. May 4, 2016); *Medina v. County of San Diego*, 2014 U.S. Dist. LEXIS 135672, at *40–41 (S.D. Cal. Sep. 25, 2014); *Jackson v. County of Sacramento*, 175 F.R.D. 653, 657 (E.D. Cal. 1997); *Griffith v. Davis*, 161 F.R.D. 687, 694–97 (C.D. Cal. 1995); *Gonzales v. Mun. Court*, 67 Cal. App. 3d 111, 120 (Cal. Ct. App. 1977).

County's Position: A privilege log for 300-plus pages of communications between Defendants and counsel will be provided prior to the July 6, 2022 hearing date on this motion to compel. Non-privileged email communications responsive to Request Number 1, 4 and 10 have been produced; non-privileged email communications responsive to Request Number 9 (regarding "creation of the Critical Incident Video") have been identified and reviewed by counsel and will be produced prior to the July 6, 2022 hearing date on this motion. Defendant's privileged communications with counsel which occurred after this officer involved shooting incident are not relevant to Plaintiffs' federal and state causes of action, and nor are they proportional to the needs of the case - and are thus not discoverable under Rule

26(b) guidelines. Should the Court order production of the email records with counsel, however, Defendant respectfully requests an in-camera review of the materials prior to turning the records over to Plaintiffs.

Estate's Reply: The County's position is non-responsive. In fact, the County does not appear to dispute that it fails adequately to assert the attorney-client privilege. This dispute relates to only *one* discovery request, RFP No. 4. The County's relevance-based objections asserted as the basis or support for privilege is improper. *See Mollica v. County of Sacramento*, 2021 U.S. Dist. LEXIS 111271, at *3 n.1 (E.D. Cal. June 14, 2021) ("Defendants' argument … frequently assert a passing reference to an argument or objection while addressing an entirely different objection.").

### 5.     Relevance/Overbroad

Estate's Position: "The relevance standard is extremely broad, especially in civil rights excessive force cases." *Burrell v. City of Vallejo*, 2021 U.S. Dist. LEXIS 121541, at *7–8 (E.D. Cal. June 29, 2021) (citation omitted); *McCoy v. City of Vallejo*, 2021 U.S. Dist. LEXIS 246995, at *11 (E.D. Cal. Dec. 28, 2021). "A party opposing discovery on the basis that the request is overbroad bears the burden of showing why discovery should be denied." *Thomas*, 715 F. Supp. 2d at 1032. The County objected that the request is "overbroad" but failed to explain *how* or *why*. (*See* Merin Decl. Ex. B at 4; *id*. Ex. C at 5; *id*. Ex. E at 9; *id*. Ex. H at 18.) If the objecting party "does not explain why the request is not relevant," then its "general objection based upon relevance[] amounts to a waiver of the objection." *See, e.g.*, *Gen. Elec. Co. v. Wilkins*, 2012 U.S. Dist. LEXIS 87094, at *26 (E.D. Cal. June 22, 2012); *Fischer v. Forrest*, 2017 U.S. Dist. LEXIS 28102, at *8 (S.D.N.Y. Feb. 28, 2017) ("How is it overly broad? This language tells the Court nothing.").

Substantively, the County's position that the request to produce correspondence outside of "May 18, 2021, through June 4, 2021," is "overbroad" fails. The County's counsel stated that the County's limiting its response to "May 18, 2021, through June 4, 2021," was a unilateral and arbitrary decision by Sheriff's Department's personnel. (Merin Decl. ¶ 13.) Clearly, correspondence outside of that timeframe *is* relevant. *See, e.g.*, *Henry v. County of Shasta*, 132 F.3d 512, 518 (9th Cir. 1997) ("'post-event evidence' may be used"); *see also Found. For Global Sports Dev. v. United States Olympic Comm.*, 2021 U.S. Dist. LEXIS 252941, at *42 (C.D. Cal. June 24, 2021) ("production for the period … through the

10

present is not overbroad because" documents generated after the incident at issue are "plainly relevant");

*Estate of Sanchez v. County of Stanislaus*, 2020 U.S. Dist. LEXIS 97683, at *5 (E.D. Cal. June 2, 2020)

("'post-event evidence' [] could support plaintiffs' existing *Monell* claims").

Additionally, the County's limiting its search to narrow "search terms: 'S21018395' or 'S21-018395' or 'Xander' or 'Mann'" (Merin Decl. Ex. H at 18) is not sufficient to encompass relevant documents. An adequate search for responsive documents would include, for example, the names of the other passengers in the vehicle, the names of the involved officers, and incident-specific terms such as "shot," "shooting," "OIS," etc.

County's Position: Plaintiffs' request to the County is overbroad in terms of scope of personnel, departments and time, it encompasses all third party communications and privileged communications, and as a result the request is burdensome. The original request sought "correspondence sent and received by Stanislaus County Sheriff's Department personnel relating to the officer-involved death of Xander Mann, from May 18, 2021, to present." Defendant's email search terms of 'S21018395' or 'S21-018395' or 'Xander' or 'Mann' was responsive to the request. If Defendant County were to follow Plaintiffs' search terms suggestions here, the results would yield thousands of irrelevant, confidential and privileged email correspondences containing names of other juvenile passengers (*i.e.,* arrest and probation history if applicable), or names of officers, or "OIS" but which do <u>not</u> also contain S21018395' or 'S21-018395' or 'Xander' or 'Mann,' and therefore the recommended search is burdensome and well beyond the needs of the case. Should the Court order further email records to be produced, Defendant County respectfully requests a minimum of 60 days in which to conduct the search, review the results and redact confidential information and create an additional privilege log if needed.

Estate's Reply: The County's position is non-responsive. The County's burden-based objections asserted as the basis or support for relevance is improper. *See Mollica*, 2021 U.S. Dist. LEXIS 111271, at *3 n.1 ("Defendants' argument … frequently assert a passing reference to an argument or objection while addressing an entirely different objection."). A "reasonable inquiry" requires, "at a minimum, a reasonable procedure to distribute discovery requests to all employees and agents of the defendant potentially possessing responsive information, and to account for the collection and subsequent production of the information to plaintiffs." *Nat'l Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D.

543, 556 (N.D. Cal. 1987); *Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 680 (C.D. Cal. 2009). The County's position is that it should not be required to conduct a "reasonable inquiry" for relevant documents because doing so might "yield thousands of irrelevant, confidential and privileged email correspondences…" But "[p]laintiffs should not suffer if the information is not easily accessible because defendants have an inefficient filing system," *Fagan v. District of Columbia*, 136 F.R.D. 5, 7 (D.D.C. 1991), or because defendants' course of business "generates massive records," *Kozlowski v. Sears, Roebuck & Co.*, 73 F.R.D. 73, 76 (D. Mass. 1976). In any event, the County's position is unsupported "by affidavit or other reliable evidence." *See Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 528–29 (D. Nev. 1997).

### 6. Overly Burdensome

Estate's Position: "Discovery should be allowed unless the hardship is unreasonable in the light of the benefits to be secured from the discovery." *Thomas*, 715 F. Supp. 2d at 1032. But "just because complying with a discovery request will involve expense or may be time consuming, does not make it unduly burdensome." *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 529 (D. Nev. 1997). "The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence." *Id.* at 528–29. A responding party's "generalized and unsupported allegation of undue burden is not sufficient to prevent" production. *See, e.g., Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 696 (D. Nev. 1994); *A. Farber & Ptnrs., Inc. v. Garber*, 234 F.R.D. 186, 188 n.1 (C.D. Cal. 2006).

The County's objection fails to explain *how* or *why* production of responsive documents would be overly burdensome, including "detail in terms of time, money and procedure required to produce the requested documents." *See Estate of Antonio Thomas*, 2021 U.S. Dist. LEXIS 239058, at *5. The County's counsel acknowledged that the County has not even searched for responsive documents, after receiving the discovery requests. (Merin Decl. ¶¶ 9, 13; *id.* Ex. J.) The County's counsel also stated that the County was not inclined to do so because the burden in reviewing the responsive documents for potential privileged information would be great. (*Id.*) But "[p]laintiffs should not suffer if the information is not easily accessible because defendants have an inefficient filing system," *Fagan v. District of Columbia*, 136 F.R.D. 5, 7 (D.D.C. 1991), or because defendants' course of business "generates massive

12

**JOINT STATEMENT RE: DISCOVERY DISAGREEMENT**
*Estate of Mann v. County of Stanislaus*, United States District Court, Eastern District of California, Case No. 1:21-cv-01098-AWI-SKO

records," *Kozlowski v. Sears, Roebuck & Co.*, 73 F.R.D. 73, 76 (D. Mass. 1976).

<u>County's Position</u>: Defendant reviewed over 3000 emails from 880 County mailboxes to produce records on May 20, 2022. A privilege log for 300-plus pages of communications between Defendants and counsel will be provided prior to the July 6, 2022 hearing date on this motion to compel. Non-privileged email communications responsive to Request Number 1, 4 and 10 have been produced; non-privileged email communications responsive to Request Number 9 (regarding "creation of the Critical Incident Video") have been identified and reviewed by counsel and will be produced prior to the July 6, 2022 hearing date on this motion. Plaintiffs' request to the County is overbroad in terms of scope of personnel, departments and time, it encompasses all third party communications and privileged communications, and as a result the request is burdensome. The original request sought "correspondence sent and received by Stanislaus County Sheriff's Department personnel relating to the officer-involved death of Xander Mann, from May 18, 2021, to present." Defendant's email search terms of 'S21018395' or 'S21-018395' or 'Xander' or 'Mann' was responsive to the request. If Defendant County were to follow Plaintiffs' search terms suggestions here, the results would yield thousands of irrelevant, confidential and privileged email correspondences containing names of other juvenile passengers (*i.e.,* arrest and probation history if applicable), or names of officers, or "OIS" but which do <u>not</u> also contain S21018395' or 'S21-018395' or 'Xander' or 'Mann,' and therefore the recommended search is burdensome and well beyond the needs of the case. Should the Court order further email records to be produced, Defendant County respectfully requests a minimum of 60 days in which to conduct the search, review the results and redact confidential information and create an additional privilege log if needed.

<u>Estate's Reply</u>: The County's position is non-responsive. In fact, the County does not appear to dispute that it fails adequately to demonstrate or support undue burden. Further, this dispute relates to only *one* discovery request, RFP No. 4, and the County's reference to other requests which are not at issue here, including RFP Nos. 1, 4, 9, and 10, is unhelpful. Finally, the County's request for an <u>additional</u> 60 days to produce responsive document—where the original request was served *more than seven months ago* (*see* Merin Decl. Ex. A at 3)—is unacceptable, and is indicative of the County's continuous and unreasonable delays associated with discovery in this matter. *See Estate of Antonio*

13

*Thomas v. County of Sacramento*, 2021 U.S. Dist. LEXIS 239058, at \*6 (E.D. Cal. Dec. 13, 2021) ("[D]efense counsel asked to be given an opportunity to further amend the discovery responses. That counsel believes amended responses could be produced only speaks to the lack of justification for defendants' opposition. The time for proper production, or at a minimum proper briefing, has passed. Defendants should not be rewarded for unjustifiably delaying discovery by being given another bite at the apple.").

### 7.    Official Information

Estate's Position: The official information privilege is a "qualified privilege" that "must be formally asserted and delineated in order to be raised properly." *Kerr v. United States Dist. Court*, 511 F.2d 192, 198 (9th Cir. 1975). Specifically, strict procedural requirements must be satisfied before its application will be considered. First, the party withholding information based on the privilege must serve an objection to each discovery request that explicitly "invokes the official information privilege by name." *Kelly v. City of San Jose*, 114 F.R.D. 653, 669 (N.D. Cal. 1987). Second, the withholding party must provide the requesting party with a privilege log or equivalent document that specifically identifies the information purportedly protected from disclosure. *Hampton v. City of San Diego*, 147 F.R.D. 227, 230 (S.D. Cal. 1993). Third, the withholding party invoking the privilege must make a "substantial threshold showing" by way of a declaration or affidavit from a responsible official "in an executive policy position," as opposed to a "subordinate official," with personal knowledge of the matters to be attested to in the affidavit. *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995).

The County invoked the "federal common law official information privilege" by name but offered no support for the privilege. (*See* Merin Decl. Ex. B at 4; *id*. Ex. C at 5; *id*. Ex. E at 9.) Accordingly, if a responding party "failed to produce a privilege log and failed to provide a declaration from an official in charge of the materials" in response to the request, even if the responding party later provides support "in opposition" to a motion to compel, the responding party "fails to satisfy the requirements of the official information privilege." *See*, *e.g.*, *Tate v. Cate*, 2011 U.S. Dist. LEXIS 123286, at \*8 (E.D. Cal. Oct. 25, 2011); *Rodriguez v. City of Fresno*, 2010 U.S. Dist. LEXIS 128248, at \*16–21 (E.D. Cal. Dec. 3, 2010).

County's Position: Defendant County has no documents withheld based upon the official information privilege.

---

14

Estate's Reply: The County's repeated assertion and incorporation of objections based on the official information privilege in its responses (*see* Merin Decl. Ex. B at 4; *id.* Ex. C at 4–5; *id.* Ex. E at 9), now followed by the County's failure to defend the objection confirms that there was "*no* legitimate basis to resist discovery" through the improper assertion of this objection, and the County's "attempt to evade disclosure through reliance on boilerplate objections is an abuse of the discovery process." *See*, *e.g.*, *Marti*, 2012 U.S. Dist. LEXIS 77962, at *19; *Mort*, 2020 U.S. Dist. LEXIS 175924, at *11.

### 8.    Cal. Evid. Code § 1040

Estate's Position: In a federal civil rights case, filed in federal court, the scope of disclosure is governed by federal common law. *See* Fed. R. Evid. 501; *United States v. Zolin*, 491 U.S. 554, 562 (1989); *Kerr*, 511 F.2d at 197; *United States v. Blackman*, 72 F.3d 1418, 1423 (9th Cir. 1995); *Jackson v. County of Sacramento*, 175 F.R.D. 653, 654 (E.D. Cal. 1997); *Folb v. Motion Picture Indus. Pension & Health Plans*, 16 F. Supp. 2d 1164, 1169 (C.D. Cal. 1998); *Hutton v. City of Martinez*, 219 F.R.D. 164, 166 (N.D. Cal. 2003). "It obviously would make no sense to permit state law to determine what evidence is discoverable in cases brought pursuant to federal statutes whose central purpose is to protect citizens from abuses of power by state and local authorities." *Miller*, 141 F.R.D. at 297–98. Accordingly, "resort to state law [i]s 'contrary to law,'" *Dagdagan v. City of Vallejo*, 263 F.R.D. 632, 638 (E.D. Cal. 2010), and "arguments that rely on application of California state law are disregarded," *Herring v. Clark*, 2011 U.S. Dist. LEXIS 63332, at *16 (E.D. Cal. June 13, 2011).

The County's objection invoking the "state law official information privilege pursuant to California Evidence Code § 1040" is disregarded. (*See* Merin Decl. Ex. B at 4; *id.* Ex. C at 5; *id.* Ex. E at 9.) *See*, *e.g.*, *Dagdagan*, 263 F.R.D. at 639; *Lear v. Sahota*, 2020 U.S. Dist. LEXIS 237811, at *9 (E.D. Cal. Dec. 16, 2020); *Kaur v. Alameida*, 2007 U.S. Dist. LEXIS 40593, at *13 (E.D. Cal. May 23, 2007) ("[Defendant]'s objections based on state law privileges (Evidence Code section 1040, Government Code section 6254) are inapplicable in this 1983 action and are therefore overruled.").

County's Position: Defendant County has no documents withheld based upon California Evidence Code § 1040.

Estate's Reply: The County's repeated assertion and incorporation of objections based on Cal. Evid. Code § 1040 in its responses (*see* Merin Decl. Ex. B at 4; *id.* Ex. C at 4–5; *id.* Ex. E at 9), now

followed by the County's failure to defend the objection confirms that there was "*no* legitimate basis to resist discovery" through the improper assertion of this objection, and the County's "attempt to evade disclosure through reliance on boilerplate objections is an abuse of the discovery process." *See*, *e.g.*, *Marti*, 2012 U.S. Dist. LEXIS 77962, at *19; *Mort*, 2020 U.S. Dist. LEXIS 175924, at *11.

### 9. Reasonable Inquiry

Estate's Position: "[A] party has an obligation to conduct a reasonable inquiry into the factual basis of his responses to discovery. Based on that inquiry, a party responding to a request for production is under an affirmative duty to seek that information reasonably available to it and make an appropriate production of responsive documents." *Perkins v. City of Modesto*, 2020 U.S. Dist. LEXIS 50028, at *7–8 (E.D. Cal. Mar. 20, 2020) (citation omitted). "The responding party cannot furnish only that information within his immediate knowledge or possession; he is under an affirmative duty to seek that information reasonably available to him from his employees, agents, or others subject to his control." *Id.*, at *8 (citation omitted). "The [responding party] is charged with knowledge of what documents it possesses." *Tarlton v. Cumberland Cty. Corr. Facility*, 192 F.R.D. 165, 170 (D.N.J. 2000).

Similarly, an attorney must conduct a "reasonable inquiry" prior to serving a discovery response. *See* Fed. R. Civ. P. 26(g)(1). A "reasonable inquiry" requires, "at a minimum, a reasonable procedure to distribute discovery requests to all employees and agents of the defendant potentially possessing responsive information, and to account for the collection and subsequent production of the information to plaintiffs." *Nat'l Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 556 (N.D. Cal. 1987); *Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 680 (C.D. Cal. 2009). "Counsel ha[s] a duty to explain to their client what types of information would be relevant and responsive to discovery requests and ask how and where relevant documents may be maintained." *Tarlton*, 192 F.R.D. at 170. "Rule 26(g) requires counsel to be proactive in ensuring that his clients are conducting thorough and appropriate document searches, especially in light of obvious gaps and underproduction." *Perkins*, 2020 U.S. Dist. LEXIS 50028, at *11 (citation omitted).

The County and its counsel did not conduct the requisite "reasonable inquiry," as confirmed during meet-and-confer efforts. For example, the County's counsel explained that the County did not search for responsive correspondence in response to the propounded discovery requests. (*See* Merin Decl.

16

¶¶ 9, 13.) Rather, the County gathered emails from "May 18, 2021, through June 4, 2021," in anticipation of receiving discovery requests and provided those emails to the County's counsel *before* receiving the discovery responses. (*Id*.) Then, the County's counsel failed timely to produce these emails in response to the discovery requests. (*Id*. Ex. B at 4; *id*. Ex. C at 4–5; *id*. Ex. E at 9; *id*. Ex. H at 18; *id*. Ex. L at 3.) The County's counsel did not even acknowledge that the emails existed until *after* Plaintiffs' counsel inquired during meet-and-confer efforts. (*Id*. ¶ 9; *id*. Ex. G.) *See Tarlton*, 192 F.R.D. at 170 ("It was not [defendants'] option to simply react to plaintiff's fortuitous discovery of the existence of relevant documents by making disjointed searches, each time coming up with a few more documents, and each time representing that that was all they had.").

"[I]t is appropriate to require Defendants to double-check for responsive information in its possession, custody, or control, and provide a verification that both explains the steps taken to conduct the double-check and certifies that all responsive documents have been provided," in "circumstances" where "Defendants have failed to provide adequate certification that [their] discovery responses were complete and correct as of the time made and … Defendants have failed to provide discovery in a timely manner and have later located information Defendants initially indicated was not available." *Perkins*, 2020 U.S. Dist. LEXIS 50028, at *18 (citing *Duenez v. City of Manteca*, 2013 U.S. Dist. LEXIS 24954, at *23–24 (E.D. Cal. Feb. 22, 2013)).

County's Position: Defendant County conducted a reasonable inquiry. The fact that an email inquiry was conducted internally prior to Plaintiffs' demand for limitless records does not make the inquiry somehow unreasonable. As Plaintiffs are well aware, there have been delays in production due to securing a mutually agreeable protective order, and due to pending open investigations. Further delays were due to the time needed to review each of the 1000-plus emails for confidential juvenile information and privileged communications.

Counsel for Defendant reviewed over 3000 emails from 880 County mailboxes to produce records on May 20, 2022. A privilege log for 300-plus pages of communications between Defendants and counsel will be provided prior to the July 6, 2022 hearing date on this motion to compel. Non-privileged email communications responsive to Request Number 1, 4 and 10 have been produced; non-privileged email communications responsive to Request Number 9 (regarding "creation of the Critical

17

Incident Video") have been identified and reviewed by counsel and will be produced prior to the July 6, 2022 hearing date on this motion.

        Estate's Reply: The County's position is non-responsive. The County ignores and does not address the fact that it failed timely to disclose the existence of over a thousand email correspondence in its initial responses. (Merin Decl. Ex. B at 4; *id*. Ex. C at 4–5; *id*. Ex. E at 9.) The County's attempt to attribute "delays in production [] to securing a mutually agreeable protective order" fails, since the County did not disclose the existence of the emails and, thus, the emails were not discussed or include in the parties' protective order. (*See* ECF No. 28.) In any event, the protective order was entered nearly four months ago, on March 1, 2022 (*id*.), and the County fails to justify why it has not produced responsive documents to date. Additionally, the County's attempt to attribute "delays in production … to pending open investigations" also fails because the only emails identified by the County limited to the date range of "5/18/21-6/4/21" (Merin Decl. Ex. H at 18) and, thus, the existence of any "pending open investigations" are irrelevant. Further, this dispute relates to only *one* discovery request, RFP No. 4, and the County's reference to other requests which are not at issue here, including RFP Nos. 1, 4, 9, and 10, is unhelpful.

### 10.    Unproduced Documents

        Estate's Position: "If [the responding party] does not have documents responsive to a production request, or if requested documents do not exist, [the responding party] must state so with enough specificity to allow the Court to evaluate the merit of the response or whether [the responding party] has made a reasonable inquiry." *See*, *e.g.*, *Newquist v. Soa*, 2019 U.S. Dist. LEXIS 208213, at \*4 (E.D. Cal. Dec. 3, 2019); *Hearns v. Gonzales*, 2019 U.S. Dist. LEXIS 135725, at \*12 (E.D. Cal. Aug. 9, 2019); *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012); *Coppola v. Smith*, 2016 U.S. Dist. LEXIS 22066, at \*11–12 (E.D. Cal. Feb. 23, 2016); *Bird v. Mayhew*, 2016 U.S. Dist. LEXIS 11764, at \*4–5 (E.D. Cal. Jan. 29, 2016); *Gomez v. McDonald*, 2015 U.S. Dist. LEXIS 10512, at \*11–12 (E.D. Cal. Jan. 28, 2015) (collecting cases).

        The Estate requested "correspondence … including: statements, memos, reports, e-mails, text messages/short message service ("SMS") messages, and mobile data terminal ("MDT") messages." (Merin Decl. Ex. A at 3.) In response, the County failed to produce and identify all responsive

18

documents. (*Id.* Ex. B at 4; *id.* Ex. C at 4–5; *id.* Ex. E at 9; *id.* Ex. H at 18; *id.* Ex. L at 3.) The County's counsel acknowledged that the County did not search for responsive documents. (*Id.* ¶¶ 9, 13.) Accordingly, the County's response is "evasive or incomplete." *See* Fed. R. Civ. P. 37(a)(4). The County must provide a response containing more specificity as to the search conducted, "including custodians and methodology." *See Coppola*, 2016 U.S. Dist. LEXIS 22066, at *12.

<u>County's Position</u>: The County has conducted a reasonable search for responsive documents. Plaintiffs' requests are unwieldy, compound, overbroad and burdensome as detailed above; Defendant has cooperated in good faith with all meet and confer efforts, and has responded in good faith to Plaintiffs' 90 document requests. Discovery responses have been amended and supplemented whenever further requested records have become available to counsel, yet Plaintiffs appear to condemn these continuing efforts and assume an ill-intent to withhold records exists where there is no such nefariousness afoot.

<u>Estate's Reply</u>: The County's position is non-responsive. In fact, the County does not dispute that it has failed to produce and identify all responsive documents, and even acknowledges that it has only produced records as they "have become available to counsel." But the Local Rules expressly <u>prohibit</u> production on such a "rolling" basis. *See* E.D. Cal. L.R. 144(a) ("No open extensions of time by stipulation of the parties will be recognized."); *see also Lava Trading, Inc. v. Hartford Fire Ins. Co.*, 2005 U.S. Dist. LEXIS 2866, at *26–28 (S.D.N.Y. Feb. 24, 2005) (sanctions warranted for "excruciatingly slow and disjointed disclosure of documents, stretching over a period of one year, under the guise of a 'rolling' production or a production in 'waves.'").

> If the responding party cannot conduct a careful and thorough search for all responsive documents within the thirty-day period, it has an obligation to seek appropriate extensions, either by agreement or, if necessary, by a motion for time under Fed. R. Civ. Pro. 6. Unilaterally deciding to conduct a cursory initial search to be followed by "rolling" productions from subsequent, more thorough, searches is not an acceptable option. Rule 34 guarantees that the requesting party will receive, concurrently with the response, all documents reasonably available. When the producing party's attorney signs the response, the attorney so certifies.

*Novelty, Inc. v. Mt. View Mktg.*, 265 F.R.D. 370, 376 (S.D. Ind. 2009) (internal citations & alterations omitted). Further, this dispute relates to only *one* discovery request, RFP No. 4, and the County's reference to other requests which are not at issue here, including "90 document requests," is unhelpful.

19

**B.      MOTION FOR EXPENSES**

      **1.      Estate's Position**

"If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). "But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id*. The Estate seeks $4,125.00 in expenses for time spent preparing this motion. (Merin Decl. ¶¶ 19–21.)

"The test for substantial justification is one of reasonableness." *United States v. First Nat'l Bank of Circle*, 732 F.2d 1444, 1447 (9th Cir. 1984). "A request for discovery is 'substantially justified' under Rule 37 if reasonable people could differ on the matter in dispute." *United States EEOC v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 435 (D. Nev. 2006) (citing *Reygo Pacific Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982)). The "losing party" bears the burden of demonstrating that its conduct was substantially justified. *Aevoe Corp. v. AE Tech Co., LTD*, 2013 U.S. Dist. LEXIS 135755, at *7 (D. Nev. Sep. 20, 2013); *see also R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012). "[E]xpenses should ordinarily be awarded unless a court finds that the losing party acted justifiably in carrying this point to court." Fed. R. Civ. P. 37(a), Advisory Committee Notes to 1970 Amendments.

<u>Boilerplate Objections</u>: As discussed above, the County objected and withheld responsive documents to the Estate's requests based only on unsupported boilerplate objections. (*See* Merin Decl. Ex. B at 4; *id*. Ex. C at 4–5; *id*. Ex. E at 9; *id*. Ex. H at 18; *id*. Ex. L at 3.) The Estate's counsel engaged in substantial meet-and-confer efforts with the County's counsel, to no avail. (*Id*. ¶¶ 5, 9, 13; *id*. Ex. D; *id*. Ex. F at 9–11; *id*. Ex. G; *id*. Ex. I; *id*. Ex. J.) Instead, the County opted to stand on its insufficient objections and to withhold responsive documents. "If there is *no* legitimate basis to resist discovery, the attempt to evade disclosure through reliance on boilerplate objections is an abuse of the discovery process." *Marti*, 2012 U.S. Dist. LEXIS 77962, at *19. Objections which are "boilerplate and devoid of

20

any meaningful response" are "impermissible" and subject a party to expenses or sanctions. *Collins v. Landry's Inc.*, 2014 U.S. Dist. LEXIS 83003, at *11 (D. Nev. June 17, 2014).

Unauthorized "Rolling" Production: As discussed above, the County withheld responsive documents (and continues to withhold responsive documents) for several months after responsive documents were due. (*See* Merin Decl. Ex. B at 4; *id.* Ex. C at 4–5; *id.* Ex. E at 9; *id.* Ex. H at 18; *id.* Ex. L at 3.) The Rules require that, upon receipt of a request, "[t]he production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." Fed. R. Civ. P. 34(b)(2)(B). The County failed to produce responsive documents *and* failed to specify a reasonable time that responses would be provided. Instead, the County unilaterally granted itself unauthorized extensions of time, without complying with E.D. Cal. L.R. 144(a). *See, e.g.*, *Mason*, 2016 U.S. Dist. LEXIS 40634, at *22 ("Responding that documents will be provided at a later date does not give a party leave to produce the documents whenever they want or to unnecessarily delay their production.").

Withholding Discovery Without A Privilege Log: As discussed above, the County withheld responsive documents (and continues to withhold responsive documents) for several months, without producing a privilege log. (*See* Merin Decl. Ex. B at 4; *id.* Ex. C at 4–5; *id.* Ex. E at 9; *id.* Ex. H at 18; *id.* Ex. L at 3.) But the Rules expressly required production of a privilege log under Fed. R. Civ. P. 26(b)(5)(A), and "[r]efusal to produce discovery based on a blanket assertion of privilege and without a proper privilege log is clearly not an appropriate response to the discovery request," *Johnson*, 2009 U.S. Dist. LEXIS 34086, at *17–18.

### 2. County's Position

As Plaintiffs are well aware, there have been delays in production due to securing a mutually agreeable protective order, and due to pending open investigations. Further delays were due to the time needed to review each of the 1000-plus emails for confidential juvenile information and privileged communications. The County has conducted a reasonable search for responsive documents, considering the overbreadth of the requests. Plaintiffs' requests are unwieldy, compound and burdensome as detailed above; Defendant has cooperated in good faith with all meet and confer efforts, and has responded in good faith to Plaintiffs' 90 document requests. Discovery responses have been amended and

21

supplemented whenever further requested records have become available to counsel, yet Plaintiffs appear to condemn these continuing efforts and assume an ill-intent to withhold records exists where there is no such nefariousness afoot. Defendant has indicated that a log of privileged communications is forthcoming; Plaintiffs are not entitled to attorney's fees for being inconvenienced by reasonable, logical and minor delays.

### 3.    Estate's Reply

The County's position is non-responsive. In fact, the County does not appear to dispute that it asserted boilerplate objections, untimely produced documents without authorization to do so, and continues to withhold responsive documents without a privilege log. Additionally, the County's portion of this statement raises additional bases for an award of expenses.

Production After Motion Filed: "[I]f the disclosure or requested discovery is provided after the motion was filed[ ]the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The County's statement partially concedes that it will produce some withheld discovery and an adequate privilege log at some time in the future. Accordingly, because "[t]he records at issue are clearly relevant to this case and appropriate for discovery" but the County nonetheless withheld them from discovery, the Rules "specifically authorize fees in such circumstances." *See*, *e.g.*, *Libby v. City of Gridley*, 2021 U.S. Dist. LEXIS 145340, at *5–6 (E.D. Cal. Aug. 2, 2021); *Webb v. County of Stanislaus*, 2022 U.S. Dist. LEXIS 26568, at *14 (E.D. Cal. Feb. 11, 2022) (awarding fees where "the County provided the requested discovery and a privilege log . . . after the motion was filed").

Untimely Participation in the Drafting of the Joint Statement: The Estate's counsel provided the County's counsel with a complete draft of the Estate's portion of the joint statement on June 8, 2022. (Merin Decl. Ex. M.) Therein, the Estate's counsel stated:

> "The Joint Statement is meant to be a collaborative product between both sides, not simply two separate briefs stapled to each other. The intent of the Local Rule is for the parties to meet and confer and collaborate on drafting a document which sets forth the facts and legal issues which are agreed upon by the parties and which facts and legal issues are disputed." *Estate of Crawley v. Kings County*, 2015 U.S. Dist. LEXIS 59439, at *13–14 (E.D. Cal. May 6, 2015). The parties may not hide their portions of the joint statement until the date when it is due to be filed, "in the hopes that it w[ill] be filed as-is," without the opposing party's opportunity to respond. *See id*., at *15.

22

Accordingly, please provide us with the date by when we will receive the County's further drafts of the Joint Statements, with sufficient time for the Estate to incorporate a response, if necessary. We look forward to working cooperatively with you to prepare and finalize these Joint Statements for filing with the Court.

(*Id.*) But the County's counsel never responded to the Estate's counsel. Instead, one day before this joint statement was due to be filed, on June 20, 2022, at 7:16 p.m., the County's counsel provided a draft of the County's portion of the statement and stated "I will be out of the office tomorrow…" (*Id.* Ex. N.) The County's counsel's conduct violates the "collaborative" purpose of the joint statement process and "treated the Joint Statement as a creature of their sole control and creation…" *See Estate of Crawley*, 2015 U.S. Dist. LEXIS 59439, at *13. Further, this is not the County's counsel's first offense, where counsel withheld the County's portions of draft joint statements until days before the filing date in two prior disputes in this case. (*See* ECF No. 24, 25.) This type of discovery gamesmanship should not be encouraged or allowed to continue.

Dated: June 22, 2022

Respectfully Submitted,
LAW OFFICE OF MARK E. MERIN

*/s/ Mark E. Merin*

By: _____
Mark E. Merin
Paul H. Masuhara

Attorneys for Plaintiffs
ESTATE OF XANDER MANN,
AMY PICKERING, and JUSTIN MANN

Dated: June 22, 2022

Respectfully Submitted,
RIVERA HEWITT PAUL LLP

*/s/ Jill B. Nathan*
(as authorized on June 22, 2022)
By: _____
Shanan L. Hewitt
Jill B. Nathan
Wendy Motooka

Attorneys for Defendants
COUNTY OF STANISLAUS,
STANISLAUS COUNTY SHERIFF'S
DEPARTMENT, and JEFF DIRKSE