1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

10

EASTERN DISTRICT OF CALIFORNIA

11

12   ESTATE OF XANDER MANN, et al.,                Case No.  1:21-cv-01098-AWI-SKO

13                        Plaintiffs,              **ORDER GRANTING PLAINTIFFS'**
                                                   **MOTION TO AMEND THE**
14        v.                                       **COMPLAINT**

15   COUNTY OF STANISLAUS, et al.,                 (Doc. 30)

16                        Defendants.

17                              **I.      INTRODUCTION**

18        Before the Court is Plaintiffs Estate of Xander Mann, Amy Pickering, and Justin Mann

19   (collectively, "Plaintiffs")'s motion for leave to file a first amended complaint, filed April 8, 2022.[1]

20   (Doc. 30.)  Defendants County of Stanislaus, Stanislaus County Sheriff's Department, and Jeff

21   Dirkse (collectively, "County Defendants") filed an opposition brief on April 22, 2022.  (Doc. 33.)

22   That same day, Defendant Gerardo Zazueta filed a separate opposition brief.[2]  (Doc. 34.)  Plaintiff

23   filed a reply brief on April 26, 2022.  (Doc. 35.)  After having reviewed the parties' papers and all

24   supporting material, the matter was deemed suitable for decision without oral argument pursuant

25   to Local Rule 230(g), and the hearing was vacated on May 13, 2022.  (Doc. 41.)

26        For the reasons set forth below, Plaintiffs' motion to amend the complaint is GRANTED.

27

28   [1] Amy Pickering and Justin Mann are the parents of decedent Xander Mann.  (*See* Doc. 1 at ¶ 5.)
     [2] County Defendants and Defendant Zazueta will be referred to collectively as "Defendants."

## II.     BACKGROUND

On July 19, 2021, Plaintiffs filed a complaint against Defendants, alleging violations of civil and constitutional rights arising out of the officer-involved shooting of 16-year-old Xander Mann. (Doc. 1.)  Plaintiffs allege that Defendant Zazueta, a sheriff's deputy employed by Defendants County of Stanislaus and the Stanislaus County Sheriff's Department ("Deputy Zazueta"), "recklessly fired gunshots into a vehicle filled with teenagers, striking three persons and killing Xander Mann." (Doc. 1 at 1.)  Plaintiffs further allege that Defendant Dirkse, the Stanislaus County Sheriff, "immediately came to the defense of [Deputy Zazueta] and attempted to influence the public's perception of the shooting in favor of law enforcement by releasing incomplete and misleading circumstances of the shooting, and downplaying or ignoring the several violations of policy committed by [Deputy Zazueta] during the course of the incident."  (*Id.*)

On April 8, 2022, Plaintiffs filed the instant motion for leave to file a first amended complaint (the "Motion"), primarily seeking to add Sergeant Darwin Hatfield of the Stanislaus County Sheriff's Department as a defendant and to set forth the factual allegations underlying their claims against him.

## III.     DISCUSSION

### A.     Legal Standards

Generally, a motion to amend is subject to Rule 15(a) of the Federal Rules of Civil Procedure, which provides that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, once a court has entered a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16, the standards of Rule 16, rather than Rule 15, govern amendment of the pleadings.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992).  Under Rule 16, scheduling orders may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Johnson*, 975 F.2d at 609.  "If that party was not diligent, the inquiry should end." *Id.*  "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification," although the "existence or degree of prejudice to the party opposing the modification might supply

additional reasons to deny the motion[.]" *Id.* (citing *Gestetner Corp. v. Case Equip Co.*, 108 F. R. D 138, 141 (D. Me. 1985)). If good cause is found, the court must then evaluate the request to amend in light of Rule 15(a)'s liberal standard. *Id.* at 608.

Rule 15 provides that a party may amend its pleading only by leave of court or by written consent of the adverse party, and that leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(1), (2). The Ninth Circuit has instructed that the policy favoring amendments "is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Although the decision whether to allow amendment is in the court's discretion, "[i]n exercising its discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal quotation marks and citation omitted).

The factors commonly considered to determine the propriety of a motion for leave to amend are: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura Cnty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). "These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs*, 833 F.2d at 186. "The other factors used to determine the propriety of a motion for leave to amend could each, independently, support a denial of leave to amend a pleading." *Beecham v. City of W. Sacramento*, No. 2:07–cv–01115–JAM–EFB, 2008 WL 3928231, at *1 (E.D. Cal. Aug. 25, 2008) (citing *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)). Of these factors, "prejudice to the opposing party is the most important factor." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

**B.     Analysis**

**1.     Good Cause Under Rule 16**

Pursuant to the Scheduling Order, the deadline to file motions requesting leave to amend the pleadings was February 28, 2022. (Doc. 21 at 2.) The instant Motion was filed on April 8, 2022. (Doc. 30.) As Plaintiffs seek to amend their complaint after the deadline set in the Scheduling Order,

they must first satisfy the "good cause" standard under Rule 16(b)(4).  *Johnson*, 975 F.2d at 608–09.  A moving party may demonstrate "good cause" by (1) diligently assisting the court in creating a workable Rule 16 order, *see Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999); (2) explaining why circumstances beyond that party's control prevented compliance, *see Johnson*, 975 F.2d at 609; and (3) promptly and diligently seeking to amend the scheduling order, *see Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996).

The Court notes that Defendants do not address the issue of good cause in their oppositions.  (*See* Docs. 33, 34.)  Plaintiffs contend that their request for leave to amend their complaint is supported by good cause because their proposed amendments are based on facts and information obtained from discovery produced by Defendants on March 11, 2022, almost two weeks after the February 28, 2022, deadline to amend pleadings.  (*See* Doc. 30-1 at 6.)  Furthermore, Plaintiffs assert that once they received the new information, they promptly filed the instant Motion less than a month later on April 8, 2022.  (*See id.*)  The Court finds that Plaintiffs acted diligently, thus establishing good cause to modify the Scheduling Order.  *See Est. of Thomas v. Cnty. of Sacramento*, No. 2:20–CV–00903–KJM–DB, 2021 WL 5280991, at *2 (E.D. Cal. Nov. 12, 2021) (finding good cause under Rule 16 where the plaintiffs' proposed amendments "incorporate[d] what they recently learned in discovery, and they filed their motion without delay.  The defendants do not argue otherwise.").

### 2. *Foman* Factors

Both of Defendants' oppositions to the Motion are brief.  (*See* Doc. 33 (5 pages); Doc. 34 (3 pages).)  County Defendants oppose the Motion on the basis of undue prejudice.  (*See* Doc. 33.)  Deputy Zazueta does not object based on any of the *Foman* factors; he instead contends that the proposed first amended complaint violates Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"), which requires that a complaint contain "a short and plain statement of the claim."  Fed. R. Civ. P. 8(a)(2).  Having considered the parties' contentions in light of the relevant legal standards, the Court concludes that leave to amend should be granted.

///

///

### a. Undue Delay and Bad Faith

"Undue delay by itself is insufficient to justify denying leave to amend." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016). Bad faith exists when the moving party seeks to amend merely to prolong the litigation by adding "new but baseless legal theories." *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999). Here, Defendants do not claim that Plaintiffs acted with either undue delay or in bad faith in seeking amendment, nor is there any evidence before the Court of such behavior. As discussed above, the proposed amendments are based on information discovered after the deadline to amend pleadings, and Plaintiffs promptly moved to amend their complaint after receiving this information.

Accordingly, the absence of undue delay and bad faith weighs in favor of granting leave to amend.

### b. Futility

"Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010) (citing *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). "[P]roposed amendments are futile when they are either duplicative of existing claims or patently frivolous." *Murray v. Schriro*, 745 F.3d 984, 1015 (9th Cir. 2014) (alteration omitted). "However, denial on this ground is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Clarke*, 703 F. Supp. 2d at 1043 (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)).

Defendants do not assert that the proposed amendments are futile.[3] Consequently, this factor

---

[3] In a single sentence in his opposition, Deputy Zazueta contends that "the proposed First Amended Complaint includes irrelevant and redundant allegations, allegations that are not relevant to any claim (such as the post incident interview) and incorporation of one hundred and thirteen (113) paragraphs into each claim." (Doc. 34 at 3.) This cursory assertion could be construed as an argument that the proposed amendments are futile, but the Court declines to take such a construction as Deputy Zazueta's briefing raises only Rule 8 and makes no mention of the *Foman* factors. *See Aramark Facility Servs. v. Serv. Emps. Int'l Union, Local 1877, AFL CIO*, 530 F.3d 817, 824 n.2 (9th Cir. 2008) (arguments not adequately briefed are waived).

1    also weighs in favor of allowing the amendment.

2                    **c.   Undue Prejudice**

3        "Prejudice results when an amendment would unnecessarily increase costs or would

4    diminish the opposing party's ability to respond to the amended pleading."  *BNSF Ry. Co. v. San*

5    *Joaquin Valley R. Co.*, No. 1:08–cv–01086–AWI–SMS, 2011 WL 3328398, at *2 (E.D. Cal Aug.

6    2, 2011) (citation omitted).  "Prejudice may be established in a variety of ways, such as where a

7    motion to amend is made after the cutoff date for such motions, or when discovery has already

8    closed or is about to close."  *Lyon v. U.S. Immigr. & Customs Enf't.*, 308 F.R.D. 203, 214 (N.D.

9    Cal 2015) (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)); *see also*

10   *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1138–39 (9th Cir. 1998).  "The party

11   opposing leave to amend bears the burden of showing prejudice."  *U.S. v. Somnia, Inc.*, 339 F.

12   Supp. 3d 947, 958 (E.D. Cal. 2018) (quoting *Serpa v. SBC Telecomms.*, 318 F. Supp. 2d 865, 870

13   (N.D. Cal. 2004)); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

14       Deputy Zazueta does not claim that he will be prejudiced by the proposed amendments.  (*See*

15   Doc. 34.)  County Defendants' opposition to the Motion is based primarily on their objections to

16   the allegations contained in paragraphs 48 through 55 of the proposed amended complaint, which

17   allege a sequence of events involving decedent Mann prior to the shooting.  (*See* Doc. 33 at 3–4.)

18   Specifically, County Defendants contend that the allegations in those paragraphs are a "nonchalant

19   mischaracterization of the facts[.]"  (*Id.* at 2.)  Accordingly, County Defendants assert that "[w]hen

20   the complaint contains allegations which Plaintiffs should know are incorrect at this stage following

21   discovery, any defendant [e.g., Sergeant Hatfield] who is otherwise entitled to move to dismiss claims

22   is then unduly prejudiced when the standard requires that the court must assume [P]laintiffs' allegations

23   to be true."  (*Id.* at 4.)

24       County Defendants' claim of prejudice is unavailing.  First, the "prejudice" alleged by County

25   Defendants is not of the type usually cognizable by the courts.  Typically, "a court evaluates prejudice

26   in terms of, *e.g.*, whether discovery cut-offs have passed, how close trial is, and so forth."  *Yates v. Auto*

27   *City 76*, 299 F.R.D. 611, 614 (N.D. Cal. 2013).  Second, the Court is not convinced that County

28   Defendants have shown any prejudice at all.  It is axiomatic that Plaintiffs are the masters of their

complaint, *see Williams v. Caterpillar Tractor Co.*, 786 F.2d 928 (9th Cir. 1986), *aff'd but criticized sub nom. Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987), and Plaintiffs are free to present their version of the facts in their pleading.  Sergeant Hatfield will, of course, be "entitled to move to dismiss [the] claims" against him under Rule 12(b)(6) (*see* Doc. 33 at 4), but he is not entitled to a ruling in his favor on those grounds.  The motion to dismiss standard is inherently more favorable to the plaintiff, requiring the Court to accept the plaintiff's factual allegations as true.[4]  *See Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018).  The Court's application of this legal standard cannot be a basis for prejudice.  Indeed, County Defendants have not identified any case authority recognizing their claimed "prejudice" as a basis for denying leave to amend.

The Court also observes that County Defendants do not make any contentions that they themselves will be prejudiced if the Motion is granted—only that Sergeant Hatfield, who is not yet a party to the action, might be prejudiced. Therefore, in the absence of any showing of undue prejudice to Defendants, the Court finds that this *Foman* factor militates in favor granting the proposed amendments.

### 3.    Rule 8

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[T]he 'short and plain statement' must provide each defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005).  Deputy Zazueta contends that the Motion should be denied because the proposed first amended complaint "includes irrelevant and redundant allegations" and thus violates Rule 8. (*See* Doc. 34.)  Specifically, Deputy Zazueta notes that the proposed amended complaint is excessively long, as the "allegations have ballooned from twenty eight (28) pages and one hundred thirty (130) paragraphs as asserted in the original complaint . . . to thirty six (36) pages and one hundred seventy four (174) paragraphs," and the proposed complaint incorporates 113 paragraphs into each claim. (*Id.* at 1, 3)

---

[4] Any dispute about whether Plaintiffs' complaint is borne out by the evidence is more properly raised via motion for summary judgment.

1    In support of his positions, Deputy Zazueta cites to several cases, some out of circuit, where

2   the complaint was dismissed for violating Rule 8.  (*See* Doc. 34 at 2–3.)  Those cases, however, are

3   distinguishable because they concern motions to dismiss as opposed to a motion to amend.  *See*

4   *Eisenstecken v. Tahoe Reg'l Plan. Agency*, No. 2:20–CV–02349–TLN–CKD, 2022 WL 956694, at

5   *6 (E.D. Cal. Mar. 30, 2022) (declining to "decide whether [the plaintiffs'] Proposed SAC violates

6   Rule 8(a) as the issue has not been adequately briefed in a Rule 8(a) motion to dismiss," where a

7   motion to amend the complaint was before the court).  Accordingly, the Court declines to consider

8   whether the proposed first amended complaint violates Rule 8 at this time.  "If Defendants wish to

9   challenge the sufficiency of the pleading, either for prolixity or for the allegedly confusing

10  combination of . . . claims, they can file a motion pursuant to Rule 8(a) and those arguments will be

11  considered at that time."  *Eisenstecken*, 2022 WL 956694, at *7.

12  ### IV.    CONCLUSION AND ORDER

13    As discussed above, Plaintiffs have demonstrated good cause to amend the Scheduling

14  Order, and all the applicable *Foman* factors favor allowing Plaintiffs' proposed amendments.

15  Accordingly, Plaintiffs' motion for leave to file a first amended complaint (Doc. 30) is GRANTED.

16  Plaintiffs shall file their First Amended Complaint, **which is attached as Exhibit A to counsel**

17  **Mark E. Merin's declaration in support of the Motion (Doc. 30-2, Ex. A),[5] by no later than**

18  **three days from the date of this order**.

19
20  IT IS SO ORDERED.

21  Dated:   **July 7, 2022**                              */s/ Sheila K. Oberto*
22                                               UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28
---
[5] A clean copy of the First Amended Complaint shall be filed with the Court.

8