**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN213301
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant GERARDO ZAZUETA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF XANDER MANN, AMY PICKERING, and JUSTIN MANN,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, DARWIN HATFIELD, GERARDO ZAZUETA, and DOE 2 to 20,<br><br>Defendants.<br>_____/ | CASE NO. 1:21-cv-01098-AWI-SKO<br><br>**DEFENDANT ZAZUETA'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: 7/19/21 |

Defendant GERARDO ZAZUETA hereby submits the following Answer to Plaintiffs' ESTATE OF XANDER MANN, AMY PICKERING, and JUSTIN MANN'S First Amended Complaint (ECF No. 51):

### INTRODUCTION

Answering the unnumbered section entitled "Introduction," this answering Defendant generally and specifically denies the allegations contained in said paragraph/section.

### JURISDICTION & VENUE

1. Answering paragraphs 1, 2 and 3, this answering Defendant contends said paragraphs contain conclusions of law and not averments of fact for which a response is required,

{02760245.DOCX}                                                  1

but insofar as a response is required, Defendant lacks sufficient information or knowledge to enable him to answer the allegations contained in these paragraphs, and basing his denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

## EXHAUSTION

2. Answering paragraph 4, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations contained in this paragraph, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph.

## PARTIES

3. Answering paragraphs 5, 6, and 7, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations contained in these paragraphs, and basing his denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

4. Answering paragraph 8, this answering Defendant admits the County of Stanislaus is a public entity within California. Answering the remaining allegations in said paragraph, this answering Defendant contends such contains conclusions of law and not averments of facts for which an answer is not required.

5. Answering paragraph 10, this answering Defendant admits Jeff Dirkse was the Sheriff of the Stanislaus County Sheriff's Department. Answering the remaining allegations in said paragraph, this answering Defendant contends said remaining allegations contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, lacks sufficient information or knowledge to enable him to answer the remaining allegations in this paragraph, and basing his denial on this ground, generally and specifically denies all remaining allegations contained in this paragraph.

6. Answering paragraph 11, this answering Defendant admits Darwin Hatfield was employed with the County as a law enforcement officer. Answering the remaining allegations in said paragraph, this answering Defendant contends said remaining allegations contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, lacks sufficient information or knowledge to enable him to answer the remaining

allegations in this paragraph, and basing his denial on this ground, generally and specifically denies all remaining allegations contained in this paragraph.

7.  Answering paragraph 12, this answering Defendant admits he was employed with the County as a law enforcement officer. Answering the remaining allegations in said paragraph, this answering Defendant contends said remaining allegations contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, lacks sufficient information or knowledge to enable him to answer the remaining allegations in this paragraph, and basing his denial on this ground, generally and specifically denies all remaining allegations contained in this paragraph.

8.  Answering paragraph 13, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations contained in this paragraph, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph.

## GENERAL ALLEGATIONS

9.  Answering paragraph 14, this answering Defendant contends this paragraph contains conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in these paragraphs, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph.

10. Answering paragraphs 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 26, and 27, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations contained in these paragraphs, and basing his denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

11. Answering paragraph 28, this answering Defendant admits to learning of the pursuit over the radio, and joining the pursuit in a sports utility vehicle, and being a field training officer. Answering the remaining allegations in this paragraph, this answering Defendant lacks sufficient information or knowledge to enable him to answer the remaining allegations in these paragraphs, and basing his denial on this ground, generally and specifically denies all remaining allegations contained in this paragraph.

12. Answering paragraph 29, this answering Defendant admits to positioning his patrol vehicle behind the vehicle being pursued. Answering the remaining allegations in this paragraph, this answering Defendant lacks sufficient information or knowledge to enable him to answer the remaining allegations in these paragraphs, and basing his denial on this ground, generally and specifically denies all remaining allegations contained in this paragraph.

13. Answering paragraphs 30, 31, 32, and 33, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations contained in these paragraphs, and basing his denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

14. Answering paragraph 34, this answering Defendant admits to requesting permission to utilize a pursuit intervention technique on the vehicle being pursued. Answering the remaining allegations in this paragraph, this answering Defendant lacks sufficient information or knowledge to enable him to answer the remaining allegations in these paragraphs, and basing his denial on this ground, generally and specifically denies all remaining allegations contained in this paragraph.

15. Answering paragraphs 35, 36, 38, 40, 41, and 42, this answering Defendant generally and specifically denies all allegations contained in these paragraphs.

16. Answering paragraphs 37 and 39, this answering Defendant contends these paragraphs contains conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in these paragraphs, and basing his denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

17. Answering paragraphs 43, 44, 45, 46, 48, 49, 50, and 51, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in these paragraphs, and basing his denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

18. Answering paragraphs 47, 52, 53, 54, 55, and 56, this answering Defendant generally and specifically denies all allegations contained in these paragraphs.

19. Answering paragraphs 57, 58, 59, 60, 62, 63, and 64, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in these paragraphs, and basing his denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

20. Answering paragraphs 61, this answering Defendant contends this paragraph contains conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in this paragraph, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph.

21. Answering paragraph 65, 66, and 67, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in these paragraphs, and basing his denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

22. Answering paragraphs 68, this answering Defendant admits to opening the driver side door. Answering the remaining allegations in this paragraph, this answering Defendant generally and specifically denies all remaining allegations contained in this paragraph.

23. Answering paragraphs 69 and 70, this answering Defendant generally and specifically denies all allegations contained in these paragraphs.

24. Answering paragraph 71, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in this paragraph, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph.

25. Answering paragraphs 72 and 73, this answering Defendant contends these paragraphs contains conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in these paragraphs, and basing his denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

26. Answering paragraph 74, including subparagraphs (a-b), 75, and 76 this answering Defendant contends these paragraphs contain incomplete references, argument or conclusions of law and not averments of fact to which a response is required, but insofar as a response is required,

this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in these paragraphs, and basing his denial on this ground, generally and specifically denies all allegations contained in these paragraphs and subparagraphs.

27. Answering paragraphs 77, 78, 79, 80, and 82, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in these paragraphs, and basing his denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

28. Answering paragraphs 81, this answering Defendant contends this paragraph contains conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in this paragraph, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph.

29. Answering paragraphs 83, 84, 85, 86, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in these paragraphs, and basing his denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

30. Answering paragraphs 87, 88, including subparagraphs (a-f), this answering Defendant generally and specifically denies all allegations contained in these paragraphs and/or subparagraphs.

31. Answering paragraphs 89 including subparagraphs (a-e), this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in these paragraphs and subparagraphs, and basing his denial on this ground, generally and specifically denies all allegations contained in these paragraphs and subparagraphs.

32. Answering paragraphs 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100 including subparagraphs (a-d), and 101, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in these paragraphs, and basing his denial on this ground, generally and specifically denies all allegations contained in these paragraphs and subparagraphs.

///

## POLICE AND CUSTOM ALLEGATIONS

33. Answering paragraphs 102 and 103, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in these paragraphs, and basing his denial on this ground, generally and specifically denies all allegations contained in these paragraphs.

34. Answering paragraph 104, this answering Defendant contends this paragraph contains conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in this paragraph, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph.

35. Answering subparagraphs 104a and 104b, this answering Defendant submits the excerpts of the alleged documents are not attached, and thus calls for speculation from this Defendant, and therefore, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in these subparagraphs, and basing his denial on this ground, generally and specifically denies all allegations contained in this subparagraphs.

36. Answering paragraphs 105, 106 including subparagraphs (a-i), 107, 108 including subparagraphs (a-d), 109 including subparagraphs (a-l), 110, 111, 112, 113 including subparagraphs (a-b), this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations contained in these paragraphs, and basing his denial on this ground, generally and specifically denies all allegations contained in these paragraphs and subparagraphs.

## FIRST CLAIM FOR RELIEF

**Excessive Force**
**(U.S. Const., Amend. IV; 42 U.S.C. § 1983)**

37. Answering paragraph 114, this answering Defendant contends this paragraph contains conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in these paragraphs, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph.

38. Answering paragraph 115, this answering Defendant incorporates by reference all responses to paragraphs 1 to 113, to the extent relevant, as if fully set forth herein.

39. Answering paragraphs 116, 117, 118, 119, and 120, this answering Defendant generally and specifically denies all allegations contained in these paragraphs.

## SECOND CLAIM
### Unwarranted Interference with Familial Association
### (U.S. Const., Amend. XIV; 42 U.S.C. § 1983)

40. Answering paragraph 121, this answering Defendant contends this paragraph contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in this paragraph, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph.

41. Answering paragraph 122, this answering Defendant incorporates by reference all responses to paragraphs 1 to 113, to the extent relevant, as if fully set forth herein.

42. Answering paragraphs 123, 124, 125, and 126, this answering Defendant generally and specifically denies all allegations contained in these paragraphs.

## THIRD CLAIM
### Unwarranted Interference with Familial Association
### (U.S. Const., Amend. I; 42 U.S.C. § 1983)

43. Answering paragraph 127, this answering Defendant contends this paragraph contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in this paragraph, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph.

44. Answering paragraph 128, this answering Defendant incorporates by reference all responses to paragraphs 1 to 113, to the extent relevant, as if fully set forth herein.

45. Answering paragraphs 129, 130, 131 and 132, this answering Defendant generally and specifically denies all allegations contained in these paragraphs.

## FOURTH CLAIM

### Excessive Force
### (Cal. Const., Art. I, § 13)

46. Answering paragraphs 133, this answering Defendant contends this paragraph contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in this paragraph, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph.

47. Answering paragraph 134, this answering Defendant incorporates by reference all responses to paragraphs 1 to 113, to the extent relevant, as if fully set forth herein.

48. Answering paragraphs 135, 136, 137, 138, 139 and 140, this answering Defendant generally and specifically denies all allegations contained in these paragraphs.

## FIFTH CLAIM
### Tom Bane Civil Rights Act
### (Cal. Civ. Code 52.1)

49. Answering paragraph 141, this answering Defendant contends this paragraph contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in this paragraph, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph.

50. Answering paragraph 142, this answering Defendant incorporates by reference all responses to paragraphs 1 to 113, to the extent relevant, as if fully set forth herein.

51. Answering paragraphs 143, 144, 145, 146, 147, 148, 149, and 150, this answering Defendant generally and specifically denies all allegations contained in these paragraphs.

## SIXTH CLAIM
### Assault/Battery

52. Answering paragraph 151, this answering Defendant contends this paragraph contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, this answering Defendant lacks sufficient information or knowledge to

enable him to answer the allegations in this paragraph, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph.

53. Answering paragraph 152, this answering Defendant incorporates by reference all responses to paragraphs 1 to 113, to the extent relevant, as if fully set forth herein.

54. Answering paragraphs 153, 154, 155, 156, 157, and 158, this answering Defendant generally and specifically denies all allegations contained in these paragraphs.

## SEVENTH CLAIM

### Negligence

55. Answering paragraph 159, this answering Defendant contends this paragraph contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in this paragraph, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph.

56. Answering paragraph 160, this answering Defendant incorporate by reference all responses to paragraphs 1 to 113, to the extent relevant, as if fully set forth herein.

57. Answering paragraphs 161, 162, 163, 164, 165, and 166, this answering Defendant generally and specifically denies all allegations contained in these paragraphs.

## EIGHTH CLAIM
### Wrongful Death
### (Cal. Code Civ. Proc. 377.60)

58. Answering paragraph 167, this answering Defendant contends this paragraph contain conclusions of law and not averments of fact to which a response is required, but insofar as a response is required, this answering Defendant lacks sufficient information or knowledge to enable him to answer the allegations in this paragraph, and basing his denial on this ground, generally and specifically denies all allegations contained in this paragraph.

59. Answering paragraph 168, this answering Defendant incorporate by reference all responses to paragraphs 1 to 113, to the extent relevant, as if fully set forth herein.

60. Answering paragraphs 169, 170, 171, 172, 173, and 174, this answering Defendant generally and specifically denies all allegations contained in these paragraphs.

# I.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Based on information and belief, at all times mentioned in the Complaint, Defendant was acting in good faith and is entitled to qualified immunity for the claims asserted pursuant to 42 U.S.C section 1983.

### SECOND AFFIRMATIVE DEFENSE

Based on information and belief, as applicable to Plaintiffs' Seventh and Eighth Claims, Defendant allege that decedent had a duty to exercise due care but failed to do so by his conduct, including but not limited to, failing to comply with lawful orders and/or engaging in conduct by operation of his vehicle with employees of the County and/or the individual Defendant and based thereon, Defendant allege that decedent was himself guilty of comparative negligence or fault due to his failures.

### THIRD AFFIRMATIVE DEFENSE

As to each state law claim for relief, Defendant allege, based on information and belief, that all acts and omissions alleged in the Complaint fall within the immunities and defenses and all rights granted to him and each of him by virtue of provisions of the California Government Code section 820.4, which provides immunity for the execution or enforcement of any law, save for liability for false arrest or false imprisonment.

### FOURTH AFFIRMATIVE DEFENSE

As to each state law claim for relief, Defendant allege, based on information and belief, that all acts and omissions alleged in the Complaint fall within the immunities and defenses and all rights granted to him and each of him by virtue of provisions of the California Government Code section 820.8, which provides immunity for an injury caused by the act or omission of another person.

### FIFTH AFFIRMATIVE DEFENSE

Based on information and belief, as applicable to Plaintiffs' Seventh and Eighth Claims, Defendant allege that third persons other than the answering Defendant, including but not limited to the passengers in the vehicle with decedent, which proximately caused and/or contributed to the

damages, if any, suffered by decedent and/or Plaintiffs, by encouraging decedent's conduct. Accordingly, Plaintiffs' recovery is barred or reduced proportionately by the careless, negligence and willful conduct of the decedent and/or third parties, which proximately caused any damage claimed in this action. This defense is interposed only in the alternative and does not admit any of the allegations of the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

Damages for non-economic losses cannot exceed the amount specified in Civil Code section 3333.2.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs and/or decedent, failed to exercise reasonable diligence in the operation of the vehicle on the day of the incident so as to mitigate the damages, if any, alleged in the Complaint and the resultant damages, if any, were directly and proximately caused by the failure, neglect, and refusal of Plaintiffs to exercise reasonable diligence and effort to mitigate the damages alleged.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs and/or decedent freely and voluntarily assumed the risk of injury and damage alleged in this action with full knowledge and appreciation of the magnitude thereof in that decedent Xander Mann created or exacerbated the incidents about which Plaintiffs complain of in the Complaint in the manner and method of operation of his vehicle including decedent's ingestion of drugs prior thereto.

## NINTH AFFIRMATIVE DEFENSE

Decedent wrongfully, unlawfully and maliciously made and threatened an assault and battery upon others and provoked the alleged affray, and individual Defendant used no more than reasonable and necessary force in defense of himself, his person, others, or property.

## TENTH AFFIRMATIVE DEFENSE

As to each state law claim for relief, Decedent's (and/or the Estate's) claims, and each of him, are barred by the provisions of California Penal Code section 834a, insofar as decedent knew or should have known he was being detained or arrested, he had a duty to refrain from using force or any weapon, including a vehicle from resisting such detention or arrest.

ELEVENTH AFFIRMATIVE DEFENSE

As to all state law claims for relief, based on information and belief, Plaintiffs and/or all successors-in-interest to decedent's estate, have failed to comply with the requirements of California Government Code section 900 et seq., i.e. the California Government Tort Claims Act.

TWELFTH AFFIRMATIVE DEFENSE

As to all state law claims for relief, based on information and belief, Defendant alleges that Plaintiffs' Complaint is barred by the doctrine of unclean hands in that decedent Xander Mann created or exacerbated the incidents about which Plaintiffs complain of in the Complaint in the manner and method of operation of his vehicle including decedent's ingestion of drugs prior thereto.

## II.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs' action be dismissed;
2. That Plaintiffs take nothing by way of his Complaint;
3. That Defendant be awarded his costs of suit, including attorney's fees; and
4. For such other relief as the Court deems proper.

Date: July 22, 2022                     Respectfully submitted,

PORTER SCOTT
A PROFESSIONAL CORPORATION

By: /s/ *John R. Whitefleet*
    John R. Whitefleet
    Attorneys for Defendant

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury in the above-entitled action as provided by the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

Dated: July 22, 2022

PORTER SCOTT
A PROFESSIONAL CORPORATION

By: /s/ *John R. Whitefleet*
John R. Whitefleet
Attorneys for Defendant