**RIVERA HEWITT PAUL LLP**
11341 Gold Express Drive, Ste. 160
Gold River, California 95670

Tel: 916-922-1200
Fax: 916-922-1303

Shanan L. Hewitt (SBN 200168)
shewitt@rhplawyers.com
Jill B. Nathan (SBN 186136)
jnathan@rhplawyers.com

Attorneys for Defendants,
COUNTY OF STANISLAUS,
STANISLAUS COUNTY SHERIFF'S
DEPARTMENT, JEFF DIRKSE, and DARWIN HATFIELD

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF XANDER MANN, AMY PICKERING, and JUSTIN MANN,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, DARWIN HATFIELD, GERARDO ZAZUETA, and DOE 2 to 20,<br><br>Defendants.<br><br>AND ALL RELATED CASES | Lead Case No.: 1:21-cv-01098-AWI-SKO<br>Member Case No.: 1:22-cv-00384-DAD-SAB<br><br>**DEFENDANT DARWIN HATFIELD'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [Doc. 51]**<br><br>Fed. R. Civ. Proc. 12(b)(6)<br><br>Date: Wednesday, Sept. 7, 2022<br>Time: 9:30 a.m.<br>Courtroom: 7, 6th Floor<br>Judge: Hon. Mag. Sheila K. Oberto<br>Trial Date: 10/24/23 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE**

**NOTICE** that this matter is set for hearing in the United States District Court, Eastern District of

California, Fresno Division, located at 2500 Tulare Street, Courtroom 7, 6th Floor, Fresno,

California, 93720 on Wednesday September 7, 2022, at 9:30 a.m. before the Honorable

- 1 -
Defendant D. Hatfield's Rule 12(b)(6) Motion to Dismiss First Amended Complaint
for Failure to State a Claim

1  Magistrate Judge Sheila K. Oberto.

2  Defendant DARWIN HATFIELD ("Defendant") will and hereby does move this Court

3  pursuant to Rule 12(b)(6) to dismiss the First through Eighth Claims for Relief in the First

4  Amended Complaint (Doc. 51) as follows:

**1. PLAINTIFFS FAIL TO STATE A CLAIM AGAINST DEFENDANT HATFIELD FOR EXCESSIVE FORCE**

**2. PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE FOURTEENTH AMENDMENT AGAINST DEFENDANT FOR INTERFERENCE WITH FAMILIAL ASSOCIATION**

**3. PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE FIRST AMENDMENT AGAINST DEFENDANT FOR INTERFERENCE WITH FAMILIAL ASSOCIATION**

**4. PLAINTIFFS FAIL TO STATE A CLAIM AGAINST DEFENDANT HATFIELD FOR EXCESSIVE FORCE UNDER THE CALIFORNIA CONSTITUTION**

**5. PLAINTIFFS FAIL TO STATE A CLAIM AGAINST DEFENDANT HATFIELD UNDER CAL. CIV. CODE § 52.1, THE BANE ACT**

**6. PLAINTIFFS FAIL TO STATE A CLAIM AGAINST SGT. HATFIELD FOR ASSAULT AND BATTERY**

**7. PLAINTIFFS FAIL TO STATE A CLAIM AGAINST SGT. HATFIELD FOR NEGLIGENCE**

**8. PLAINTIFFS FAIL TO STATE A CLAIM AGAINST SGT. HATFIELD FOR WRONGFUL DEATH OF XANDER MANN**

This motion will be based on this motion and notice of motion; the memorandum of points and authorities in support thereof; any and all pleadings and papers filed herewith; and on any oral argument presented at the hearing of this matter.

Date: July 29, 2022            Respectfully submitted,

                               RIVERA HEWITT PAUL LLP

                               */s/ JILL B. NATHAN*
                               _____
                               JILL B. NATHAN
                               Attorneys for Defendants
                               DARWIN HATFIELD,
                               COUNTY OF STANISLAUS,
                               STANISLAUS COUNTY SHERIFF'S
                               DEPARTMENT, and JEFF DIRKSE

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS ALL CLAIMS OF THE FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

## I. INTRODUCTION

Plaintiffs Amy Pickering and Justin Mann filed this action individually and as co-successors in interest to the estate of their deceased son, Xander Mann ("Decedent" or "Mann"). At approximately 2:00 a.m. on May 18, 2021, in Modesto, California, Stanislaus County Sheriff's deputies attempted to pull over a vehicle driven by Mann for vehicle code violations. (FAC, ¶¶ 15-18). There were four other occupants in Mann's vehicle, including Hector del Alto who has filed an action against the County of Stanislaus defendants and against the Estate of Mann. When Deputy Tovar approached the driver-side of the Mann vehicle, Mann did not comply with the Deputy's directions to turn off his vehicle, but instead, Mann sped away. (FAC, ¶¶ 19-24).

Xander Mann then led deputies on a 20-minute pursuit through Modesto, which was eventually joined by Modesto Police Department. Mann took his passengers on an ill-fated joyride, running stops signs and red lights as he fled from law enforcement. Modesto Police Department's spike strips did not end the pursuit. Defendant Stanislaus County Sheriff's Deputy Zazueta recognized that the pursuit was at low speeds and there was no traffic in the area at 2 a.m., and he therefore requested permission from his sergeant to utilize a pursuit intervention technique ("PIT") in an attempt to try and end the pursuit.[1] (FAC, ¶ 38).

Responding defendant Sgt. Hatfield monitored the pursuit. (FAC, ¶ 30). Sgt. Hatfield authorized Deputy Zazueta to proceed with the PIT. Deputy Zazueta had used the tactic before and expected this to end the pursuit. The final PIT maneuver on the Mann vehicle by Deputy Zazueta resulted in Mann driving the vehicle in reverse and up against a curb. (FAC, ¶¶ 40, 42). Deputy Tovar and Sgt. Hatfield assisted by attempting to triangulate their vehicles to prevent Mann from continuing to flee. This was not effective, as Mann did not stop but proceeded to drive forward towards deputies and through a "gap" in the vehicles at the scene. (See FAC, ¶¶ 45, 47). Deputy Zazueta had exited his vehicle; Deputy Zazueta discharged his weapon at Mann who was travelling

---

[1] Deputy Zazueta is represented by separate counsel in this matter.

forward. (See FAC, ¶ 52).[2] Two bullets struck Mann in the head, immediately rendering him unconscious. (See FAC, ¶ 59). The Mann vehicle then continued to accelerate forward and crashed into a pole before all occupants were removed from the vehicle. (FAC, ¶ 64).

After obtaining leave of court to file an amended complaint, Plaintiffs filed the First Amended Complaint (FAC) at ECF 51 adding Sgt. Hatfield as a defendant. Defendants County of Stanislaus, Stanislaus County Sheriff's Department and Sheriff Jeff Dirkse answered the First Amended Complaint. (Doc. 69). In the FAC, Plaintiffs allege that Sgt. Hatfield's authorization of the PIT maneuver violated eight federal and state laws including: 1) 42 U.S.C. §1983 Excessive Force; 2)  42 U.S.C. § 1983 Unwarranted Interference with Familial Association under the Fourteenth Amendment to the U.S. Constitution; 3) 42 U.S.C. §1983 Unwarranted Interference with Familial Association under the First Amendment to the U.S. Constitution; 4) Excessive Force under the California Constitution, Article I, § 13); 5) Bane Act, Cal. Civ. Code § 52.1; 6) Assault/Battery; 7) Negligence; 8) Wrongful Death. Pursuant to Federal Rule of Civil Procedure 12(b)(6), responding Defendant Hatfield respectfully requests dismissal of each and every claim alleged against him in the FAC.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 255 F.3d 729, 732 (9th Cir.2001). A court may dismiss a complaint pursuant to 12(b)(6) where: (1) The complaint lacks a cognizable legal theory; or (2) the complaint alleges insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir.1990). To meet pleading requirements and withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This demands a presentation of factual

---

[2] Plaintiffs allege contradictory facts in the FAC in order to convince the Court that Xander Mann was not driving towards Deputy Zazueta when he was shot. Plaintiffs cannot have it both ways. The allegation that Mann "drove his vehicle away from any patrol vehicles, in order to avoid a collision" is inconsistent with the allegation that Mann drove between a gap in the patrol vehicles and inconsistent with the allegation that Deputy Zazueta was in a "dangerous position" standing outside of his vehicle. (See FAC, ¶¶ 45, 47, 49, 53).

allegations sufficient to state a plausible claim for relief, where the mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, supra, at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir.2009). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inference." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); see also *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) ("unwarranted inferences are insufficient to defeat a motion to dismiss").

If plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570. Conclusory allegations are not entitled to a "presumption of truth." See *Iqbal*, 556 U.S. at 681. It is not proper for the court to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

### III. ARGUMENT

#### A. PLAINTIFFS FAIL TO STATE A CLAIM AGAINST DEFENDANT HATFIELD FOR EXCESSIVE FORCE

In the First Claim of the First Amended Complaint, Plaintiffs allege that Defendant Sgt. Hatfield failed to intercede in, or aided and abetted, Defendant Deputy Zazueta's use of force. (FAC, ¶ 117). The factual allegations involving Defendant Hatfield do not plausibly support Plaintiffs' claim of excessive force under the Fourth Amendment. An excessive force inquiry asks whether the officer's actions were "objectively reasonable" in light of the facts and circumstances presented to the officer. *Graham v. Connor*, 490 U.S. 386, 397 (1980). The Court evaluates the 'reasonableness' of a particular use of force "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396. "An officer's use of force cannot be deemed excessive based on facts that he reasonably would not have known or anticipated." *Lowry v. City of San Diego*, 858 F.3d 1248, 1256 (9th Cir. 2017) (*en banc*). Notably, the alleged constitutional violation must be the but-for and proximate cause of the plaintiff's injuries. *Mendez v. Cty. of Los Angeles*, 897 F.3d 1067, 1074 (9th Cir. 2018).

1    The allegations fail to sufficiently connect Sgt. Hatfield's conduct to Xander Mann's injury.
2  Xander Mann led law enforcement on a 20-minute pursuit through Modesto. Different techniques
3  were used in attempts to force Mann to stop his flight from officers. Deputy Zazueta "requested
4  permission to utilize a PIT because he had utilized the technique in the past and believed it would
5  probably end the pursuit." (FAC, ¶ 35). Responding defendant Sgt. Hatfield monitored the pursuit
6  which was "at low speeds." (FAC, ¶ 31). Sgt. Hatfield gave the authorization to Deputy Zazueta to
7  use the PIT on the subject vehicle. This was not effective, as Mann did not stop but proceeded to
8  drive forward towards deputies and through a "gap" in the vehicles at the scene. (See FAC, ¶¶ 45,
9  47). Deputy Zazueta then discharged his weapon at Mann who was travelling forward. (See FAC, ¶
10 52). The bullets struck Mann in the head, immediately rendering him unconscious. (See FAC, ¶
11 59). Sgt. Hatfield's actions were not the proximate cause of Xander Mann's injuries. It was not
12 foreseeable that the PIT maneuver would fail to stop Mann; it was not foreseeable that Mann
13 would put the car in drive and proceed to drive towards deputies. Xander Mann's criminal conduct
14 following the attempted PIT was not reasonably foreseeable. See *Sabbe v. Washington Cty. Bd. of*
15 *Commissioners*, 537 F. Supp. 3d 1205, 1223 (D. Or. 2021) (plaintiff's injury not proximately
16 caused by officers' unlawful entry, because it was not reasonably foreseeable that plaintiff would
17 then ram officers with his truck and threaten them with a weapon).

18    The allegation in the FAC that Sgt. Hatfield's authorization of the PIT maneuver violated
19 policies is entirely conclusory and need not be accepted as true. (See FAC, ¶ 37). The use of pursuit
20 intervention tactics is authorized under the Stanislaus County Sheriff's Department policies; these
21 are excerpted in the FAC. (FAC, pp. 15-16). Plaintiffs acknowledge that the pursuit was at low
22 speeds and that there was no traffic in the area. (FAC, ¶ 38). Policies 314.7.1 and 314.7.4, as
23 alleged, provide guidelines for use of pursuit intervention tactics – they do not forbid the use of PIT
24 maneuvers. On a motion to dismiss, the court need not accept as true "allegations that are merely
25 conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec.*
26 *Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). The Court need not accept Plaintiffs' entirely conclusory
27 allegation that the PIT attempted here on the Mann vehicle was contrary to policy.
28

Defendant D. Hatfield's Rule 12(b)(6) Motion to Dismiss First Amended Complaint
for Failure to State a Claim

The FAC does not contain allegations of a sufficient causal connection between Defendant Hatfield's conduct and Xander Mann's injuries, and the allegations fail to show that Defendant Hatfield's conduct was unlawful. The FAC fails to state a claim for relief against Defendant Hatfield for excessive force, and the claim should be dismissed.

### B. PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE FOURTEENTH AMENDMENT AGAINST DEFENDANT FOR INTERFERENCE WITH FAMILIAL ASSOCIATION

In the Second Claim, decedent's parents Amy Pickering and Justin Mann allege that Defendant Hatfield violated their rights under the Fourteenth Amendment by interference with their familial relationship with Xander Mann. A violation of Plaintiffs' substantive due process rights in these circumstances are contingent upon the existence of underlying constitutional violations. See *Gausvik v. Perez,* 392 F.3d 1006, 1008 (9th Cir. 2004) (the other constitutional claims form an integral part of the claim relating to familial interference). As argued herein, Plaintiffs fail to plausibly state that Defendant Hatfield's conduct violated the Constitution. As a result, Plaintiffs' Second Claim for interference in familial relationships also fails and must be dismissed.

Additionally, Plaintiffs fail to adequately state conduct or omissions by Defendant which "shocks the conscience." See *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008) ("[O]nly official conduct that 'shocks the conscience' is cognizable as a due process violation." (quoting *Cty. of Sacramento v. Lewi*s, 523 U.S. 833, 846 (1998)). "[W]here a law enforcement officer makes a snap judgment because of an escalating situation, his conduct may only be found to shock the conscience if he acts with a purpose to harm unrelated to legitimate law enforcement objectives." *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010).

Allegations in the First Amended Complaint fail to suggest any conduct of Defendant Hatfield which shocks the conscience. Sgt. Hatfield <u>monitored</u> the vehicle pursuit, knew that it was at <u>low speeds with no traffic</u>, and authorized Deputy Zazueta to PIT the vehicle. (FAC, ¶ 31). Pursuit intervention tactics are not forbidden under Department policy. The use of the PIT was intended as a means to stop the Mann vehicle. The PIT was unsuccessful, however, as Mann made a decision to continue driving. Ultimately, Xander Mann perished as a result of gunshots, and not because of the PIT tactic.

The First Amended Complaint fails to adequately allege outrageous or shocking actions sufficient to sustain a Fourteenth Amendment claim against Defendant Sgt. Hatfield. The Second Claim against responding Defendant for interference with familial relations is subject to dismissal.

### C. PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE FIRST AMENDMENT AGAINST DEFENDANT FOR INTERFERENCE WITH FAMILIAL ASSOCIATION

The Supreme Court has interpreted the First Amendment as protecting "the freedom to enter into and carry on certain intimate or private relationships," including "marriage, the begetting and bearing of children, child rearing and education, and cohabitation with relatives." *Bd. of Directors of Rotary Int'l v. Rotary Club of Duarte*, 481 U.S. 537, 545 (1987) (citations omitted). First Amendment rights to familial association are "measured by the same standard as Fourteenth Amendment rights to familial association." See *Kaur v. City of Lodi*, 263 F. Supp. 3d 947, 973 (E.D. Cal. 2017). Here, the allegations do not state a plausible claim that Sgt. Hatfield violated Plaintiffs' rights under the First Amendment.

Defendant Hatfield's actions did not directly nor proximately cause Xander Mann's death. The PIT tactic authorized by Hatfield did not result in the death of Mann. Xander Mann's response to the PIT was unpredictable and unforeseeable. After the PIT was attempted, the deputies and Sgt. Hatfield triangulated their vehicles – in an ongoing attempt to stop the Mann vehicle after it had been travelling in reverse. There are no allegations suggesting how Sgt. Hatfield could have intervened to stop the escalation by Xander Mann as he shifted the car to drive and drove forward. Contrary to Plaintiffs' attempts to characterize Mann's final actions as capitulating and reaching to turn off the vehicle, such unconvincing fiction is inapposite to the claim that Deputy Zazueta took a "dangerous position outside of his patrol vehicle." (FAC, ¶ 53). If Mann had not driven the car forward towards Zazueta, surely Deputy Zazueta's location standing outside his vehicle would not be considered a "dangerous position" as alleged in the FAC.

Ultimately, based upon the allegations, neither Sgt. Hatfield's actions nor omissions plausibly resulted in any interference in Plaintiffs' rights to familial association with Xander Mann under the First Amendment. The Third Claim in the FAC against Defendant Hatfield should be dismissed.

Defendant D. Hatfield's Rule 12(b)(6) Motion to Dismiss First Amended Complaint for Failure to State a Claim

### D. PLAINTIFFS FAIL TO STATE A CLAIM AGAINST DEFENDANT HATFIELD FOR EXCESSIVE FORCE UNDER THE CALIFORNIA CONSTITUTION

The Fourth Claim alleges excessive force under the California Constitution, article I, § 13. "The touchstone for all issues under the Fourth Amendment and article I, section 13 of the California Constitution is reasonableness." *Sanchez v. Cty. of San Diego*, 464 F.3d 916, 928 (9th Cir. 2006) (quoting *Ingersoll v. Palmer*, 43 Cal.3d 1321, (1987)). For the same reasons that the FAC does not adequately allege a Fourth Amendment excessive force claim against Sgt. Hatfield, it also fails state a claim for excessive force under the California Constitution. Responding defendant Hatfield therefore incorporates by reference the foregoing arguments, providing that the FAC fails to sufficiently allege a claim of excessive force against Sgt. Hatfield. The Fourth Claim against Sgt. Hatfield for excessive force under the California Constitution is thus subject to dismissal.

### E. PLAINTIFFS FAIL TO STATE A CLAIM AGAINST DEFENDANT HATFIELD UNDER CAL. CIV. CODE § 52.1, THE BANE ACT

Section 52.1 of the Cal. Civil Code creates a right of action against any person who "interferes by threat, intimidation, or coercion… with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or… of this state." Cal. Civ. Code § 52.1(b). Such claim requires a showing of "specific intent" by the officer(s) to violate the constitutional right at issue. *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1044 (9th Cir. 2018); see also *B.B. v. Cty. of Los Angeles*, 25 Cal. App. 5th 115, 133 (Ct. App. 2018). "The act of interference with a constitutional right must itself be deliberate or spiteful." *Julian v. Mission Community Hospital*, 11 Cal.App.5th 360, 395 (2017).

Plaintiffs Fifth Claim vaguely alleges that Sgt. Hatfield "failed to intercede in, was an integral participant in, and/or aided and abetted" in Deputy Zazueta's allegedly unlawful use of force. (FAC, ¶ 144). The factual allegations in the complaint, however, do not satisfy a basic showing that Sgt. Hatfield either personally involved in a deprivation nor that he was deliberately indifferent to Plaintiffs' rights. (See *Reese, supra*, 888 F.3d at 1030, and *Cornell v. City & Cnty. of San Francisco*, 17 Cal. App. 5th 766, 802 n.31 (2017)). On the contrary, Sgt. Hatfield exercised

caution before authorizing the PIT: The law enforcement pursuit of Mann had lasted for approximately 20 minutes and Sgt. Hatfield was monitoring the pursuit; the pursuit was at low speeds and there was no traffic. Allegations suggest that other methods of stopping the fleeing vehicle were ineffective, because the Modesto Police Department had allegedly attempted to deploy spike-strips. (FAC, ¶ 32). The Sheriff's Department's policy permitted use of PIT maneuvers provided that the "deputy has been properly trained" in such tactics. (FAC, ¶ 104(a)). Deputy Zazueta had used a PIT in the past successfully, suggesting that he was competently trained on how to conduct a PIT. (FAC, ¶ 35).

Sgt. Hatfield's actions following the failed PIT did not demonstrate a deliberate indifference to Plaintiffs' rights. Sgt. Hatfield continued to attempt to stop the Mann vehicle to end the pursuit by positioning his vehicle as to "box-in" Mann. Hatfield was not deliberately indifferent - he could not have reasonably anticipated that Mann would respond to the patrol vehicle formation by continuing in his effort to flee.[3]

Beyond conclusory language, the allegations in the FAC do not show that Defendant Hatfield used any force against decedent, and do not show that Hatfield was deliberately indifferent to Plaintiffs' rights. Sgt. Hatfield is entitled to dismissal of the Bane Act claim in the Fifth Claim for relief.

### F. PLAINTIFFS FAIL TO STATE A CLAIM AGAINST SGT. HATFIELD FOR ASSAULT AND BATTERY

Under California law, battery is the willful (or unlawful) use of force or violence upon another that causes injury, and assault is an (unlawful) attempt, coupled with a present ability, to commit a violent injury on another. California Penal Code §§ 240, 243. In order to assert a claim for battery against a law enforcement officer, a plaintiff must prove the officer used unreasonable force. See *Edson v. City of Anaheim*, 63 Cal. App. 4th 1269, 1273 (1996) ("[A] prima facie battery is not established unless and until plaintiff proves unreasonable force was used."). Assault also requires

---

[3] The fact that Mann had to shift the car into drive and drive forward towards Zazueta, and the fact that Mann's foot was on the accelerator, clearly indicate that Mann was not reaching for the ignition or intending to "surrender" as Plaintiffs unconvincingly suggest.

1  unreasonable force. *Finley v. City of Oakland*, No. C 04-5102 MEJ, 2006 WL 269950, at *14 (N.D.
2  Cal. Feb. 2, 2006) ("Where a police officer is the defendant, the plaintiff must prove unreasonable
3  force as an additional element of these torts. While *Edson* addressed the tort of battery and did not
4  specifically mention assault, the reasoning used by that court to find that a plaintiff must show
5  unreasonable force when alleging battery against a police officer applies equally to an assault
6  claim.") (internal citation omitted).

7  The allegations do not provide that Sgt. Hatfield used *any* force on Mann. Moreover,
8  Defendant Hatfield is immune from liability for Plaintiffs' injuries pursuant to California
9  Government Code § 820.8. That provision provides that, "[e]xcept as otherwise provided by statute,
10 a public employee is not liable for an injury caused by the act or omission of another person." Sgt.
11 Hatfield's mere authorization of the PIT on the Mann vehicle did not amount to a use of force, and
12 there is no indication that Mann was injured by this tactic - because it was *unsuccessful*. Sgt.
13 Hatfield is immune from any liability for the alleged unlawful shooting of Mann, pursuant to §
14 820.8, as he was not a participant in that use of force.

15 The Sixth Claim for relief in the FAC should be dismissed as to Defendant Hatfield, where it
16 fails to state a claim for assault and battery, and where responding Defendant is nonetheless
17 immune from liability under California statutory law.

### G. PLAINTIFFS FAIL TO STATE A CLAIM AGAINST SGT. HATFIELD FOR NEGLIGENCE

20 In California, claims alleging that an officer breached his duty to use reasonable care "are
21 analyzed under the same standard of objective reasonableness used in Fourth Amendment claims."
22 *Hayes v. Cty. of San Diego*, 736 F.3d 1223, 1232 (9th Cir. 2013). The Seventh Claim in Plaintiffs'
23 First Amended Complaint must be dismissed as to responding Defendant Hatfield, because the
24 allegations fail to show that his conduct was unreasonable, and moreover, he is entitled to immunity
25 from liability for negligence of others under Cal. Gov't. Code § 820.8.

26 The law enforcement pursuit of Mann had lasted for approximately 20 minutes and Sgt.
27 Hatfield was monitoring the pursuit. His decision to authorize the PIT was reasoned and not rash.
28 He was aware that the pursuit was at low speeds and there was no traffic. He tried alternative

1  methods to stop the fleeing vehicle such as requesting the use of spike-strips. (FAC, ¶ 32). The

2  Sheriff's Department's policy permitted use of PIT maneuvers provided that the "deputy has been

3  properly trained" in such tactics. (FAC, ¶ 104(a)). Deputy Zazueta had used a PIT in the past

4  successfully, which suggests that he was trained on how to utilize a PIT. (FAC, ¶ 35). The PIT

5  maneuver ultimately was not successful, and there is no indication that Xander Mann was injured

6  by this failed PIT attempt. Based upon the foregoing, Sgt. Hatfield's actions as alleged were

7  reasonable. Additionally, the negligence claim against Defendant Hatfield is subject to dismissal

8  pursuant to the immunity under Government Code § 820.8, whereby a public employee is not liable

9  for an injury caused by the act or omission of another person.

### H. PLAINTIFFS FAIL TO STATE A CLAIM AGAINST SGT. HATFIELD FOR WRONGFUL DEATH OF XANDER MANN

"The elements of the cause of action for wrongful death are the tort (negligence or other wrongful act), the resulting death, and the damages, consisting of the pecuniary loss suffered by the heirs." *Quiroz v. Seventh Ave. Center*, 140 Cal. App. 4th 1256, 1263 (2006) (internal citation omitted). Here, the allegations in the First Amended Complaint fail to state any plausible claim against Sgt. Hatfield for negligence or for an unreasonable use of force. Sgt. Hatfield used no force on Xander Mann, and the PIT maneuver which he authorized did not cause Mann's death. Xander Mann escalated the circumstances after the PIT, by continuing to drive the car towards law enforcement. Under California law, Sgt. Hatfield is nonetheless immune from any liability for Mann's death which was caused by another person. The Eighth Claim for Wrongful Death should be dismissed as to Defendant Hatfield.

### IV. CONCLUSION

Based on the foregoing, responding Defendant D. Hatfield respectfully requests that each and every claim in the First Amended Complaint alleged against him be dismissed without leave to amend, and that he be dismissed entirely from this action. Plaintiffs fail to provide any plausible allegations of unlawful force against Sgt. Hatfield under federal or state law. Sgt. Hatfield's involvement, pursuant to the allegations, was limited to the cautious authorization of the use of a pursuit intervention technique by Deputy Zazueta, and to further attempting to box in Xander

Mann's vehicle after Mann had travelled in reverse and backed into a curb – both tactics were unsuccessful in stopping the driver from flight.

Date:  July 29, 2022

Respectfully submitted,

RIVERA HEWITT PAUL LLP

*/s/ JILL B. NATHAN*

JILL B. NATHAN
Attorneys for Defendants
DARWIN HATFIELD,
COUNTY OF STANISLAUS,
STANISLAUS COUNTY SHERIFF'S
DEPARTMENT, and JEFF DIRKSE