# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF XANDER MANN, et al., | Case No. 1:21-cv-01098-AWI-SKO |
| Plaintiffs, | **ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTIONS TO COMPEL** |
| v. | |
| COUNTY OF STANISLAUS, et al., | (Docs. 45, 46) |
| Defendants. | |

## I.    INTRODUCTION

Before the Court is Plaintiffs Estate of Xander Mann, Amy Pickering, and Justin Mann (collectively, "Plaintiffs")'s motions to compel discovery from Defendant County of Stanislaus (the "County"), filed June 8, 2022. (Docs. 45, 46.) The parties filed their joint statements directed to the motions to compel, as required by this Court's Local Rule 251, on June 22, 2022. (Docs. 47, 48.)  The Court reviewed the parties' papers and all supporting material and found the matter suitable for decision without oral argument. The hearing set for July 6, 2022, was therefore vacated. (Doc. 49.)  Having considered the parties' briefing, and for the reasons set forth below, Plaintiffs' motions to compel will be denied without prejudice.

///

///

## II. DISCUSSION

On July 19, 2021, Plaintiffs filed a complaint against Defendants County of Stanislaus, Stanislaus County Sheriff's Department ("Sheriff's Department"), Jeff Dirkse, and Gerardo Zazueta ("Defendants"), alleging violations of civil and constitutional rights arising out of the officer-involved shooting of 16-year-old Xander Mann.[1] (Doc. 1.) Plaintiffs move to compel the production of: (1) an unredacted version of the "County Claim Investigation Report" (the "Report") prepared by the Sheriff's Department after Plaintiffs submitted a government claim to the County in connection with the shooting of Mann (Request for Production ("RFP") No. 1); and (2) correspondence between Defendants and counsel related to the government claim and the County's investigation of the shooting (RFP Nos. 1 & 4).[2] (Docs. 47 & 48.) Plaintiffs also request that the County be ordered to pay Plaintiffs' expenses incurred in bringing the motions to compel. (Doc. 47 at 16–17; Doc. 48 at 20–21.)

Local Rule 251 requires that the parties meet and confer in a *good faith* effort to resolve the differences that are the subject of a motion to compel before the motion may be heard. E.D. Cal. L.R. 251(b). Based on the parties' representations in the joint statement, it does not appear that the parties have met this requirement.

Turning first to Plaintiffs' request to compel production of an unredacted version of the Report, the Court notes that, according to the County, a redacted version of the Report was first provided to Plaintiffs on May 20, 2022, and Plaintiffs' motion to compel was the first time they requested an unredacted version of the Report. (Doc. 47 at 8.) Plaintiffs' counsel Mark E. Merin's declaration, submitted in connection with one of the joint statements, reflects that no additional email exchanges occurred between Plaintiffs and the County after the production of the redacted Report and before the filing of the motion to compel. (*See* Doc. 47-1 at 3.) The County indicates that "a mutually agreeable solution to this record" can be reached without judicial intervention.[3]

---

[1] On July 8, 2022, Plaintiffs filed a First Amended Complaint, incorporating additional factual allegations and adding Darwin Hatfield as a defendant. (*See* Doc. 51.)

[2] RFP No. 1 requests all documents relating to the investigation of Plaintiffs' government claim concerning the shooting of Mann, filed on June 4, 2021. (Doc. 47 at 3.) RFP No. 4 requests all correspondence sent and received by the Sheriff's Department personnel from May 28, 2021 (the date of the shooting), to the present. (Doc. 48 at 2.)

[3] Specifically, the County stated, "If this motion to compel seeks an unredacted version of the Investigative Report produced on May 20, 2022, Defendant County fails to ascertain any legitimate discovery dispute, as Plaintiffs failed to

(*Id.* at 8.)  As it appears that the dispute over the Report may be resolved between the parties with additional meet-and-confer efforts, the Court will deny without prejudice Plaintiffs' motion to compel an unredacted version of the Report.

As for Plaintiffs' motion to compel the production of correspondence between Defendants and counsel, the County represents that all non-privileged email communications responsive to RFP Nos. 1 & 4 have been produced, and that the County will have provided a privilege log for 300-plus pages of communications between Defendants and counsel by July 6, 2022.  (Doc. 47 at 9, 11; Doc. 48 at 2, 7, 9.)  That date has now passed, and presumably, the County has provided Plaintiffs with a privilege log as promised.  In the event that a privilege log has not been provided, the Court will order that the County do so within seven (7) days of this order.  As the County indicates that it has otherwise produced all non-privileged correspondence responsive to RFP Nos. 1 & 4, Plaintiffs' motion to compel a further response to those requests will be denied as moot.[4]

Finally, with regard to the parties' dispute over the proper scope (i.e., the search terms to be used) and timeframe of electronically stored information ("ESI") responsive to RFP No. 4—requesting all correspondence sent and received by the Sheriff's Department personnel from May 28, 2021 (the date of the shooting), to the present (*see* Doc. 48 at 10–12)—the Court finds the District of Nevada's observations in *Walker v. N. Las Vegas Police Dep't*, No. 214CV01475JADNJK, 2016 WL 8732300 (D. Nev. May 13, 2016), to be helpful

> Where, as here, counsel are using keyword searches for retrieval of ESI, the parties must work together to implement [an] iterative process for finalizing the search terms[.]  Whether search terms . . . will yield the information sought is a complicated question involving the interplay, at least, of the sciences of computer technology, statistics and linguistics.  Given this complexity, for . . . judges to dare opine that a

---

request an unredacted version of the report until filing this motion to compel.  Defendant County anticipates that a mutually agreeable solution to this record can be reached with [sic] the need for judicial intervention." (Doc. 47 at 8.)  Based on the context of this statement, the Court assumes that the County intended to say "without" rather than "with" in the second sentence and that the omission of "out" was accidental.

[4] Plaintiffs assert that the County did not provide a copy of the Report until Plaintiffs' counsel "discovered that the document was missing and had not been produced by the County," and "[b]ased on the County's improper withholding, Plaintiffs have reason to be suspicious that there are additional documents responsive to RFP No. 1, at least, which have not been identified or produced by the County." (Doc. 47 at 15.)  To the extent Plaintiffs are asking the Court to order further production of documents, the Court declines to do so, as a copy of the Report has been produced (with further discussions between the parties to ensue regarding the redactions) and Plaintiffs have not identified any other relevant, responsive documents that have not been produced.  *See Golden v. Am. Pro Energy*, No. EDCV16891MWFKKX, 2018 WL 3357421, at *3 (C.D. Cal. July 9, 2018).

>certain search term or terms would be more likely to produce information than the terms that were used is truly to go where angels fear to tread.

*Id.* at. *3 (internal quotation marks and citations omitted; alterations in original). Accordingly, the Court will order the parties to meet and confer once more regarding the temporal limitations of Plaintiffs' request and reasonable search terms to be used to retrieve responsive ESI.

The Court provides the following guidance for the parties' consideration in their meet-and-confer efforts: Search terms must be "reasonably tailored to identify responsive communications[.]" *Corbello v. Devito*, 2010 WL 4703519 *6 (D. Nev. Nov. 12, 2010), *on reconsideration in part*, 2011 WL 1466605 (D. Nev. Apr. 15, 2011). "Indiscriminate terms, such as a defendant's name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction." *Cannata v. Wyndham Worldwide Corp.*, 2012 WL 528224, *4 (D. Nev. Feb. 17, 2012). Furthermore, in civil rights excessive force cases against police departments, "post-event evidence is not only admissible for purposes of proving the existence of a municipal defendant's policy or custom, but may be highly probative with respect to that inquiry." *Henry v. Cnty. of Shasta*, 132 F.3d 512, 519 (9th Cir. 1997), *as amended*, 137 F.3d 1372 (9th Cir. 1998).

### III. CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiffs' motions to compel an unredacted version of the Report and additional ESI responsive to RFP No. 4 (*see* Docs. 45 & 46) are DENIED WITHOUT PREJUDICE, subject to being renewed, after the parties have adequately met and conferred and set forth their differences in an updated Joint Statement re Discovery Disagreement, in accordance with Local Rule 251. Alternatively, in the unlikely event that the parties are unable to resolve their disputes, they may avail themselves of the Court's informal discovery dispute process, set forth in the undersigned's Court Procedures at:

   https://www.caed.uscourts.gov/caednew/assets/File/SKOWebInfo_revised_3_16_2020.pdf.

4

2. In the event that a privilege log has not been provided with regard to correspondence responsive to RFP Nos. 1 & 4, **by no later than seven (7) days of the date of this order**, the County SHALL provide Plaintiffs with a complete privilege log of these documents. Plaintiffs' motions to compel further responses to RFP Nos. 1 & 4 (*see* Docs. 45 & 46) are otherwise DENIED as MOOT.

IT IS SO ORDERED.

Dated:   **September 2, 2022**                         /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE