# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF XANDER MANN, AMY PICKERING, JUSTIN MANN, and HECTOR DEL ALTO,<br><br>**Plaintiffs**<br><br>v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>**Defendants**<br><br>_____<br><br>**AND RELATED CROSSCLAIMS** | CASE NO. 1:21-CV-1098 AWI SKO<br><br>**ORDER ON PLAINTIFFS' MOTION TO STRIKE**<br><br>(Doc. No. 87) |

This consolidated case arises from the fatal encounter between minor Decedent Xander Mann ("Mann") and members of the Stanislaus County Sheriff's Department.  The Plaintiffs are the family of Xander Mann and a passenger who was in Mann's vehicle at the time of the encounter.  In the Unified Complaint ("UC"), Plaintiffs allege state and federal law claims, including state law claims for violation of the California Constitution, the Bane Act (Cal. Civ. Code § 52.1), assault/battery, negligence, and wrongful death.  Currently before the Court is Plaintiffs' motion to strike Defendant Stanislaus County Sheriff Jeff Dirkse ("Dirkse")'s third affirmative defense.  For the reasons that follow, Plaintiffs' motion will be granted in part and denied in part.

## RULE 12(f) FRAMEWORK

Rule 12(f) of the Federal Rules of Civil Procedure allows the court to strike from "any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter." Fed. R. Civ. P. 12(f).  The purpose of a Rule 12(f) motion is to avoid the costs that arise from litigating spurious issues by dispensing with those issues prior to trial.  See Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir 2010); Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir.1983).   An affirmative defense may be insufficient either as a matter of law or as a matter of pleading.  Gomez v. J. Jacobo Farm Labor Contr., Inc., 188 F.Supp.3d 986, 991 (E.D. Cal. 2016).  An affirmative defense is legally insufficient if it "lacks merit under any set of facts the defendant might allege."  Neylon v. County of Inyo, 2017 U.S. Dist. LEXIS 137212, *3-*4 (E.D. Cal. Aug. 25, 2017); Gomez, 188 F.Supp.3d at 991.  Affirmative defenses are insufficient as a matter of pleading if they fail to give the plaintiff "fair notice of the defense."  Simmons v. Navajo Cnty., 609 F.3d 1011, 1012 (9th Cir. 2010); Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979); Gomez, 188 F.Supp.3d at 991.  "'[T]he fair notice' required by the pleading standards only requires describing [an affirmative] defense in 'general terms.'"  Kohler v. Flava Enters., Inc., 779 F.3d 1016, 1019 (9th Cir. 2015); Gomez, 188 F.Supp.3d at 991.  "Fair notice . . . requires that the defendant state the nature and grounds for the affirmative defense."  Neylon, 2017 U.S. Dist. LEXIS 137212 at *4; Gomez, 188 F.Supp.3d at 992; United States v. Gibson Wine Co., 2016 U.S. Dist. LEXIS 55053, *13(E.D. Cal. Apr. 25, 2016).  "Although 'fair notice' is a low bar that does not require great detail, it does require a defendant to provide 'some factual basis' for its affirmative defense."  Spencer v. Lopez, 2022 U.S. Dist. LEXIS 144441, *4 (E.D. Cal. Aug. 11, 2022); Neylon, 2017 U.S. Dist. LEXIS 137212 at *4; Gomez, 188 F.Supp.3d at 992; Gibson Wine, 2016 U.S. Dist. LEXIS 55053 at *13.  Fact barren affirmative defenses or bare references to doctrines or statutes are unacceptable because they "do not afford fair notice of the nature of the defense pleaded."  Neylon, 2017 U.S. Dist. LEXIS 137212 at *4; Gomez, 188 F.Supp.3d at 992; Gibson Wine, 2016 U.S. Dist. LEXIS 55053 at *14; see G&G Closed Circuit Events, LLC v. Alfaro, 2023 U.S. Dist. LEXIS 20420, *14 (E.D. Cal. Feb. 6, 2023).

## BACKGROUND

From the UC, in the early morning hours of May 18, 2021, 16-year old Mann and four other teenagers were driving in Mann's vehicle outside of Modesto, California.  County Sheriff's

2

Deputies attempted to stop Mann for two Vehicle Code violations.  While Mann initially pulled

over, he accelerated and attempted to drive away from the deputies.  A pursuit involving multiple

peace officers ensued.  Following the application of a Pursuit Intervention Technique ("PIT")

maneuver, Mann's vehicle spun and came to a rest against a curb.  Police vehicles attempted to

block Mann's vehicle.  Mann drove his vehicle slowly and did not pose a threat to any person on

the scene.  Despite the absence of a threat posed by Mann, Defendant Deputy Zazueta (who had

exited his patrol vehicle) shot into Mann's vehicle and shot Mann and passenger Del Alto.  Mann

died as a result of Zazueta's gunshot.

During and after the incident, numerous deputies failed to properly activate their bodycams

and keep the bodycams recording in accordance with policy.  The County permitted Zazueta and

his attorney to view video footage and demonstrated bias in favor of Zazueta in investigating the

officer involved shooting.

Eleven days after the shooting, the County and Dirkse released a highly edited "critical

incident video" of the encounter.  The video provided incomplete and false information, and

Dirkse's presentation was false and misleading.  Dirkse's video presentation accepted Zazueta's

false version of events and disregarded the information of non-biased witnesses.

Plaintiffs allege that the Sheriff Department's policies regarding PIT maneuvers were

inadequate and resulted in the use of excessive force against Mann.  Plaintiffs also allege that

Dirkse maintained a custom or policy of creating and maintaining a culture of permitting or

encouraging the use of excessive force.  Finally, Plaintiffs allege that Dirkse ratified Zazueta's

conduct and frequently ignored allegations of excessive force.

## **PLAINTIFFS' MOTION**

### *Plaintiffs' Arguments*

Plaintiffs argues that there are legal insufficiencies within the third affirmative defense.

Immunity under Gov. Code § 820.2 applies to basic policy or planning level decisions, not

operational decisions that merely implement an existing or larger policy.  Courts have recognized

that decisions regarding the hiring, retention, discipline, and training of personnel are purely

operational and not subject to immunity under § 820.2.  The immunity is also inapplicable to officers who use excessive force.  Therefore, Dirkse is not entitled to immunity under § 820.2 for hiring, retaining, discipline, and training and maintaining a culture of impunity to unconstitutional uses of force.

Plaintiffs also argue that there are pleading insufficiencies.  The third affirmative defense fails to allege any supporting facts as to why and how Dirkse's decisions implicate discretionary immunity under § 820.2.  In particular, the third affirmative defense does not identify or describe the policy decisions that serve as the basis of § 820.2 immunity.  The affirmative defense's reference to various allegations in the complaint do not cure this deficiency.

### *Defendant's Opposition*

Dirkse argues that the third affirmative defense is not legally insufficient.  The UC alleges that Dirkse is responsible for the formal policies regarding the PIT, which implicates a decision at the planning level.  Further, courts have recognized that § 820.2 may apply to policies involving hiring, training, discipline, and retention of staff.  Moreover, the UC makes broad allegations of intentional practices or customs, which inferentially are the result of decision-making at the Sheriff's level.  Finally, while § 820.2 does not apply to officers' use excessive force, that rule is irrelevant because Dirkse is not asserting that he is immune from liability for the arrest.

Dirkse also argues that there are no pleading deficiencies.  The third affirmative defense is based on policy decisions, training, and supervision involving the PIT technique, use of force, employment decisions, investigations, and releasing public information.  This is ample notice to Plaintiffs, and further detail is unnecessary.

### *Third Affirmative Defense*

As the third affirmative defense, in response to plaintiffs' Fourth [excessive force under the California Constitution], Fifth [Cal. Civ. Code § 52.1], Sixth [assault/battery], Seventh [negligence], and Eighth [wrongful death] Claims brought under California state law, at all times mentioned in the Complaint and immediately prior thereto, [Dirkse] is entitled to statutory immunity under California Government Code § 820.2 for any alleged injury resulting from his acts or omissions, where the acts or omissions are attributed to the exercise of discretion vested in him.  The Fourth, Fifth, Sixth, Seventh, and Eighth Claims in the complaint here each allege that [Dirkse] acted in his capacity as a "policymaking authority."  Policy decisions amount to an exercise of discretion, and [Dirkse] is entitled to immunity from liability for injury flowing from such actions, under [§

820.2].  See Steinle v. City & Cty of San Francisco, 919 F.3d 1154 (9th Cir. 2019). [Dirkse] is particularly immune from liability for policy decisions, training, and supervision involving the Department's use of the Pursuit Intervention Technique ("PIT") as the use of the PIT is alleged in the Complaint (¶¶ 111-112); [Dirkse] is particularly immune from liability for policy decisions, training, and supervision involving the Department's use of force, as his decisions, training, and supervision are alleged in the Complaint (¶¶ 113-117); [Dirkse] is particularly immune from liability for employment decisions such as hiring and retaining employees, as such decisions are alleged in the Complaint (¶ 13); [Dirkse] is particularly immune from liability for policy decisions, training, and supervision involving the investigation of the incident, including but not limited to decisions in releasing information to the public, creating and "publishing" the critical incident video, and is immune from liability as to each and every policy decision, training, and supervision relating to the investigation as such allegations are contained in the Complaint (¶¶ 104, 107, 118-120).  See Conway v. County of Tuolumne, 231 Cal.App.4th 1005, 1015, 1018 (2014).

*Legal Standard*

Cal. Gov. Code § 820.2 in relevant part reads: "[A] public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."  Cal. Gov. Code § 820.2; Sharp v. County of Orange, 871 F.3d 901, 920 n.13 (9t h Cir. 2017).  The immunity of § 820.2 "is reserved for those 'basic policy decisions [which have] . . . been [expressly] committed to coordinate branches of government,' and as to which judicial interference would thus be 'unseemly.'"  Liberal v. Estrada, 632 F.3d 1064, 1084 (9th Cir. 2011) (quoting Gillan v. City of San Marino, 147 Cal.App.4th 1033, 1051 (2007)); see Caldwell v. Montoya, 10 Cal.4th 972, 981 (1995); Krolikowski v. San Diego City Employees' Retirement Sys., 24 Cal.App.5th 537, 550 (2018).  Decisions that do not rise to the level of "basic policy decisions," but instead are merely "operational" decisions, do not receive immunity under § 820.2.  See Mendez v. County of L.A., 897 F.3d 1067, 1084 (9th Cir. 2018); Liberal, 632 F.3d at 1084.  That is, there is no immunity for ministerial decisions that merely implement a basic policy that has already been formulated. Caldwell, 10 Cal.4th at 981; Krolikowski, 24 Cal.App.5th at 2018.  To be entitled to § 820.2 immunity, there must be a showing that the specific conduct giving rise to the suit involved the actual exercise of discretion, meaning that there was an actual balancing of risks and advantages. Steinle v. City & Cty. of San Francisco, 919 F.3d 1154, 1161 (9th Cir. 2019); Caldwell, 10 Cal.4th at 981.

*Discussion*

1.     Pleading Sufficiency

Initially, there is no ambiguity regarding which Defendant is asserting § 820.2 immunity or regarding to which claims immunity may apply.  Only Dirkse is asserting § 820.2 immunity and only as to the Fourth, Fifth, Sixth, Seventh and Eighth Claims, which are all state law causes of action.  The third affirmative defense also identifies a number of actions and claims that are allegedly subject to § 820.2 immunity, largely through reference to the UC.

However, the Court is generally not satisfied that the third affirmative defense provides adequate notice of the basis for the asserted  § 820.2 immunity.  That is, the Court is generally not convinced that the discretionary decisions at issue have been adequately identified.  If Dirkse believes that certain policy/planning level decisions were made, that those decisions serve as the basis for liability, and that those decisions are immunized through § 820.2, then he needs to specifically identify what those specific policy/planning level decisions are.  Great detail is not required, nor do facts that meet the plausibility standard need to be pled, but Dirkse must at least identify or describe the policy/planning level decisions that he believes serve as the basis for his assertion of § 820.2 immunity.  See Estate of Jackson v. City of Modesto, 2023 U.S. Dist. LEXIS 32507, *8-*9 (E.D. Cal. Feb. 27, 2023); cf. Neylon, 2017 U.S. Dist. LEXIS 137212 at *25.  The conclusory allegation that "policy decisions" were immunized is little more than another method of identifying § 820.2, and merely listing the categories of "training and supervision" regarding a generalized description of one of the Plaintiffs' claims leaves Plaintiffs and the Court guessing as to what specific policy decisions Dirkse intends to rely on.  See Estate of Jackson, 2023 U.S. Dist. LEXIS 32507 at *9.  The reference to "training and supervision" is particularly problematic since courts generally find that decisions regarding training, hiring, retraining, supervision, and discipline are operational decisions that are not subject to § 820.2 immunity.  See Palmer v. Vasquez, 2014 U.S. Dist. LEXIS 29778, *27-*28 (E.D. Cal. Mar. 6, 2014); Jarboe v. County of Orange, 2010 U.S. Dist. LEXIS 155482, *34-*36 (C.D. Cal. July 29, 2010); Randolph v. City of E. Palo Alto, 2008 U.S. Dist. LEXIS 15607, *34 (N.D. Cal. Mar. 1, 2008); Taylor v. City of L.A. Dept. of Water & Pwr, 144 Cal.App.4th 1216, 1238-39 (2006); see also Turano v. County of

Alameda, 2019 U.S. Dist. LEXIS 21123, *7-*8 (N.D. Cal. Feb. 8, 2019); but see Rosales v. County of L.A., 2012 U.S. Dist. LEXIS 200516, *13 (C.D. Cal. Sept. 10, 2012) (citing Holland v. City of San Francisco, 2010 U.S. Dist. LEXIS 129086, *33 (N.D. Cal. Dec. 7, 2010) in support of the proposition that hiring, training, and retention of staff involve policymaking actions to which § 820.2 immunity applies).[1]  Similarly, the reference to "releasing public information" and "creating and publishing incident video" is more consistent with operational decisions than a formal policy/planning level decision.  Finally, while the Court accepts that Dirkse's citation to the various paragraphs in the UC provides additional context to the third affirmative defense, those citations do not save it.  Although a relatively small number of paragraphs are listed, many of those paragraphs contain multiple subparagraphs.  The volume of allegations involved still requires the Court and Plaintiffs to guess at possible policy/planning level decisions that might or might not apply to any given claim. Thus, the failure to expressly identify a particular policy/planning level decision that Dirkse believes is immunized through § 820.2 is fatal.  See Estate of Jackson, 2023 U.S. Dist. LEXIS 32507 at *9.

Notwithstanding the above, the Court concludes that one particular policy/planning level decision is adequately identified.  The third affirmative defense identifies policies associated with the PIT maneuver as alleged in Paragraphs 111 and 112 of the UC.  Paragraph 111 lists two formal policies of the County Sheriff's Department that were maintained by Dirkse and that deal with PIT maneuvers (Policy 314.7.1 and Policy 314.7.4).  See UC ¶ 111.  Paragraph 112 criticizes the two policies.  See UC ¶ 112.  Because the UC itself identifies two formal policies maintained by Dirkse, and the third affirmative defense identifies policies regarding the PIT maneuver and the two relevant paragraphs in the UC, the Court is satisfied that the third affirmative defense provides fair notice that Dirkse is asserting that he is entitled to § 820.2 immunity for the creation or maintenance of County Sheriff's Department Policy 314.7.1 and Policy 314.7.4, both of which appear to be policy/planning level decisions.

---

[1] The Court notes that Holland held, without citation to authority, that "[Plaintiff] cites no authority in support of her argument [that § 820.2 does not apply to the sheriff's claim for negligent supervision], however, and levels of training and supervision would seem to fall within the realm of policymaking, as Defendants contend."  Holland, 2010 U.S. Dist. LEXIS 129086 at *33.

However, the third affirmative defense's reference to "training and supervision" regarding the PIT maneuver policies creates the same problem as other references to "training and supervision."  Namely, "training and supervision" are generally considered operational decisions.  That formal policies relating to the performance of a PIT maneuver may exist does not mean that there are also policy/planning level decisions regarding supervision or training on those policies.  Therefore, to the extent that Dirkse believes that a policy/planning level decision was made with respect to training and supervision of the two PIT maneuver policies identified in the UC, then Dirkse must expressly identify the training and supervision policy/planning level decision.  See Estate of Jackson, 2023 U.S. Dist. LEXIS 32507 at *9.

It is not necessarily clear at this stage of the litigation if Dirkse can identify a particular policy/planning level decision based purely on the allegations in the UC.  If Dirkse does not know or cannot identify a particular policy decision that applies to the Plaintiffs' claims and that fits within § 820.2, then he should not attempt to invoke § 820.2 as an affirmative defense at this time.  See Estate of Jackson, 2023 U.S. Dist. LEXIS 32507 at *9; Gomez, 188 F.Supp.3d at 993 n.2.  Rather, he should wait until additional information has been discovered and then utilize the very liberal amendment procedures of Rule 15(a), see Brown v. Stored Value Cards, Inc., 953 F.3d 567, 574-75 (9th Cir. 2020); Hoang v. Bank of Am., N.A., 910 F.3d 1096, 1102 (9th Cir. 2018), to amend his answer in light of the new information obtained.  See Gomez, 188 F.Supp.3d at 993 n.2.

In sum, with the exception involving the two written PIT maneuver policies discussed above, because specific policy decisions have not been adequately identified, the third affirmative defense does not provide "fair notice" and will be stricken.  See Estate of Jackson, 2023 U.S. Dist. LEXIS 32507 at *9; Neylon, 2017 U.S. Dist. LEXIS 137212 at *25-*26.

2.      Legal Sufficiency

As discussed above, the Court is satisfied that Dirkse has provided fair notice that § 820.2 applies to Dirkse's creation or maintenance of County Sheriff Department Policies 314.7.1 and 314.7.4.  However, that is the only application of § 820.2 to which fair notice has been given.  Without identification of a specific policy/planning level decision, the Court cannot hold that § 820.2 will not apply per se.  While it is true that the third affirmative defense invokes concepts

that appear to be operational, or that are generally held to be operational, that does not mean in this particular case that there are no policy/planning level decisions that could be operative, at issue, and the basis for some theories of liability.  Therefore, until specific policy/planning level decisions are particularly identified by Dirkse, the Court cannot hold at this time that § 820.2 is legally insufficient with respect to Plaintiffs' state law claims.[2]

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.   Plaintiffs' motion to strike (Doc. No. 87) is GRANTED in part;

2.   Defendants' second affirmative defense is STRICKEN, with the exception of allegations relating to the PIT maneuver Sheriff's Department policies;

3.   Within fourteen (14) days of service of this order, Defendants may file an amended answer that is consistent with the analysis of this order; and

4.   If Defendants fail to file a timely amended answer, then leave to amend will be deemed automatically withdrawn without further order from the Court, and this case will proceed with the third affirmative defense remaining limited as described in this order.

IT IS SO ORDERED.

Dated:   April 27, 2023            _____

SENIOR  DISTRICT  JUDGE

---

[2] The Court notes that Plaintiffs rely heavily on *Rodriguez v. County of L.A.*, 891 F.3d 776 (9th Cir. 2018).  To the extent Plaintiffs are reading *Rodriguez* to mean that § 820.2 cannot apply to a supervisor whenever excessive force is used by another officer and where the supervisor is not present, the Court cannot agree with Plaintiffs.  *Rodriguez* involved claims against supervisory police officers under state and federal law.  When discussing federal law, *Rodriguez* recognized that a supervisor's culpable action or inaction may form the basis of supervisory liability, even when the supervisor is not present during a constitutional violation.  See Rodriguez, 891 F.3d at 799.  When discussing state law and § 820.2, *Rodriguez* cited to *Blankenhorn v. City of Orange*, 485 F.3d 463, 487 (9th Cir. 2007) to hold that, because § 820.2 does not shield employees who use excessive force in carrying out their duties, the supervisors were not entitled to § 820.2 immunity.  See Rodriguez, 891 F.3d at 799.  *Blankenhorn*'s conclusion regarding § 820.2 was based on officers who were present and applied excessive force, it did not deal with officers who were absent supervisors.  See Blankenhorn, 485 F.3d at 467-70, 487.  Moreover, the District Court in *Rodriguez* explained that the supervisory defendants were found liable for their presence at and direction of the cell extraction that injured plaintiff Rodriguez.  See Rodriguez v. County of L.A., 96 F.Supp.3d 990, 1000-01 (C.D. Cal. 2014).  Dirkse is unlike the officers in *Blankenhorn* or *Rodriguez* in that he was not present and did not direct actions at the scene when Mann was killed.  Plaintiffs cite no cases that have interpreted *Rodriguez* in the way they describe.  In the absence of such supporting authority, the Court will not adopt Plaintiffs' argument.