UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF XANDER MANN, et al., | No. 1:21-cv-01098-MCE-JDP |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| COUNTY OF STANISLAUS, et al., | |
| Defendants. | |

This consolidated case arises from the fatal encounter between minor Decedent Xander Mann ("Mann") and members of the Stanislaus County Sheriff's Department ("SCSD"). The Plaintiffs are the family of Xander Mann (hereafter, "Plaintiffs") and a passenger, Hector del Alto, who was in Mann's vehicle at the time of the encounter (hereafter, "del Alto"). In the Unified Complaint ("UC"), Plaintiffs allege state and federal law claims, including state law claims for violation of the California Constitution, the Bane Act (Cal. Civ. Code § 52.1), assault/battery, negligence, and wrongful death. In addition, del Alto filed a Crossclaim against the Estate of Xander Mann ("the Estate") for negligence. ECF No. 83. Currently before the Court is the Estate's Motion to Dismiss that Crossclaim. ECF No. 112. For the reasons that follow, the Estate's Motion is

GRANTED with leave to amend.[1]

## BACKGROUND[2]

In the early morning hours of May 18, 2021, in the City of Modesto, California, then 16-year-old del Alto was a passenger in the rear passenger seat, right side, in a car being driven by Mann.  Three other juveniles were also inside the car.

Sometime after about 1:00 a.m., SCSD Deputy Jesse Tovar ("Tovar") effected a traffic stop of the vehicle for a minor, non-threatening traffic offense.  After initially complying with Tovar's commands, Mann drove the car away in disobedience of Tovar's orders.  Tovar returned to his patrol car and commenced a vehicle pursuit that lasted about 20 minutes.  During the pursuit, Tovar and others purportedly broadcast information that there were multiple teenagers in Mann's car.  Despite these facts, SCSD deputies allegedly negligently and/or recklessly maintained the pursuit and sought its termination in violation of generally accepted standards and SCSD policies.

At approximately 2:00 a.m., the pursuit came to an end when Mann's vehicle spun-out and came to rest against a curb.  At that point, law enforcement attempted to box-in Mann's vehicle, by positioning patrol cars to the front and rear of his car.  Mann drove his vehicle forward slowly from the curb, towards a gap between the patrol vehicles and away from the patrol vehicles.  Mann reached for the ignition key to shut off his vehicle's engine.  At roughly the same time, SCSD Deputy Gerardo Zazueta ("Zazueta"), who had stopped and exited his patrol car nearby, fired multiple rounds into Mann's vehicle.  The rounds entered through the driver's side window of Mann's car.  One or more rounds struck Mann in the head, rendering him immediately unconscious.  Mann succumbed to his injuries a few days later.  Another round struck Hector del Alto in

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs.  See E.D. Cal. Local R. 230(g).

[2] The following facts are taken, primarily verbatim, from del Alto's Crossclaim.

the head, seriously injuring him.

Zazueta's claimed justification for the shooting was that Zazueta was standing in front of Decedent Mann's vehicle as it allegedly drove towards Zazueta, thus putting Zazueta in fear of great bodily injury or death.

## STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6),[3] all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and

---

[3] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."  Id. (citing Wright & Miller, supra, at 94, 95).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  Id.  However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

   A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment."  Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

**ANALYSIS**[4]

According to del Alto's Crossclaim against the Estate, "[i]n disobeying the police commands and causing a police pursuit, and then in moving his vehicle forward from the curb, Decedent Mann negligently and/or recklessly provoked a police shooting that caused injury to Hector del Alto." ECF No. 83, ¶ 12. Del Alto thus contends that "[he] is entitled to recover compensatory damages from [the Estate] proximately caused by Decedent Mann's negligence." Id.

To successfully state a claim for negligence under California law, del Alto must allege the existence of "a legal duty to use due care, a breach of such legal duty, and the breach as the proximate or legal cause of the resulting injury." Steinle v. United States, 17 F.4th 819, 822 (9th Cir. 2021) (quoting Vasilenko v. Grace Fam. Church, 3 Cal. 5th 1077, 1083 (2017) (internal quotation marks omitted). "The required element of legal causation has two components: 'cause in fact and proximate cause.'" Id. (quoting S. Coast Framing, Inc. v. Workers' Comp. Appeals Bd., 61 Cal. 4th 291, 298 (9th Cir. 2015). Mann seeks dismissal of del Alto's claims for failure to adequately plead that Mann owed del Alto a duty of care or that he was the proximate cause of del Alto's injuries at the hands of Zazueta. The Court agrees with Mann as to causation and thus does not address the duty element.

> Although causation often presents a question of fact for the jury, where the facts are such that the only reasonable conclusion is an absence of causation, the question is one of law, not of fact. Because the factual causes of an event may be traced far into the past, the law imposes additional limitations on liability. Those additional limitations relate not only to the degree of connection between the conduct and the injury, but also to public policy. The doctrine can bar liability even when the defendant's conduct is a factual cause of harm, depending on the manner in which the injury occurred or the extent to which the ultimate harm is attenuated from the breach of duty alleged.

---

[4] To reiterate, the standard for reviewing a claim under a Rule 12(b)(6) challenge requires the Court to accept the allegations in the Crossclaim as true and to construe them in favor of the non-moving party. Accordingly, nothing in the Court's analysis should be construed as a factual finding binding on any of the parties going forward.

1     Id.

2         "Concerning foreseeability of harm, a defendant's conduct may be held not to be a legal cause of harm to another where after the event and looking back from the harm to the actor's negligent conduct, it appears to the court highly extraordinary that it should have brought about the harm." Novak v. Continental Tire North America, 22 Cal. App. 5th 189, 197 (2018) (internal quotation marks and citations omitted). "For liability to attach, there must be some reasonable connection between the original negligence and its consequences, between the harm threatened and the harm done." Id. (internal quotation marks and citations omitted). "Proximate cause analysis is also concerned with intervening forces operating independent of defendant's conduct." Id.

        In this case, Mann moves to dismiss del Alto's negligence cause of action on the basis that the allegations as pled indicate that Zazueta's use of deadly force was excessive as a matter of law and thus constitutes an unforeseeable intervening act cutting off the chain of causation. Indeed, according to the Crossclaim, at the time Zazueta encountered the juveniles they were still in the car, Mann was driving slowly away from a curb and had reached up toward the ignition to turn off his vehicle, and Zazueta nonetheless stepped out of his vehicle and inexplicably started shooting without provocation. According to del Alto's facts, there appears to be no justification for Zazueta's conduct, which would thus arise to an unconstitutional use of excessive force.[5]

        Courts are loathe to hold that an officer's use of <u>excessive</u> force is a foreseeable

---

[5] There is no other way to construe the minimal facts set forth in del Alto's Crossclaim. Del Alto alleges that the chase had ended, no one in the car posed a threat, Mann moved the car forward slowly, and he then started to remove the keys from the vehicle. Given these allegations, there is simply no justification for the use of deadly force, yet Zazueta purportedly exited his vehicle and opened fire without hesitation into a car full of juveniles. The fact that del Alto includes an allegation detailing what Zazueta claims were his reasons for the shooting is irrelevant. Del Alto clearly alleges that Zazueta was wrong in his assessment of the facts and there are no allegations to explain why Zazueta's assessment was nonetheless reasonable. The standard for determining whether a use of force exceeded the limits imposed by the Constitution turns on what a <u>reasonable</u> officer would have done, not on what the particular officer on the scene believed happened. See Graham v. Connor, 490 U.S. 386, (1989) ("The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."). Absent allegations leading to the conclusion that Zazueta's conduct was somehow objectively reasonable, the only conclusion that may be drawn from the Crossclaim is that Zazueta violated the Fourth Amendment.

consequence of a citizen's actions and they instead hold that such unconstitutional conduct operates as an intervening force terminating the chain of causation.  See, e.g., Estate of Lopez ex rel. Lopez v. Torres, 105 F. Supp. 3d 1148, 1158 (S.D. Cal. 2015) (officer did not proximately cause the shooting of decedent when he called in a SWAT team that employed unconstitutional force when attempting arrest); Willis v. Mullins, Case No. 1:04-CV-6542 AWI BAM, 2017 WL 4960223, *8 (E.D. Cal. 2017) ("The independent and unexpected actions of other police officers work to breach the chain of causation."); Adams v. Speers, Case No. CV-F-02-5741 LJO, 2004 WL 5567292, at *19 (E.D. Cal. 2004) ("[Officer's] firearm discharge and [decedent's] resulting death . . . were not foreseeable . . . and constitute superseding, intervening acts.").  This Court agrees.

While the refusal to obey orders or the engaging in any act that may warrant a police seizure could certainly foreseeably result in an officer's constitutional use of force, it is not foreseeable that an officer would use an unconstitutional level of force—i.e., discharging a firearm immediately upon encountering juvenile suspects who have been boxed in by officers and are attempting to turn off the ignition of a car—to effectuate such a seizure.  Del Alto has pointed the Court to no authority to the contrary, nor has the Court located any.  Accordingly, the Court concludes that del Alto has insufficiently pled that Mann was the proximate cause of the shooting by Zazueta.

## CONCLUSION

For the reasons just stated, the Estate's Motion to Dismiss (ECF No. 112) is GRANTED with leave to amend.[6]  Not later than twenty (20) days following the date this

---

[6] The Court is skeptical that del Alto will be able to sufficiently amend his Crossclaim to state a claim since he continues to expressly disavow Zazueta version of events.  See Opp., ECF No. 115, at 4 n.1 ("Plaintiff / Cross-Complainant contends that Zazueta was not in danger as he claims when Zazueta shot, because Zazueta was off on the driver's side of Mann's car and thus would have known the car was not coming towards him when it rolled forward from the curb."); see also Adams, 2004 WL 5567292, at *19 ("[The plaintiffs] for section 1983 purposes, characterize [the officer] as a reckless, rogue cop yet claim for purposes of their negligence claims against the County that his actions were foreseeable.  Such inconsistency is irreconcilable for purposes of defendants' motions at hand.").  Nonetheless, in an abundance of caution, the Court will permit leave to amend.

Memorandum and Order is electronically filed, del Alto may, but is not required to, file an amended crossclaim.  If no amended crossclaim is timely filed, the cause of action dismissed by virtue of this Memorandum and Order will be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated:  January 23, 2024

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE