UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF XANDER MANN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>    Defendants. | No. 1:21-cv-01098-DC-JDP<br><br>ORDER DENYING CROSS DEFENDANT ESTATE OF XANDER MANN'S MOTION TO DISMISS CROSS CLAIMANT HECTOR DEL ALTO'S FIRST AMENDED CROSS-CLAIM<br><br>(Doc. No. 122) |
| HECTOR DEL ALTO,<br><br>    Cross Claimant,<br><br>    v.<br><br>ESTATE OF XANDER MANN,<br><br>    Cross Defendants. | |

This matter is before the court on Cross Defendant Estate of Xander Mann's motion to dismiss Cross Claimant Hector del Alto's first amended crossclaim. (Doc. No. 122) The pending motion was taken under submission to be decided on the papers pursuant to Local Rule 230(g). (Doc. No. 123.) For the reasons explained below, the court will deny the pending motion to dismiss.

/////

1

**BACKGROUND**

This case arises from a traffic stop of a car in which Defendant Sheriff Deputy Gerardo Zazueta fired gunshots into a car, killing the 16-year-old driver Xander Mann ("Decedent Mann"), and striking 16-year-old Plaintiff and Cross Claimant Hector del Alto ("Cross Claimant"). (Doc. No. 82 at 2, 4.)

On February 16, 2023, Plaintiffs the Estate of Xander Mann ("the Estate"), Amy Pickering (the Decedent's mother), Justin Mann (the Decedent's father), and Cross Claimant filed a consolidated unified complaint bringing claims against Defendants Zazueta, Sheriff Jeff Dirske, County of Stanislaus, and the Stanislaus County Sheriff's Department. (Doc. No. 82.)[1]

On February 23, 2023, Cross Claimant filed a crossclaim asserting two claims: negligence against the Estate, and statutory liability pursuant to California Vehicle Code section 17150 against Defendant Does 1–2 (whom Cross Claimant describes as "the registered owners of the vehicle Decedent Mann was driving on May 18, 2021"). (Doc. No. 83 at ¶¶ 6, 12, 14.) The crux of the crossclaim was that "Decedent Mann negligently and/or recklessly provoked a police shooting that caused injury" to him. (*Id.* at ¶ 12.) The Estate filed a motion to dismiss the crossclaim, which the court granted with leave to amend on January 24, 2024. (Doc. Nos. 112, 120.) Specifically, the court concluded that Cross Claimant had "insufficiently pled that [Decedent] Mann was the proximate cause of the shooting by [Defendant] Zazueta," and thus Cross Claimant failed to state a cognizable negligence claim under California law. (Doc. No. 120 at 5–7.)

On February 13, 2024, Cross Claimant filed the operative first amended crossclaim, in which he brings the same two claims: a negligence claim against the Estate, and a claim for recovery under California Vehicle Code section 17150 against Does 1–2. (Doc. No. 121.) Therein, Cross Claimant alleges the following facts.

In the early morning on May 18, 2021, in Modesto, California, then-16-year-old Cross Claimant and three other juveniles were passengers in a car being driven by Decedent Mann.

---

[1] Plaintiff Estate of Xander Mann is the legal successor to decedent Xander Mann. (Doc. No. 121 at ¶ 4.)

2

1   (Doc. No. 121 at ¶ 7.) Sometime after 1:00 a.m., Stanislaus County Sheriff's Department Deputy
2   Jesse Tovar ("Tovar") effected a traffic stop of the vehicle for a minor, non-threatening traffic
3   offense. (*Id*. at ¶ 8.) After initially complying with Tovar's commands, Decedent Mann then
4   drove the car away in disobedience of Tovar's orders. (*Id*.) Tovar returned to his patrol car and
5   engaged in a vehicle pursuit that lasted about 20 minutes. (*Id*.)

6   At about 2:00 a.m., the vehicle pursuit came to an end when Decedent Mann's vehicle
7   spun out and came to rest against a curb. (*Id*. at ¶ 9.) Law enforcement patrol vehicles attempted
8   to box in Decedent Mann's vehicle by positioning patrol cars to the front and rear of his vehicle.
9   (*Id*.) In response, Decedent Mann drove his vehicle forward from the curb, towards a gap between
10  the patrol vehicles in the front and away from the patrol vehicles in the rear. (*Id*.) Decedent Mann
11  then reached for the ignition key to shut off his vehicle's engine. (*Id*.) At about the same time,
12  Defendant Zazueta exited his patrol car near Decedent Mann's vehicle and fired multiple gunshot
13  rounds into the vehicle, striking both Decedent Mann and Cross Claimant. (*Id.*) Cross Claimant
14  and Decedent Mann sustained serious injuries from the shooting, and Decedent Mann died from
15  his injuries a few days later. (*Id*.)

16  With regard to where Defendant Zazueta was positioned when he fired those rounds,
17  Cross Claimant alleges "[a]t this point the facts diverge depending on the evidence one
18  considers." (*Id.*) According to Defendant Zazueta's version of the events, "he was reasonably
19  standing in front of Decedent Mann's vehicle when the vehicle began accelerating towards" him.
20  (*Id.*) In contrast, "[a]ccording to physical evidence, including ballistics and the pattern of gunshot
21  injuries," Defendant Zazueta was positioned on the driver's side of the vehicle when he fired the
22  rounds, which entered the vehicle through the driver's side window. (*Id.*)

23  To support his negligence claim, Cross Claimant alleges that assuming the trier of fact
24  credits Defendant Zazueta's account of the shooting, "Decedent Mann negligently and/or
25  recklessly provoked a police shooting that caused injury" to Cross Claimant because Decedent
26  Mann "disobey[ed] the police commands and caus[ed] a police pursuit and then [] accelerat[ed]
27  his vehicle towards [Defendant] Zazueta." (*Id*. at ¶ 11.)

28  On February 27, 2024, the Estate filed the pending motion to dismiss Cross Claimant's

1  negligence claim, the only claim brought against the Estate in the first amended crossclaim. (Doc.
2  No. 122.) On March 12, 2024, Cross Claimant filed an opposition to that motion. (Doc. No. 124.)
3  On March 22, 2024, the Estate filed a reply to Cross Claimant's opposition. (Doc. No. 125.)

**LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A claim may be dismissed for lack of a cognizable legal theory or the absence of sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2) (a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief). A complaint satisfies the plausibility requirement if it contains sufficient facts for the court to "draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). For purposes of a motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). If a court dismisses certain claims, "[l]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)).

**DISCUSSION**

In its motion, the Estate argues Cross Claimant's negligence claim brought against the Estate should be dismissed for several reasons. First, the Estate contends that Cross Claimant's amended pleadings directly contradict his earlier pleading, which the Estate argues is impermissible. (Doc. No. 122-1 at 6–7.) Second, the Estate asserts Cross Claimant's amended

4

1 pleading does not relate back to his earlier pleading. (*Id*. at 7–8.) Third, the Estate argues Cross Claimant still fails to state a cognizable negligence claim because he does not sufficiently allege facts to establish the requisite elements of duty and causation. (*Id*. at 9–13.) The court addresses each argument in turn.

**A.     The First Amended Crossclaim Does Not Impermissibly Contradict the Original Crossclaim**

The Estate argues the allegations in the first amended crossclaim for negligence directly contradicts the allegations in the original crossclaim. (*Id*. at 6–9.) In his original crossclaim, Cross Claimant alleged that when Decedent Mann was driving his vehicle slowly away from the patrol vehicles, Defendant Zazueta exited his patrol car and fired multiple rounds into the driver's side window of Decedent Mann's vehicle. (Doc. No. 83 at ¶ 9.) Cross Claimant also alleged "Zazueta's claimed justification for the shooting was that Zazueta was standing in front of Decedent Mann's vehicle as it allegedly drove towards Zazueta, thus putting Zazueta in fear of great bodily injury or death." (*Id.* at ¶ 10.)

In his first amended crossclaim, Cross Claimant alleges "[a]ccording to physical evidence, including ballistics and the pattern of gunshot injuries," Defendant Zazueta was positioned on the driver's side of the vehicle when he fired rounds through the driver's side window of the vehicle. (Doc. No. 121 at ¶ 9.) Cross Claimant also provides additional allegations in the alternative. Specifically, Cross Claimant alleges that according to Defendant Zazueta's version of the events, "he was reasonably standing in front of Decedent Mann's vehicle when the vehicle began accelerating towards" him, and "[p]erceiving facts that would cause a reasonable officer in [Defendant] Zazueta's position to conclude he faced a credible threat of death or seriously bodily injury if he did not immediately stop Decedent Mann's vehicle, [Defendant] Zazueta fired multiple rounds at the driver Decedent Mann." (*Id.*)

While Cross Claimant's amended allegations diverge from his original pleading, inconsistent allegations are not inherently impermissible. Rather, there is a circuit split on whether a party in a successive pleading may make inconsistent or even contradictory allegations. *See Kanaan v. Yaqub*, No. 21-cv-09591-BLF, 2022 WL 3357834, at *4 (N.D. Cal. Aug. 15,

5

2022) (noting a split in the Ninth Circuit on this topic and acknowledging the "[c]ourt cannot follow both Ninth Circuit lines of cases at the same time."); *see also Cohen v. Suleminian*, No. 21-cv-08597-SSS-AS, 2024 WL 1676845, at *2 (C.D. Cal. Mar. 18, 2024) (finding there is significant intracircuit confusion on whether a successive pleading making contradictory allegations is permitted). Some Ninth Circuit panels have determined "[a] party cannot amend pleadings to directly contradict an earlier assertion made in the same proceeding." *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt.*, 744 F.3d 595, 600 (9th Cir. 2014); *Reddy v. Litton Indus*, 912 F.2d 291, 296–97 (9th Cir. 1990). However, other Ninth Circuit panels have also held "there is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations" and that "other means of redress" are available. *PAE Government Services, Inc. v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2007); *see also Allen v. City of Arcata*, 691 F. App'x 461, 463 (9th Cir. 2017) (recognizing that "nothing in the Federal Rules of Civil Procedure prohibits inconsistent pleadings.").

A substantial number of district courts have "elect[ed] to follow the *PAE* line of cases" finding them "more consistent with the Ninth Circuit's liberal policy favoring amendment." *Maude v. Barboza*, No. 22-cv-03405-HSG, 2023 WL 4089340, at *2 (N.D. Cal. Jun. 20, 2023) (citing *Kanan*, 2022 WL 3357834, at *4 (collecting cases)); *see CardStarter, Ltd. V. SundaeSwap, Inc.*, No. 22-cv-00757-RS, 2022 WL 5221497, at *3–4 (N.D. Cal. Oct. 5, 2022) (adopting *PAE*'s holding "in the absence of clearer direction from the Ninth Circuit"); *Grabowski v. Ariz. Bd. of Regents*, No. 19-cv-00460-TUC-SHR, 2024 WL 149756, at *4, n. 3 (D. Ariz. Jan. 12, 2024) (following *PAE* and finding that in an abundance of caution, the court would consider and allow inconsistent allegations). Having considered these decisions, the court will also elect to follow the *PAE* line of cases. Thus, the court rejects the Estate's argument that Cross Claimant's negligence claim should be dismissed based on Cross Claimant's inconsistent and/or contradictory allegations.

The court is mindful, however, that the liberal pleading policy underlying the *PAE* line of cases is not unlimited. *See Total Coverage, Inc. v. Cendant Settlement Servs. Grp., Inc.*, 252 F.

1   App'x 123, 126 (9th Cir. 2007) (explaining that the "liberal pleading policy has its limits," and "a
2   pleader may assert contradictory statements of fact only when legitimately in doubt about the
3   facts in question") (quoting *Am. Int'l. Adjustment Co. v. Galvin*, 86 F.3d 1455, 1461 (7th Cir.
4   1996)). Here, the court previously expressed skepticism that Cross Claimant would be able to
5   amend his crossclaim to sufficiently allege Decedent Mann proximately caused Cross Claimant's
6   injuries because, in his opposition to the prior motion to dismiss, he "expressly disavow[ed]
7   Zazueta['s] version of events" and contended that Defendant Zazueta was positioned on the
8   driver's side of the vehicle, not standing in front of it. (Doc. No. 120 at 7, n. 6.) Now, Cross
9   Claimant does not disavow Defendant Zazueta's version of events but acknowledges that "[t]he
10  facts diverge depending on the evidence one considers" and adds allegations based on the account
11  given by Defendant Zazueta. Thus, based on these additional allegations, Cross Claimant has
12  raised doubts about the facts in question, and at this stage of the litigation, he is entitled to allege
13  contradictory statements of fact. *See PAE Gov't Servs.*, 514 F.3d at 858 (emphasizing that "the
14  Federal Rules of Civil Procedure do not authorize a district court to adjudicate claims on the
15  merits at this early stage in the proceedings; the court may only review claims for legal
16  sufficiency").

**B.     The First Amended Crossclaim Does Not Relate Back to His Original Crossclaim**

18          The Estate next argues that even if Cross Claimant is permitted to allege contradictory
19  facts from his earlier pleading, those facts do not relate back to his earlier pleading and are barred
20  by the applicable two-year statute of limitations.[2] (Doc. No. 122-1 at 7.) Specifically, the Estate
21  argues Cross Claimant's amended pleading containing different facts was filed more than two
22  years after Decedent Mann's alleged negligence, and "a new legal theory depending on different
23  facts" does not relate back under Rule 15(c). (*Id.* at 8–9) (citing *Williams v. Boeing Co.*, 517 F.3d
24  1120, 1133 (9th Cir. 2008)).
25          Under Federal Rule of Civil Procedure 15(c)(1), "amendments made after the statute of

---

[2] "California has a two-year statute of limitations for actions involving 'assault, battery, or injury' caused by the wrongful act or neglect of another." *Lockett v. City of Los Angeles*, 977 F.3d 737, 739 (2020) (citing Cal. Code Civ. Proc. § 335.1).

7

1   limitations has run may 'relate back' to the date of the original pleading when the amended
2   pleading arises 'out of the conduct, transaction, or occurrence set out—or attempted to be set
3   out—in the original pleading.'" *Hebner v. McGrath*, 543 F.3d 1133, 1137–38 (9th Cir. 2008)
4   (quoting Fed. R. Civ. P. 15(c)(1)). Here, Cross Claimant's allegations in his first amended
5   crossclaim arise from the same occurrence as set forth in his original pleading. Cross Claimant
6   does not seek to add a new claim against the Estate but instead seeks to allege additional facts to
7   support his negligence claim. Under both federal and California law, for an amended pleading to
8   relate back to the original, the critical inquiry is whether the defendant had adequate notice of the
9   claim based on the original pleading. *Asarco, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004
10  (9th Cir. 2014); *Pointe San Diego Residential Cmty, L.P. v. Procopio, Cory, Hargreaves &*
11  *Savitch, LLP*, 195 Cal. App. 4th 265, 276 (2011); *see Garrison v. Bd. of Dirs.*, 36 Cal. App. 4th
12  1670, 1679 (1995) (finding that the policy behind California's relation back doctrine is to "put
13  defendants on notice of the need to defend against a claim in time to prepare a fair defense on the
14  merits."). Here, the Estate had adequate notice of Cross Claimant's negligence claim from the
15  original pleading, which was served well within the applicable statute of limitations.
16          Even if Cross Claimant's first amended crossclaim did not arise out of the same
17  occurrence as set forth in his original pleading, the court finds Cross Claimant has sufficiently
18  alleged his amended negligence claim was tolled under California Code of Civil Procedure
19  section 352(a). Under section 352(a), the statute of limitations does not start running for a minor's
20  claims until the minor reaches the age of majority, beginning the day after the minor's eighteenth
21  birthday. *In re Mackey*, No. 23-cv-00337-JAH-MSB, 2024 WL 5188046, at *6 (S.D. Cal. Dec.
22  20, 2024) (citing *Shalabi v. City of Fontana*, 11 Cal.5th 842, 856 (2021)). The Estate argues
23  tolling under section 352(a) should not occur because Cross Claimant did not invoke tolling under
24  section 352(a) in his pleading. (Doc. No. 125 at 4.) However, at this stage in the case, Cross
25  Claimant need not prove that he is entitled to tolling. Rather, "[w]hen a motion to dismiss is based
26  on the running of the statute of limitations, it can be granted only if the assertions of the
27  complaint, read with the required liberality, would not permit the plaintiff to prove that the statute
28  was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1979). In his first amended

1    crossclaim, Cross Claimant alleges that on the date the incident occurred, May 18, 2021, he was
2    sixteen years old. (Doc. No. 121 at ¶ 7.) Thus, Cross Claimant has pleaded facts showing that he
3    may be entitled to tolling of his negligence claim.
4        The court next turns to the Estate's contention Cross Claimant fails to state a cognizable
5    negligence claim.

6    **C.    The First Amended Crossclaim Sufficiently Alleges a Negligence Claim**

7        The Estate contends Cross Claimant's negligence claim should be dismissed because he
8    has not sufficiently alleged Decedent Mann had a legal duty toward him or that Decedent Mann's
9    actions were the proximate cause of his injury. (Doc. No. 122-1 at 5–13.)
10       "To establish a cause of action for negligence, the plaintiff must show that the 'defendant
11   had a duty to use due care, that [the defendant] breached that duty, and that the breach was the
12   proximate or legal cause of the resulting injury.'" *Brown v. USA Taekwondo*, 11 Cal. 5th 204, 213
13   (2021) (quoting *Nally v. Grace Community Church*, 47 Cal. 3d 278, 292 (1988)).

14       1.    Duty

15       There is a "statutory presumption of duty" in California. *Modisette v. Apple Inc.*, 30 Cal.
16   App. 5th 136, 144 (2018). Pursuant to California Civil Code section 1714(a), "[e]veryone is
17   responsible, not only for the result of his or her willful acts, but also for an injury occasioned to
18   another by his or her want of ordinary care or skill in the management of his or her . . . person,
19   except so far as the latter has, willfully or by want of ordinary care, brought the injury upon
20   himself or herself." To determine whether a defendant owes a plaintiff a duty of care under
21   section 1714(a), courts undertake a two-step inquiry. *Doe v. Uber Techs., Inc.*, No. 22-16562,
22   2025 WL 80365, at *4 (9th Cir. Jan. 13, 2025). First, courts determine "whether the defendant's
23   'entire conduct created a risk of harm' to the plaintiff." *Kuciemba v. Victory Woodworks, Inc.*, 14
24   Cal. 5th 993, 1017 (2023) (quoting *Brown*, 11 Cal. 5th at 215, n.6). Courts then ask whether the
25   resulting duty ought to be narrowed or excepted based upon an analysis of the factors set forth in
26   *Rowland v. Christian*, 69 Cal. 2d 108 (1968). *Kuciemba*, 14 Cal. 5th at 1021. The *Rowland*
27   factors include:
28       (1) the foreseeability of harm to the plaintiff; (2) the degree of

> certainty that the plaintiff suffered harm; (3) the closeness of the connection between the defendant's conduct and the injury suffered; (4) the moral blame attached to the defendant's conduct; (5) the policy of preventing future harm; (6) the extent of the burden to the defendant; (7) the consequences to the community of imposing a duty to exercise care with resulting potential liability for breach of that duty; and (8) the availability, cost, and prevalence of insurance for the risk involved.

69 Cal. 2d at 113. Courts often sort the *Rowland* factors into two different categories based on their focus, with the first three "addressing foreseeability and related concepts and the [other five] addressing public policy considerations." *Kuciemba*, 14 Cal. 5th at 1021–22. "[T]he *Rowland* factors are evaluated at a relatively broad level of factual generality. Thus, as to foreseeability, . . . the court's task in determining duty 'is not to decide whether a particular plaintiff's injury was reasonably foreseeable in light of a particular defendant's conduct, but rather to evaluate more generally whether the category of negligent conduct at issue is sufficiently likely to result in the kind of harm experienced that liability may appropriately be imposed.'" *Cabral v. Ralphs Grocery Co.*, 51 Cal. 4th 764, 772 (2011) (citing *Ballard v. Uribe*, 41 Cal. 3d 564, 572–73, n. 6 (1986)).

The Estate argues Decedent Mann had no duty toward Cross Claimant under section 1714(a) because he had no duty to control Defendant Zazueta's conduct. (Doc. No. 122-1 at 9.) In general, when an injury to a plaintiff was caused by a third party, a defendant generally "owes no duty to control the conduct of [the third party], nor to warn those endangered by such conduct." *Regents of Univ. of Cal. v. Superior Ct.*, 4 Cal. 5th 607, 619 (2018) (quoting *Davidson v. City of Westminster*, 32 Cal.3d 197, 203 (1982)). However, a duty can arise "based upon [a] claim that [the defendant's] affirmative conduct itself . . . placed plaintiffs in a dangerous position and created a serious risk of harm to which they otherwise would not have been exposed." *Lugtu v. Cal. Highway Patrol*, 26 Cal. 4th 703, 717 (2001); *Kuciemba*, 14 Cal. 5th at 1017–18.

Here, Cross Claimant alleges Decedent Mann's affirmative conduct—disobeying police commands, causing a police pursuit, and accelerating his vehicle towards Defendant Zazueta—created or contributed to the risk of injury that he otherwise would not have faced. (Doc. No. 121 at ¶ 11.) Based on Cross Claimant's allegations, the injury he suffered from being shot by a third

10

1  party (Defendant Zazueta), would simply not have occurred but for Decedent Mann's conduct.
2  *Cf. Regents*, 4 Cal. 5th at 617 (finding section 1714's default rule of duty did not apply because
3  the university did not create or contribute to the risk of a stabbing from a third-party); *Brown*, 11
4  Cal. 5th at 210 (finding section 1714's default rule of duty did not apply because a sport
5  governing body's organization of youth sporting events in itself did not create or contribute to the
6  risk of sexual abuse from a third-party attending the event). Thus, the court finds Cross Claimant
7  sufficiently alleges that Decedent Mann's conduct created a serious risk of harm to Cross
8  Claimant and consequently, that Decedent Mann owed a duty of care to Cross Claimant.

9      As to whether that duty should be narrowed or excepted due to compelling policy
10 considerations, the court next considers the *Rowland* factors. The Estate argues Cross Claimant's
11 injury was not a foreseeable consequence of Decedent Mann's actions under the first (the
12 foreseeability of harm to the plaintiff) and third (the closeness of the connection between the
13 defendant's conduct and the injury suffered) *Rowland* factors because Defendant Zazueta was
14 informed that there were multiple teenagers in Decedent Mann's car and "Mann's actions did not
15 involve the use of a firearm." (Doc. No. 122-1 at 9–10.)[3]

16     The court finds the Estate's argument unpersuasive. It is foreseeable that a vehicle
17 accelerating toward a police officer could cause a police officer to fire his weapon in response.
18 *See Rico v. Cnty. of San Diego*, No. 09-cv-02684-BTM-WVG, 2013 WL 3149480, at *7–8 (S.D.
19 Cal. Jun. 18, 2023) (collecting cases noting that the use of a deadly force by an officer is
20 reasonable in cases where the officer was standing in the path of an oncoming vehicle). Likewise,
21 it is foreseeable that a police officer's firing of his weapon at an oncoming vehicle would result in
22 injury. Thus, the court finds consideration of the *Rowland* foreseeability factors do not show that
23 Decedent Mann's legal duty toward Cross Claimant ought to be narrowed or excepted.

24     The court next considers the *Rowland* factors concerning public policy. In its motion,

---

[3] The Estate contends it is not necessary to analyze the second *Rowland* factor, the degree of certainty that the plaintiff suffered harm. (Doc. No. 122-1 at 10.) The court agrees, the second *Rowland* factor "has been noted primarily, if not exclusively, when the only claimed injury is an intangible harm such as emotional distress." *Kesner v. Superior Court*, 1 Cal. 5th 1132, 1148 (2016) (citing *Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 421 (1992)). As Cross Claimant was physically injured, it is not necessary to analyze the second *Rowland* factor.

the Estate acknowledges that some moral blame (factor four) is attributable to Decedent Mann, "based on his vehicular flight from the police" (Doc. No. 122-1 at 11.) The Estate then concedes *Rowland* factors five (the policy of preventing future harm) and six (the extent of the burden to the defendant) are not relevant to this action because Decedent Mann died from the shooting. (*Id.*) As to *Rowland* factor eight (the availability, cost, and prevalence of insurance for the risk involved), the Estate asserts it is not aware of any available insurance to protect against the harm at issue in this case. (*Id.*) Lastly, the Estate does not address *Rowland* factor seven, the consequences to the community of imposing a duty to exercise care with resulting potential liability for breach of that duty. Having reviewed the *Rowland* factors concerning public policy the court finds the Estate has not demonstrated in its motion that a narrowing or exception to Decedent Mann's duty of care is warranted.

Accordingly, at this stage of the litigation, the court finds Cross Claimant has sufficiently pled Decedent Mann had a duty to use due care toward him.

### 2. Causation

Lastly, the Estate contends Cross Claimant's allegations fall short of alleging Decedent Mann's actions proximately caused Cross Claimant's injury. (Doc. No. 122-1 at 11–13.) "Proximate cause 'limits the defendant's liability to those foreseeable consequences that the defendant's negligence was a substantial factor in producing.'" *Ileto v. Glock Inc.*, 349 F.3d 1191, 1206 (9th Cir. 2003) (quoting *Mendoza v. City of Los Angeles*, 66 Cal. App. 4th 1333, 1342)). Whether an intervening act of a third-party amounts to a "'superseding cause' relieving the negligent defendant of liability" depends on whether the third party's conduct was reasonably foreseeable. *Ileto*, 349 F.3d at 1206 (quoting *Landeros v. Flood*, 17 Cal. 3d 399, 411 (2003)).

Here, the Estate asserts Defendant Zazueta's purported deadly force served as an intervening act that broke the chain of causation. (Doc. No. 122-1 at 12–13.) As discussed above, the court finds Cross Claimant's inconsistent allegations are permissible and based on those allegations of Defendant Zazueta's position in front of Decedent Mann's vehicle, it was foreseeable that Decedent Mann's purported acceleration of his vehicle toward Defendant Zazueta could result in Cross Claimant's injury. A reasonable jury could conclude based on Cross

Claimant's amended allegations that Decedent Mann proximately caused his injury.

Accordingly, the court finds Cross Claimant has sufficiently alleged a negligence claim against the Estate.

## CONCLUSION

For the reasons explained above:

1. Cross Defendant Estate of Xander Mann's motion to dismiss Cross Claimant Hector del Alto's first amended crossclaim (Doc. No. 122) is DENIED; and

2. Within twenty-one (21) days from the date of entry of this order, Cross Defendant Estate of Xander Mann shall file an answer to Cross Claimant Hector del Alto's first amended crossclaim.

IT IS SO ORDERED.

Dated: __**March 31, 2025**__  _____
Dena Coggins
United States District Judge

13